UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 06-19 (EGS) |
| | : | |
| AKUBE NDOROMO | : | |

**EMERGENCY MOTION TO RECONSIDER
CONDITIONS OF RELEASE IN THIS CASE**

Akube Ndoromo, by his attorney, David W. Bos, Assistant Federal Public Defender, respectfully moves this Honorable Court to re-consider the conditions of release set in this case. In support of this Motion, the Defendant, through undersigned counsel, states as follows:

1. On February 3, 2004, the Defendant was arrested in connection with the instant indictment at his residence at 404 Greenlawn Drive, Hyattsville, Md., Apt. 300.

2. Later that day, the Defendant was arraigned in Magistrate Court. Because this was the Defendant's fist court appearance in this matter, Magistrate Kay set conditions of release in this case. The Government requested that the Defendant be released on personal recognizance with the condition that the Defendant 1) contact Pre-trial Services by phone on Mondays and Fridays, 2) live at the Hyattsville address, 3) stay within a 50 mile radius of the Washington, DC area, 4) surrender his passport and 5) not be re-arrested. The Defendant did not object to the conditions of release requested by the Government and Judge Kay imposed the conditions of release requested by the Government. Because a next court date had not been set, the parties requested Magistrate Judge Kay to set a control date of February 17, 2006.

3. On February 6, 2006, the Defendant, as directed, surrendered his passport to the Prre-Trial Services Agency. Moreover, according to the Pre-trial Services Agency, the Defendant has called in each Monday and Friday and has been in compliance with his conditions of release.

4. On February 7, 2006, the Pre-trial Services Agency notified the Defendant by mail that this Court had scheduled a status hearing for February 16, 2006, at 10:00.

5. On February 16, 2006, the Defendant appeared promptly for the 10:00 hearing. At the conclusion of the hearing, the Court asked counsel for the Defendant if the Defendant was in compliance with his release conditions. Counsel informed the Court that the Defendant was in compliance with his conditions of release. The Court then observed that the Defendant's Hyattsville address had not been verified. Counsel explained that the Defendant had been arrested at the Hyattsville address and that, in essence, the address had been verified. The Government confirmed counsel's representation. Not satisfied with these representations or that the Defendant had appeared as directed by the notice from the Pre-trial Services Agency for the February 16, 2006, status hearing, the Court <u>sua sponte</u> stepped back the Defendant because his address had not been verified. Counsel asked the Court to recall the case a 2:00 p.m. to allow counsel to obtain the necessary verification.

After the hearing, counsel for the Defendant contacted Pre-trial Services Agency and learned that there had been no condition of release requiring the Defendant to verify his address, and that the Defendant had indeed been in complete compliance with his conditions of release.

When he returned to the office, counsel for the Defendant received a call from the Court indicating that the Court had <u>sua sponte</u> cancelled the 2:00 hearing, that the Defendant would be removed from the courthouse and sent to the D.C. Jail before the previously scheduled 2:00

hearing, and that if counsel wanted to have the Court reconsider the Defendant's bond status, counsel should file a written motion. Counsel was also informed that the Court would not entertain the motion until after February 21, 2006, after the Defendant spent nearly a week in custody.

6. Although 18 U.S.C. §3148 authorizes the Court to revoke a defendant's release under certain well defined circumstances and after making required legal findings, none of those circumstance apply in this case. As noted above, the Defendant is in complete compliance with this conditions of release. The Court apparently erroneously believed that the Defendant was in violation of his conditions of release because he had not verified his address with the Pre-trial Services Agency. As the attached order clearly indicates, however, Judge Kay *never required* the Defendant to verify his address, which is not surprising since the Government did not ask for the condition, the Defendant had no prior arrests or convictions and the Defendant was arrested at the address which he told the Pre-trial Services Agency he intended to live if released by Judge Kay.

7. The Defendant therefore requests the Court to immediately modify the Defendant's conditions of release and place the Defendant on the conditions of release imposed by Judge Kaye. Alternatively, the Defendant requests the Court to certify the case to Magistrate Judge Kay to allow counsel for the Defendant to provide verification of the Defendant's address to Judge Kay and the Pre-trial Services Agency.

WHEREFORE, the Defendant respectfully requests that the Court set condition of release in this case.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
David W. Bos
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC 20004
(202) 208-7500