UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **Criminal No. 06-19 (EGS)** |
| : | |
| **AKIUBER NDOROMO JAMES,** : | |
| aka **AKUBE WUROMONI NDOROMO,** : | |
| and **VOICE OF SOCIAL CONCERN ASSOCIATION, INC.,** : | |
| : | |
| **Defendants.** : | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO
RECONSIDER THE DEFENDANT'S CONDITIONS OF RELEASE**

At the hearing on February 16, 2006, the Court noted that information provided by the defendant that was contained in the pretrial investigation report had not been confirmed; specifically, the defendant's current place of residence had not been verified. Accordingly, the Court ordered the defendant held without bond until this information could be confirmed. If this confirmation is made and the Court is satisfied with the information provided, the United States

has no objection to the defendant being released under the release conditions imposed by the Magistrate Judge.[1]

                        Respectfully submitted,

                        KENNETH L. WAINSTEIN
                        United States Attorney
                        D.C. Bar # 451058

By: _____
     ROBERT C. BOWMAN
     Assistant United States Attorney
     D.C. Bar # 417176
     555 Fourth Street, NW
     Washington, D.C. 20530
     (202) 353-2877

---

[1] The United States' initial decision as to whether to request the defendant's pretrial detention under the exacting standard of 18 U.S.C. Section 3142, was a difficult one in this case. There are a number of facts which indicate that the defendant is a flight risk, including that the defendant has few current ties to the community, that his immediate family (e.g., mother, wife and children) live in Africa, that he has sent significant amounts of money from his business to his family in Africa and has traveled there on at least a few occasions in recent years, that he recently left his apartment where he had resided for approximately four years and left a note with the apartment management indicating that he may be traveling out of the area. Also, if convicted of the charges in this case, the defendant will be facing significant jail time. We note these facts here to apprise the Court of the information known to the United States.

However, the United States refrained from seeking the defendant's detention in this case after evaluating a number of facts and assessing other less "tangible" considerations regarding the defendant's motivations. We undertook the same assessment at the time that we seized the proceeds of the health care fraud contained in the defendant's bank accounts in December, 2004, and concluded that, although there was a real risk that the defendant might attempt to flee, it was unlikely. Since that time, the defendant has continued to appear at scheduled meetings and for court hearings related to these matters. The defendant has no known criminal record or history of violence. Since the seizure of the fraud proceeds, he does not appear to have access to a significant amount of money, and he has now turned in his United States passport. He was granted United States citizenship, something which he would not forfeit even if convicted in this case, but which he would effectively abandon if he fled this country. Similarly, if he fled, he would also abandon his claim to the approximately one million dollars that were seized from his bank accounts – a claim which, though lacking in merit, he nevertheless has pursued vigorously over the past year. For these and other reasons, the United States does not oppose his release under the conditions set by the Court.