UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal No. 06-19 (EGS) |
| | : |
| AKIUBER NDOROMO JAMES, | : |
| aka AKUBE WUROMONI NDOROMO, | : |
| and VOICE OF SOCIAL CONCERN ASSOCIATION, INC., | : |
| | : |
| Defendants. | : |

**PROTECTIVE ORDER GOVERNING
THE DISCLOSURE OF HEALTH INFORMATION**

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually identifiable health information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority under Fed. R. Crim. P. 16 and with the consent of the parties, ORDERED:

(1) **Production of Health Information by the United States that may be
Subject to the Provisions of 45 C.F.R. §§ 164.102–164.534
or to other Privacy Protections.**

The United States may produce certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number or other identifying number, including a Medicaid beneficiary number) to defendant pursuant to defendant's discovery requests. The information produced may be subject to the provisions of 45 C.F.R. §§ 164.102–164.534 or to other privacy protections, or there may be no waiver by the patient to produce the records to any entity outside the United States. The United States shall produce these documents unredacted to the defendant. The defendant, his counsel and all members of the defense team,

including consultants or "experts" retained by the defendant, may use these documents only for purposes of the litigation, and may disclose them to non-parties to this litigation only as needed for the litigation, and only if the nonparty signs the form of acknowledgment attached to this Order. Within 90 days of the final conclusion of this litigation, defendant shall return the documents containing individually identifiable health information and all copies, as well as all notes, memoranda, summaries, or other documents containing individually identifiable health information, to counsel for the United States, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed.

(2) **Confidential Health Information in Open Court.**

The procedures for use of documents or materials containing individually identifiable health information during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove individual patient identifiers, request the court to submit such documents under seal, code the documents to substitute a numerical or other designation for the patient's name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security and Medicaid numbers associated with the names of individual patients have been removed. No party shall disclose documents or materials containing individually identifiable health information in open Court without prior consideration by the Court.

(3) **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

(4)     **No Ruling on Discoverability Nor Admissibility.** This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

(5)     **Disclosure to Agencies or Departments of the United States.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, documents or materials containing individually identifiable health information relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such documents or materials by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the documents and materials consistent with the terms of this Protective Order.

(6)     **Remedies for Breach of Protective Order:**

Any breach of this Order by either party shall entitle the non-breaching party to seek appropriate remedies and/or sanctions from the Court.

SO ORDERED:

Signed this ___5___ day of ___May___, 2006.

                                                             Emmet G. Sullivan (JP)
                                                             EMMET G. SULLIVAN
                                                             United States District Judge

Copies to:

Robert Bowman, Assistant United States Attorney
Fraud and Public Corruption Section
U.S. Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
202-353-2877

David Boss
Assistant Federal Public Defender
Attorney for Defendant
Federal Public Defender Service
625 Indiana Avenue, NW, Suite 550
Washington, D.C. 20004