UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| : | Criminal No. 1:06-CR-00019-EGS |
| v.   : | |
| : | |
| AKIUBER NDOROMO JAMES, : | |
| : | |
| Defendant   : | |

**JOINT MOTION FOR EXCLUSION OF TIME UNDER SPEEDY TRIAL ACT**

The United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, and the defendant, through his counsel, Reita Pendry, hereby move to exclude time under the Speedy Trial Act. In support of their motion, the parties present the following.

The defendant was arraigned on February 3, 2006. Since that date, upon defense request for additional time, the defendant has knowingly waived his speedy trial rights approximately six times in open court.

Counsel Reita Pendry entered her appearance in this matter on September 29, 2006. Without government opposition, Ms. Pendry requested approximately six months to prepare for trial. The Court set a March 23, 2007 trial date. The defendant again waived his speedy trial rights in open court.

Because adequate preparation for trial cannot reasonably be expected prior to the speedy trial date, selection of a trial date outside the strict time limits of the Act would serve the ends of justice and outweigh the interest of the parties and the public in a speedy trial within the meaning of the Act. The Act directs the Court to consider the following non-exhaustive list of factors when deciding

whether the interests of justice warrant excluding time in selecting a trial date:

> Whether the case is so unusual, or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].

18 U.S.C. § 3161(h)(8)(B)(ii).  In addition, the Court may consider the following:

> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(iv).

The parties submit that the reasons provided above justify exclusion of time under the Act, and they have attached a proposed Order for the Court's convenience.

Respectfully submitted,

JEFFREY A. TAYLOR
Interim United States Attorney

_____

BY:   ROY L. AUSTIN, JR.
Assistant United States Attorney
Fraud & Public Corruption Section
555 4th St., NW
Washington, D.C. 20530
(202) 353-9458

## CERTIFICATE OF SERVICE

I hereby certify that on October _____ , 2006, I caused a copy of the foregoing document to be served by electronic filing upon:

Reita Pendry
P.O. Box 480
Greenbelt, MD 20768

_____
Assistant United States Attorney