IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Cr. No. 06-0019 (ESH) |
| ) | |
| **AKUBE NDOROMO,** ) | |
| ) | |
| **Defendant.** ) | |

## MOTION TO DISMISS INDICTMENT

Akube Ndoromo, through undersigned counsel, respectfully moves the court to dismiss the indictment in this case. As grounds for his Motion, defendant Ndoromo shows the following:

1. On December 22, 2004, agents of the United States Postal Service and others conducted a search of premises occupied by Mr. Ndoromo at 3636 16th Street, N.W., the Woodner Apartment building.

2. Law enforcement agents stormed Mr. Ndoromo's apartment in the early morning hours of December 22, woke him from sleep, took him immediately into custody and forced him to remain standing outside his apartment while they conducted an hours-long search of the premises. Mr. Ndoromo was naked when he was roused from sleep. The agents refused to allow him to put on clothes, even though he was detained in a public hallway of the apartment building during the search.

3. This conduct of the agents in forcing Mr. Ndoromo to stand naked in a public hallway for hours while they conducted a search of his premises was outrageous governmental conduct. Outrageous governmental conduct offends the Due Process Clause of the Fifth Amendment to the United States Constitution. *See, United States v. Rodriguez*, 948 F.2d 914 (5th Cir. 1991);

*United States v. Westmoreland*, 982 F. Supp. 376 (S.D. W.Va. 1997).  In the instant case, the agents' forcing Mr. Ndoromo to stand naked in a public hallway for hours was so outrageous as to constitute a violation of Mr. Ndoromo's Due Process rights.  This court should dismiss the indictment because of this violation of Due Process.  *See*, *Rochin v. California*, 342 U.S. 165 (1952); *United States v. Russell*, 411 U.S. 423, 431-32 (1973).

    4.  Additionally, the indictment in this case must be dismissed because the conduct alleged in the indictment is legally insufficient to support the indictment for health care fraud.  The indictment alleges that as to seven medicaid patients, defendant claimed reimbursement for transportation that was actually not done.  The indictment alleges that defendant competed improperly with other transportation services, though none are named in the indictment nor are the ways and means of improper competition spelled out.  The indictment claims that some of the trips made with the named clients were unauthorized, that is, not previously approved by medicaid authorities.  The trips which are allegedly unauthorized are not spelled out in the indictment.  The indictment contends that Ndoromo defrauded the government of hundreds of thousands of dollars.  Indeed, the government initiated a civil forfeiture proceeding as a companion proceeding to the indictment, in which the government sought forfeiture of over a million dollars in vehicles and cash.  Yet the indictment only spells out fraud in relation to 30 claims out of the thousands of claims submitted by the transportation service.  Moreover, the total amount of fraud claimed by the government in the indictment is $1914.00.

    The general rule is that an indictment must contain the elements of the offense to be charged, and sufficiently apprise the defendant with reasonable certainty of the nature of the accusation against him. *Russell v. United States*, 369 U.S. 749, 763 (1962).  Even if the indictment

follows the language of the statute, it is still deficient if it does not apprise the defendant of the nature of the accusation. *Hamling v. United States,* 418 U.S. 87, 117-18 (1974). The indictment must set forth the manner and means by which the scheme and artifice to defraud operated. It must set forth what the scheme intended to deprive the victim of and how the scheme was to be accomplished. It must say whether the scheme was to defraud of a benefit, items, services or money.

     5. In this case, Ndoromo's indictment does not spell out how the alleged scheme and artifice was to operate, what conduct of Ndoromo's was illegal, and what benefits derived from the conduct. Rather, the government makes broad allegations that funds deposited to Ndoromo's bank accounts and transferred by him to other bank accounts were illegally obtained. The government does not specify which of the funds were illegally obtained, and how the funds were related to the alleged scheme and artifice. The indictment in this case is defective and should be dismissed.

