IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Cr. No. 06-0019 (ESH) |
| ) | |
| **AKUBE NDOROMO,** ) | |
| ) | |
| **Defendant.** ) | |

## MOTION TO SUPPRESS STATEMENTS

Akube Ndoromo, through undersigned counsel, respectfully moves the court to suppress as evidence against him at the trial of this case, any and all statements made by him to or in the presence of law enforcement agents, including agents of the United States Postal Service, on December 22, 2004.  As grounds for his Motion, defendant Ndoromo shows the following:

1. On December 22, 2004, agents of the United States Postal Service and others conducted a search of premises occupied by Mr. Ndoromo at 3636 16th Street, N.W., the Woodner Apartment building.

2. Law enforcement agents stormed Mr. Ndoromo's apartment in the early morning hours of December 22, woke him from sleep, took him immediately into custody and forced him to remain standing outside his apartment while they conducted an hours-long search of the premises.  Mr. Ndoromo was naked when he was roused from sleep.  The agents refused to allow him to put on clothes, even though he was detained in a public hallway of the apartment building during the search.

2. During the search of the premises, he was questioned by agents of the Postal Service. These agents created an atmosphere of coercion and intimidation from the moment of entry into

1

Mr. Ndoromo's premises. It was clear to Mr. Ndoromo that he was not free to leave the premises. Likewise, it was clear to him that he was entirely under the control of the agents. Mr. Ndoromo executed a waiver of rights during questioning by the agents. However, in light of the conduct of the agents and the atmosphere of fear and intimidation created by the agents' conduct, the waiver was not knowing and voluntary.

    3. Mr. Ndoromo did not knowingly and intelligently waive his rights against self-incrimination.

    4. Any and all statements made by Mr. Ndoromo on December 22, 2004, were the product of a coerced waiver of rights and were not voluntary. As such, the statements must be suppressed.

    5. Any waiver of constitutional rights must be knowing and voluntary. The question for the court is whether Mr. Ndoromo's will was overborne by conduct of the agents conducting the interrogation. *Johnston v. Zerbst*, 304 U.S. 458 (1938). The agents conduct in forcing Mr. Ndoromo to stand naked in a public hallway while they conducted a search of his premises was calculated to humiliate and demean him. The conduct was further calculated to place Mr. Ndoromo entirely under the agents' domination. In this setting of fear and intimidation, Mr. Ndoromo's will was overborne and he answered questions put to him by the agents because he feared the agents and feared the consequences if he refused to answer their questions. The statements made on December 22, 2004 were the product of an involuntary waiver of Mr. Ndoromo's rights under the Fifth Amendment of the United States Constitution not to incriminate himself. The statements were the product of coercion and duress. As such, this court should suppress the statements.

     6.  This conduct of the agents in forcing Mr. Ndoromo to stand naked in a public hallway for hours while they conducted a search of his premises was outrageous governmental conduct. Outrageous governmental conduct offends the Due Process Clause of the Fifth Amendment to the United States Constitution.  *See, United States v. Rodriguez*, 948 F.2d 914 (5th Cir. 1991); *United States v. Westmoreland, 982 F. Supp. 376 (S.D. W.Va. 1997).*  In the instant case, the agents' forcing Mr. Ndoromo to stand naked in a public hallway for hours was so outrageous as to constitute a violation of Mr. Ndoromo's Due Process rights.  This court should suppress the statements made on December 22, 2004, because of this violation of Due Process.  *See*, *Rochin v. California*, 342 U.S. 165 (1952); *United States v. Russell*, 411 U.S. 423, 431-32 (1973).

     For these reasons, and any others that may appear upon a hearing on this Motion to Suppress, any and all statements made by Mr. Ndoromo to any law enforcement agent or agents on December 22, 2004 must be suppressed.

                      Respectfully submitted,

/s/_____
Reita Pendry
D.C. Bar # 327779
Post Office Box 5432
Charlotte, NC 28299
704-532-6232
704-537-7536 facsimile
rpendry@bellsouth.net

**CERTIFICATE OF SERVICE**

      I, Reita Pendry, do hereby certify that I have this day served a copy of the foregoing Motion to Suppress Statements upon counsel for the United States by electronic service, and by mailing a copy, postage prepaid, addressed to: Roy L. Austin, Esq., Office of the United States Attorney, 555 4th Street, NW, Washington, DC 20530, this 14th day of November, 2006.

_____
Reita Pendry