IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 06-0019 (ESH) |
| ) | |
| AKUBE NDOROMO, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO SUPPRESS PHYSICAL EVIDENCE

   Akube Ndoromo, through undersigned counsel, respectfully moves the court to suppress as evidence against him at the trial of this case, any and all physical evidence seized by law enforcement agents, including agents of the United States Postal Service, on December 22, 2004 from his person or from premises occupied by him at 3636 16th Street, N.W., Washington, D.C. , as well as from premises used by him to store business records and papers at the home of Mary Khangaa.   As grounds for his Motion, defendant Ndoromo shows the following:

   1.  On December 22, 2004, agents of the United States Postal Service and others conducted a search of premises occupied by Mr. Ndoromo at 3636 16th Street, N.W., the Woodner Apartment building.

   2.  Law enforcement agents stormed Mr. Ndoromo's apartment in the early morning hours of December 22, woke him from sleep, took him immediately into custody and forced him to remain standing outside his apartment while they conducted an hours-long search of the premises.  Mr. Ndoromo was naked when he was roused from sleep.  The agents refused to allow him to put on clothes, even though he was detained in a public hallway of the apartment building during the search.

3. This conduct of the agents in forcing Mr. Ndoromo to stand naked in a public hallway for hours while they conducted a search of his premises was outrageous governmental conduct. Outrageous governmental conduct offends the Due Process Clause of the Fifth Amendment to the United States Constitution. *See, United States v. Rodriguez*, 948 F.2d 914 (5th Cir. 1991); *United States v. Westmoreland, 982 F. Supp. 376 (S.D. W.Va. 1997)*. In the instant case, the agents' forcing Mr. Ndoromo to stand naked in a public hallway for hours was so outrageous as to constitute a violation of Mr. Ndoromo's Due Process rights. This court should suppress the evidence seized from Mr. Ndoromo or from his apartment on December 22, 2004, because of this violation of Due Process. *See*, *Rochin v. California*, 342 U.S. 165 (1952); *United States v. Russell*, 411 U.S. 423, 431-32 (1973).

4. As an additional ground for suppression of evidence seized during the execution of the search warrant at Mr. Ndoromo's apartment, this court should suppress the evidence because the seizure exceeded the scope authorized under the warrant. Documents and other evidence were seized from two locations, Ndoromo's home/office, and the home/office of Mary Khangaa. Mr. Ndoromo had a reasonable expectation of privacy in his home/office, and also in the home/office of Khangaa, so far as the storage of materials related to the work of his transportation service was concerned. The agents purported to seize materials described in the search warrants issued by Magistrate-Judge John Facciola. However, the seizure of many of the materials exceeded the scope of the search warrants. *See, e.g.*, *U.S. v. Srivastava*, 444 F. Supp. 2d 385 (E.D. Md., 2006), where the court held that a search warrant authorizing seizure of all materials constituting evidence of a violation of 18 U.S.C. 1347 did not justify seizure of totally unrelated papers and materials. The court emphasized that records seized must have some nexus to the items named

in the warrant. The warrant did not justify the seizure of any financial record. Rather the documents should relate to defendant's business and be evidence of health care fraud. In the instant case, agents seized from Ndoromo's home/office thousands of documents which bore no relation at all to the government's allegations of health care fraud. By way of example, the government seized immigration documents relating to Ndoromo's fiancee, and immigration documents relating to his mother. The agents seized bank records for periods not related to the period of alleged fraudulent activity. The agents seized records of activities of the non-profit arm of Voice of Social Concern, which had no nexus whatever to the transportation service. It was clear from the face of these documents and materials that they were outside the scope of the search warrants. These documents and materials should be suppressed as the fruits of a warrantless seizure.

    For these and any other reasons which may appear to the court at the time of a hearing on this Motion to Suppress Evidence, the evidence seized from the apartment of Mr. Ndoromo and the evidence seized from the apartment of Mary Khangaa which constituted materials belonging to Mr. Ndoromo, must be suppressed.

    Respectfully submitted,

/s/_____
Reita Pendry
D.C. Bar # 327779
Post Office Box 5432
Charlotte, NC 28299
704-532-6232
704-537-7536 facsimile
rpendry@bellsouth.net

## CERTIFICATE OF SERVICE

      I, Reita Pendry, do hereby certify that I have this day served a copy of the foregoing Motion to Suppress Evidence upon counsel for the United States by electronic service, and by mailing a copy, postage prepaid, addressed to: Roy L. Austin, Esq., Office of the United States Attorney, 555 4th Street, NW, Washington, DC 20530, this 14th day of November, 2006.

_____
Reita Pendry