UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA )
)
)
)
VS. ) Criminal: No. 06-19 (EGS)
)
)
)
)
Akube Wuromoni Ndoromo) )
)

**FILED**

JUN - 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION TO DISMISS ALL CHARGES DUE TO PROSECUTORIAL MISCONDUCT

COME NOW THE DEFENDANT pro-se , in proper person, respectfully moves this Court to know that the defendant Akube Wuromoni Ndoromo is a citizen of the united Sates of America. The Government knew Mr. Ndoromo is a U.S. Citizen . The Government had ask the court to hold Mr. Ndoromo's U.S. Passport after the indictment on Feb. 06, 2006. The defendant turn in his U.S. Passport on ~~March~~ FEB 09, 2006.

On March 26, 2007 the prosecutors opening statement was to assassinated the characters of the defendant before the Jury can hear or see the evidence. The prosecutor overreaching the jury that the defendant is from Sudan. The ~~prosecutor~~ DEFENDANT was Banking all his money to take to Sudan. The prosecutor was telling the Jury to find the defendant guilty so that he can't take his money to Sudan. The prosecutor was yelling to the defendant "that man" rift off Americans taxi payers money and want take them to Sudan. The prosecutor was overreaching the jury by instructing the jury to find the defendant

Copies to: Judge Sullivan
FPD David Bos
AUSA Susan Beth Menzer

**RECEIVED**

MAY 2 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

guilt, guilt, guilty in government's opening statement. The government intend was to cause a mistrial.

The government misconduct denying the defendant his U.S. citizenship and announce in front of the Jury as if the defendant is not a U.S. citizen. The prosecutor intentionally provokes the defendant to cause mistrial and the Double Jeopardy clause bars retrial due to prosecutors intend. See Orgon V. Kenned, 456 U.S.667-76 (1982). See Also Cores V. United State, 585 A. 2D 1376 (D.C. 1991); Fletcher V. United States 569 A. 2D 597 (D.C. 1990); Pennington V. United States, 471a. 2D 250 (D.C. 1983) ; Merrweather V. United States 466A. 2D 853 (D.C. 1983)All these cases were bar from retrial due to the prosecutors intend.

It took two hours to put all the evidence into two big boxes, and this case Totally defense in the evidence, but it took less than two hours to the Jury to come out with verdict. Because the jury went to Jury's room with their mind set by the prosecutor at the opening statement and closing statement. The prosecutor intend was to cause a mistrial. The clause of the Double Jeopardy bars retrial and the case will be dismiss in defendants advantage. See E.G. U.S. V. Salemeh 152F 3D 88. 134 (2D Cir. 1998) (Prosecutor's argument during closing arguments that witnesses place defendant at scene of bomb making was not improper. Because the argument was that Jury should infer from totality of evidence.

The prosecutor drop their charges about wire fraud because the evidence was insufficient. The wire fraud charges was the one involved the Postal Inspector to seize Akube Ndoromo and VSCA Banking Accounts in Bank of America And City Bank. The government indict the defendant on Feb. 06, 2006 because of wire fraud as one of major

charges. The wire fraud was drop, but still the government put the Postal Inspector to testify about health care fraud which contradicts Postal Service affidavit OF seizing the Banking accounts. The government dropped four elements within the indictment. which cause the entire indictment to be dismiss. Ct. Crim. R.12 (b). See. Towless, 521 A.2D at 655-56 Wesley V. united States, 449 A. 2D282 (D.C. 1982). Held that a double Jeopardy claim was waived when appellant had not raised the issue at his brief. Further more, when the government dropped the four elements after the jury were discharged. The Jury was fourteen two of the Jury's were discharged remain twelve. One was discharged remain eleven, and one was brought from the two discharged. This cause double jeopardy clause to protect the defendant against retrial after a mistrial. See United States V. Scott, 437 U.S. 82 (1978) it preserves "a defendant's" valued right to have his trial completed by a particular tribunal. See Crist V. Bretz, 437 U.S. 28, 36 (1978) (Quatingwade V. Hunter, 336 U.S. 684,689 (1949) this notion stems from the historical rule, that once banded together a Jury should not be discharged until it had completed its solemn task of announcing a verdict. Crist , 437 U.S. at 36. in this context, the Double Jeopardy clause protects against government overreaching.

 Before the trial begins the defendant made a pretrial request that defendant be referred to one name Akube Wuromoni Ndoromo. The Government agree, but ignore the agreement and was calling the defendant as "that man". The government instructed his witnesses to call the defendant Mr. James or the Defendant. The government intentionally ignores the agreement to provoke a mistrial. The government's intend to provoke mistrial bars the retrial due to clause of Double Jeopardy. See, the defense in Andrerson V. United States, 481 A.2D 1299 (D.C. 1984); Made a pretrial request that the defendant be

3

referred to by one name; the government agree to instruct its witnesses as such. When a prosecution witness used the defendant's alias, counsel did not explicitly request a mistrial and also neither opposed it nor offered alternatives. The trial court declared a mistrial. The court looked at the totality of the circumstances and concluded that the defense had acquiesced in the declaration of mistrial. During the trial the government was telling the Jury that the defendant is a greedy man. The defendant have all these money and he was not supporting his employees due to defendants selfishness. Also the prosecutor overreaching the Jury telling them that the defendant is cheating the local community. The prosecutor improper using of words was intend to provoke mistrial. See E.G. U.S. V. Helbling, 209F. 241 (3D Cir. 2000); (prosecutors reference to defendant as greedy, with track record of lying, cheating and deceit were improper. Gall V. Porker, 231F. 3D 265, 312 (6th Cir. 2000) ; Prosecutor's statement that he was not convinced that defendant isn't just a mean shrewd, criminal was improper.

    The prosecutor's duty in criminal prosecution is to seek justice. As such, the prosecutor should prosecute with earnestness and vigor. But may not use improper methods calculated to produce a wrongful conviction, if the use of such methods so infects the trial with unfairness as to make the resulting conviction a denial due process it must justify a mistrial or reversal of conviction. Appellate review of prosecutorial misconduct therefore consist of a two parts test: First, was the prosecutor's conduct actually improper; Second; Did the misconduct, taken in the context of the trial as a whole, violate the defendant's due process rights. Since the prosecutor's misconduct is intended to cause a mistrial then the Double Jeopardy clause must bar further prosecution.

4

Let the court know that the reasons the defendant never testify because of prosecutor's misconduct. The defense counsel see no reason for the defendant to testify or the witnesses as well since it is a mistrial. Furthermore, Mr. Ndoromo was released from DC Jail, but Mr. Ndoromo refused to go home because Mr. Ndoromo knows that this trial end up in mistrial and the court will release him. The probation officer Monica L. Johnson knew about my release and defendant's Attorney Reita Pendry.

Sincerely,

05/15/07

NOTARY PUBLIC

SHAME'KA C. BIVENS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 30, 2011

Certificate Of Service

I declare under penalty of perjury that the fore mention are true to the best of my knowledge and belief.

5

                                          Akube Wuromo Ndoromo

                                                          or
                                          (Akube James)
                                        DCDC 309364
                                        C.C.A./C.T.F.
                                         1901 E. st.se.
                                      Washington,DC20003

Copy:
Roy Austin Jr.
Assistant U.S. Attorney.
U.S. Attorney's Office.