UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| ) | |
| ) Criminal No. 06-19 (EGS) | **FILED** |
| V.   ) | |
| ) | AUG 2 0 2007 |
| ) | |
| **AKUBE WUROMONI NDOROMO**) | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

**Motion for Release Akube W. Ndoromo Pending a Motion for New Trial and /or any other desire post trial Motions**

Here comes the defendant as pro. Se in proper person petition this, in doctrine of *Fow V. Collins, 253 F. 3d 244, 249 (6th Cir. 2001).* The Sixth Amendment implies a right of self representation in release application, moving this Honorable Court to release Mr. Ndoromo pending filing a motion for new trial and/ or any other desire post trial motions. The defendant was under pretrial services since February 06, 2006 until March 30, 2007 when he was wrongful convicted. The defendant has no any violations of the law or in the community. Akube Ndoromo knew that the VSCA employees were turned against him by government since February 18, 2005. Mr. Ndoromo and his employees have no any single problem or disagreements. There was no witnesses that was incredible only those witnesses that were telling the truth. It was the prosecutor's bad faith and misconduct in open/closing statements and prosecutorial misconduct that let to wrongful conviction. Mr. Ndoromo has no criminal history or arrested before. It is government's

1

defective indictment let to Mr. Ndoromo's arrest. Pursuant to 18 U.S.C. § 3143 (b) (2000), the defendant is entitled to be release pending trial motions. The District Court has duty pursuant to 18 U.S.C. § 3145 (c) and Federal Rule App. P. 9(b) to act on application for release of Mr. Ndoromo's pending filing motions for a new trial and/ or any other desire post trial motions to acquittal the defendant, and to dismiss the indictment. The Court cannot decline to hear or rule on ground that it is a matter of appeals court to decide *U.S. V. Hochevar, 214* F. 3d42, (2d Cir. 2000).

Mr. Ndoromo knows that this case is about Government's retaliation because the defendant file a civil law sue against the Government on December, 2005 and was granted on January, 2006 by February 06, 2006 the government retaliated by defective indictment to punish Mr. Ndoromo of exercising his constitutional and statutory rights *in U.S. V. Camplbell 410 F. 3d 456, 461 (8th Cir. 2005); Maddox V. Elzie, 238 F. 3d 437, 2001 WL 27856, 345 U.S. App. D.C. 58,, C.A.D.C. January 12, 2001*. The defendant knew this case will be dismissed and he will be acquitted because is a vindictive prosecution. In this application Mr. Ndoromo will be release in his own recognizance. Posting of bond pending motion for new trial / and or post trial motions to acquitted the defendant and dismiss the indictment in this criminal case is left in first instance, to discretion of District Court see *U.S. V. Shaw, 920 F. 2d 1225, 1231 (5th Cir. 1991)*.

The defendant knew that the indictment is fatally defective and it will be dismissed when the court find a reasonable counsel to file effective motion. Because absent any allegation whatsoever in indictment, which charges the obtaining of something of value by false pretense with intent to defraud, as to what the false pretense were, the indictment was fatally defective and will be dismissed when the defendant file

2

the objection. The United States attorney was not vested with authority to insert allegations as to the particular false pretense used through response to bill of particulars. Federal Rules criminal Proc. Rules 7(f) 12(b) (2), 18 U.S.C A. D.C. C.E. § 22-1301(a); and see *U.S. V. Mereli, 283 F. 3d 293, 296 (5th Cir. 2002)*.

The defendant knew that the Government failed to proof the issues. The due process clause requires the government to prove beyond a reasonable doubt every element of the crime with which Mr. Ndoromo is charged. "If the Government fails to sustain its burden of proof on any element, the defendant must be acquitted". Since the government fails to sustain its burden of proof on four Major elements the defendant knew he must be acquitted. See, LAFANE AN SCOTT CRIM. LAW § 1.8 (2D ed 1986); McCormack EVIDENCE § 336-337; and also see *U.S. V. Morillo, 158 F. 3d 18, 25, (1st Cir 1989)*.