     6. The indictment should be dismissed on another ground, as well. The government alleges that Ndoromo made trips with certain medicaid patients which were not authorized. Additionally, the indictment alleges that Ndoromo submitted claims for reimbursement from medicaid funds for trips not actually made. The documents which Ndoromo would need to respond to these allegations were among the records maintained in Ndoromo's home/office. The last Ndoromo saw of the documents was when the government seized them. Thousands of pages of documents and materials were made available to counsel for Ndoromo through discovery. The bulk of the trip logs and authorizations are missing from the discovery. Without these documents, Mr. Ndoromo cannot demonstrate that transportation was provided as claimed, and that the transportation was authorized.

     7. It is a violation of Due Process for the government to erect impediments to Ndoromo's

defense against the charges in the indictment. Courts have held that the government may not impede a defendant's ability to defend himself. *See*, *e.g.*, *United States v. Watson*, 423 U.S. 411 (1976), holding that pre-arrest delay may entitle a defendant to dismissal of charges against him if the delay impaired his ability to defend himself. In so holding, the Court referred to two cases from this circuit, *United States v. Godfrey*, 358 F.3d 850(D.C. Cir. 1966) and *United States v. Powell*, 352 F.2d 705 (D.C. Cir. 1965). In another context, the Court held that if the government deports witnesses who would have had favorable and material testimony to give on behalf of defendant, and so impedes defendant's ability to defend himself, the Due Process Clause calls for dismissal of the charges. *United States v. Valenzuela-Bernal*, 458 U.S. 858 (1982). *And see*, *United States v. Armijo-Martinez*, 669 F.2d 1131, 1135 (6th Cir. 1982), holding that the government violated the Due Process Clause by deporting defendants' witnesses, interfering with his ability to defend himself. In a more recent case, *U. S. V. McNeal*, 2006 U.S. Dist. LEXIS 12774 (N.D. Ill. 2006), the court held that Due Process is implicated whenever the government deprives an accused of the ability to defend, such as suppressing favorable evidence, *Kyles v. Whitley*, 524 U.S. 419 (1975), failing to turn over the identity of an informant, *Roviaro v. United States*, 353 U.S. 53 (1957), deportation of favorable witnesses, failure to preserve evidence, delay in prosecution. Even in the civil context, courts have held that if defendants have no ability to defend themselves, Due Process is violated. *See, Lacey v. Wing*, 360 F. Supp. 2d 31 (DDC, 2003).

    8. In this case, Ndoromo's ability to defend himself has been compromised by the government's seizure of the very records he would need to show that the trips for which he claimed reimbursement were actually made by his drivers, and that the trips were authorized under medicaid procedures. Because these records are not available, this indictment should be dismissed.

9. The forfeiture count in this indictment must be dismissed under the rationale of *United States v. Bajakajian*, 524 U.S. 321 (1998). In that case, defendant came into the country with money without filing the proper IRS form. The government attempted to take funds well in excess of funds related to the illegality. The Court held that to do so would violate the Constitution. Likewise, in this case the government has alleged in the indictment fraudulent activities leading to enrichment in the amount of $1914.00. Yet the government has seized vehicles and bank accounts worth well in excess of a million dollars. The forfeiture the government seeks is for property and money which far exceeds the alleged fraudulent activity. The forfeiture claim must be dismissed on that additional ground.

WHEREFORE, for these and any other reasons that may become apparent at the hearing on this Motion to Dismiss Indictment, Mr. Ndoromo respectfully requests the court to dismiss the indictment.

Respectfully submitted,

/s/_____
Reita Pendry
D.C. Bar # 327779
Post Office Box 5432
Charlotte, NC 28299
704-532-6232
704-537-7536 facsimile
rpendry@bellsouth.net

## CERTIFICATE OF SERVICE

      I, Reita Pendry, do hereby certify that I have this day served a copy of the foregoing Motion to Dismiss Indictment upon counsel for the United States by electronic service, and by mailing a copy, postage prepaid, addressed to: Roy L. Austin, Esq., Office of the United States Attorney, 555 4th Street, NW, Washington, DC 20530, this 14th day of November, 2006.

_____
Reita Pendry