In health care Medicaid fraud 18 U.S.C. § 1347 that defendant was wrongful convicted, the sentence guide lines are only for second offenders or somebody who have criminal history records. The sentence for first time violation is three years probation without jail time. For the second offenders the minimum is one year the maximum is three years. When the criminal history category doesn't adequately reflect the seriousness of the defendant's past criminal conduct or likelihood of recidivism, the court must depart from an otherwise applicable guide lines sentencing range. Reference to 1993 see, 1 § 5a; 1994 see, Id § 1b1.1; 1995 see, Id § 1b1.1(c) five possible victim-related adjustments may apply to a wide variety of offense. And see *U.S. V. Castaneda 239 F. 3d 978, 983 (9th Cir 2001); U.S. V. Dixon, F. 66 F. 3d 133, 135 (6th Cir. 1995)*. The Medicaid department that Mr. Ndoromo was accused to defraud denies the allegation because it is

not true in *U.S. V. Mcoy, 242 F. 3d 399, 409 (D.C. Cir. 2001)*. The defendant's continuances incarceration was because of luck of effective release application and the government is happy because it will contain the defendant from defending himself effectively. There are no enough computers in jail to use it that is why it takes long.

The defendant knows that the prosecutor's comments about Mr. Ndoromo being a Sudanese was to discriminate him in violation of 5th, 14th Amendments and warrant mistrial in the case. The prosecutor's comments that the defendant save all his money to bank, and to take to Sudan is discriminatory and violation of 4th, and 14th Amendments, and warrant acquittal and the defendant knows. The prosecutor's comments give rise to constitutional violations because Mr. Ndoromo is U.S. Citizen. The prosecutor's acts constitute egregious misconduct in doctrine of *Mirinda V. Benett, 322 F. 3d 171, 180 (2d Cir. 2003)*. The touchstone of due process analysis incase of alleged prosecutorial misconduct is the fairness of the trial *Marshall V. Hendricks, 307 F. 3d 36, 64 (ed 2002)*. The prosecutor's misconduct will require reversal of court conviction only where the remarks sufficiently in effected the trial so as to make it fundamentally unfair, and therefore a denial of due process in *Cargle V. Mullin, 317F. 1196, 1220 (10th Cir. 2003)*.

The defendant knows that, the Government failed to established beyond reasonable doubt during the prosecution that there was health care provider claiming loses or damages caused by the alleged fraud pursuant to 18 U.S.C. § 1347 and § 1324. The statute requires the health care fraud charges taken to trial only if there was health care provider claiming loses or demages see id. § 8.01-581.1; See id. §32.1 and Virginia Code; Va. Code Ann. § 54.1-2403.3 (20006). And in doctrine of *Nguyen V. Voorthuis Opticians, Inc., 478 F. Supp. 2d 56, 2007 WL 853115,, D.D.C. March 21, 2007*. The

4

individual's right of privacy in the context of health records, and noting that health care loses are taken serious within health care providers.

The government further failed to establish in prosecutorial process that there were injuries as result of the health care fraud. Pursuant to 18 U.S.C. § 1347 and §1324 health fraud will be taken to trial if there are injuries within the clients given services. See id. § 8.01-581.1; See id. §32.1. And in doctrine of *Sell V. U.S. 539 U.S. 166, 123 S.Ct. 2174, (2003).* On or about the dates hereinafter specified for each count the government, and defense counsel Rita Pendry with intent to obstruct justice made, and caused to be made of 21 counts of health care false representation to the court knowing said representations were untrue, but the court believes them to be true. The defendant pointed out all the requirements to the court to dismiss this untrue representation, and foreclose the necessity for any further proceedings by acquitting the defendant. This is why the defendant must be release pending final foreclosing of this matter.

The defendant is requesting the Court to appoint advisory standby counsel to assist in back court mechanics in this release motion in doctrine of *U.S. V. Campbell, 874 F. 2d 838, 847 (1st Cir. 1989)* Standby counsel did not interfere with defendants pro se representation. Also see, *U.S. V. Lawrence, 161 F. 3d 250, 253 (4th Cir. 1998)* (same). *Tate V. Wood, 963 F. 2d 20, 26 (2d Cir. 1992)* (same). And See, *Fow V. Collins, 253 F. 3d 244, 249 (6th Cir. 2001)* *(and or George Town University Law Students or Howard University Law Students Pursuant to Title 18 U.S.C. § 3006(a)(1)(b), the 5th, 6th, and 14th Amendments of the Federal Rules of Criminal Procedure and the U.S. Constitution Bill of Civil Rights Due Process Clause and right to appointment of effective assistance of counsel to assist the defendant to litigate the issues presented to this Honorable Court).* The Sixth Amendment implies a right of self-representation in this motion.

This court knows that the government had seized all funds belonging to defendant to disable him getting a reasonable attorney. The release of Mr. Ndoromo must be in personal recognizance as mentioned above. The defendant hopes this release application may not delay to release the defendant. *U.S. V. Alatishe, 768 F. 2d 364, 369 (D.C. Cir.*

*1985).* The defendant is not a flight risk; (1) because this matter started on December 22, 2004 and the defendant had never ever traveled or had troubles or violation of the laws. (2) the defendant's passport is with pretrial services.

The defendant is not dangerous to the community; (1) the defendant knew that VSCA employees were turned against him since February 18, 2005 and Mr. Ndoromo never had a problem with them. (2) Mr. Ndoromo released from D.C. Jail around April 16, 2007 the jail want Mr. Ndoromo to go home if the government want will re arrest him in future. Mr. Ndoromo never went home. (3) Mr. Ndoromo's release was known by (1) Monica L. Johnson United States Probation Officer (202) 565-1332 and (2) Rita Pendry former attorney to Mr. Ndoromo (301) 345-2328.

If Mr. Ndoromo was dangerous to community he would had taken that release and harm the community, but he refused to go home because he knew his case is over. The defendant was not arrested in his life only these defective charges that let to his jeopardy. So there will be no reason why the defendant is still in jail as mentioned above. Pursuant to Federal R. P. 9(a), (b) and see, *U.S. V. Swanquist 125 F. 3d 573, 574-76 (7th Cir. 1997)* rule 9 requires District Court to state reasons for order of detention orally on the record. Because the District Court knows very clear that, this case is not about $1.8 million as mentioned by the prosecutors, and repeated on June 20, 2007 by the Court. See, *U.S. V. Gaviria, 828 F. 2d 667, 670 (11th Cir. 1987)* District Court must provide written findings facts and written statements of reasons for detention of defendant. District Court cannot use Government misconduct remarks to punish Mr. Ndoromo as denial to fair justice. There is no excuse that the defendant need counsel to write motion for release, the defendant wrote as pro se motion in doctrine of *Fow V. Collins,*

6

*253 F. 3d 244, 249 (6th Cir. 2001)* the Sixth Amendment implies a right of self representation in the application for release.

Title 18 U.S.C. § 3145 (b) (2000). The statute requires the motions file by defendant, without defense counsel be value because the release of defendant will be by the District Court and such motion be determined promptly in *U.S. V. Fernandez-Alfonso, 813 F. 2d 1571, 1572-73 (9th Cir. 1987)*. When defendant detained prior to file for new trial and / or any desire post trial motions in advent 30 day and may be extended detention order was not prompt and defendant is entitled to conditional release with counsel or without counsel. *U.S. V. Baldwin, 277 F. Supp. 2d 67 D.D.C., (August 14, 2003)*.

Title 18 U.S.C. § 3142 (c) (3) (2000) requires determinations allowing bail must be amended and reopened to reflect circumstance or discovery of previously unknown information. Because the District Court never knows that Government will fail to sustain its burden of proving four major elements beyond reasonable doubt. The District Court never knows that the indictment is fatally defective and bill of particulars will never cure it. The District Court never knows that this case is about retaliation to defendant's case granted on January 2006, so is a vindictive prosecution. The District Court never know that the government was suppose to established beyond reasonable doubt that there was health care provider claiming loses or injuries. The defendant's release in this point is of reasonable concern due to his Eight Amendment being violated, *See U.S. V. Byrd, 969 F. 2d 106, 110 (5th Cir. 1992) Also see, U.S. V. Baldwin, 389 F. Supp. 2d WL 2347692, D.D.C. September 27, 2005.*

NOTARY PUBLIC.

                                                                            Pro Se

*SHAME'KA C. BIVENS*
*NOTARY PUBLIC DISTRICT OF COLUMBIA*
*My Commission Expires June 30, 2011*
8/16/07

                                      **AkubeWuromoni Ndoromo**
                                      6943 Glennheight RD
                                                  Baltimore
                                                  MD 21215
                                                       Or
                                                 **Akube James**
                                                  CCA/CTF
                                               DC #309364
                                          1901 E Street SE
                                    Washington, DC 20003

Copy:
U.S. Attorney's Office
For District of Columbia

**I satisfy under penalty of perjury that for going motion is true to the best of my knowledge.**

