# FOR THE DISTRICT OF COLUMBIA
# UNITED STATES DISTRICT COURT

| | |
|---|---|
| <u>UNITED STATES OF AMERICA</u> | ) |
| | ) |
| | ) |
| VS. | ) **Criminal: No. 06-19 (EGS)** |
| | ) |
| | ) |
| | ) |
| **Akube Wuromoni Ndoromo** | ) |
| | ) |

**FILED**

SEP 1 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### <u>Motion to Reverse the Conviction Due to Ineffective Attorney and Government's</u>
### <u>Violations of Sixth Amendment</u>

COME NOW THE DEFENDANT *pro-se*, in proper person, the defendant is requesting the Court to appoint advisory standby counsel to assist in back court mechanics in this reverse of conviction motion in doctrine of *U.S. V. Campbell, 874 F. 2d 838, 847 (1ˢᵗ Cir. 1989)* Standby counsel did not interfere with defendants *pro se* representation.

The Sixth Amendment implies a right of self-representation in this motion respectfully moves this honorable court to reverse the result of this case due to **ineffective representation** and the government violation of **Sixth Amendment**. The Sixth Amendment provides that, in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel for his defense. Sixth Amendments' right to appoint effective counsel in *McMann V. Richardson, 397 U.S. 759 (1970)*. The Sixth

1

Amendment right to counsel applies to all federal and state criminal prosecution where the defendant is accuse of a felony or a misdemeanor if a sentence of incarceration is actually impose.

Pursuant to Title 18 U.S.C. § 3006(a)(1)(b), the 5th 6th, and 14th Amendments of the Federal Rules of Criminal Procedure and the U.S. Constitution Bill Of Civil Rights Due Process Clause and right to appointment of effective assistance of counsel to assist to litigate the issues presented to this Honorable Court. The right to counsel attaches at or after the initiation of adversarial judicial proceedings whether by way of formal charge, preliminary hearing, indictment, information, or arraignment. See, *Johnson V. Zerbst, 304 U.S. 458, 463* (1938) (Sixth Amendment right to counsel in criminal proceedings with holds from federal courts the power and authority to deprive an accused of his life or liberty).

The right to counsel attaches at indictment in Mr. Ndoromo's case in *U.S. V. Harrison 213 F. 3d 1206, 1214 (9th Cir. 2000)*. The counsel in Mr. Ndoromo's case was not effective to the **standard of Sixth Amendment**, Mr. Ndoromo's counsel Rita Pendry failure to prepare  defense and call witnesses prejudiced defendant especially in **light of weakness** of the prosecution's case see, *Pavel V. Hollins, 261 F. 3d 210, 228 (2d Cir. 2001)*.

The court has order both counsels to file their motions due to Nov. 14, 2006, the defense counsel Rita Pendry respectfully meet the dead line, but the government disrespected the court's order to meet the dead line and filed Jan.16,  2007, the government never request for extension of time. The defense counsel Rita Pendry object it, but was not serious to the objection, and her failure to engage in reasonable

investigation make logical argument, contact defendant, or offer reasons to object or dismiss the case was ineffective representation in *Hall V. Washington, 196 F. 3d 742, 749 (7ᵗʰ Cir. 1997)*.

The defendant Mr. Ndoromo want the counsel to file for suppression of the evidences seize in violation of Fourth Amendment (1) The Government seized the defendant and it was confirmed through the trial motions on March 23, 2007, when the key government witness Brain Evans testify. (2) The search and **seize exceed scope** of warrant, by seizing things not mentioned by the warrant. Defense counsel Rita Pendry agrees with the defendant to file to suppress the evidence, but she say will only suppress the Health Care Pretenses charges and she failed to file it in *North V. Trippet 265 F. 3d 372, 383-84 (6ᵗʰ Cir. 2001)*. Counsel's failure to suppress the only evidence against defendant was unreasonable because evidence obtained in violation of fourth Amendment.

According to defense attorney Rita Pendry wire Fraud, and mail Fraud will not be dismiss because it have no relationship with the violations at search and seizure locations. Further, Mr. Ndoromo's counsel had want file for government violations that will dismiss the entire case, but the defense counsel failed to subpoena key witness show the defendant being naked. Defense counsel Rita Pendry's failure to call important fact witnesses at trial motion was  ineffective assistance because testimony of those witnesses would have rebutted prosecutions already weak case in *Pavel V. Hollins, 261 F. 3d 217-18 (2d Cir 2001)*.

The counsel's argument was, even if she filed to suppress the only evidence seized in violation of Fourth Amendment the prosecutor's will still proceed with the case in Wire Fraud and Mail Fraud which was return by the jury and dropped by the government at the trial. Mr. Ndoromo's Counsel Rita Pendry's failure to cross examine government key witness a former Health Care Department Auditor was ineffective assistance because she would have impeached her since she is not longer working at the health department and she is hearsay witness.

### Defense attorney exchange secretes with prosecutor

In the process of the trial motions the defendant find out that all the plans to win this case between Mr. Ndoromo and Rita Pendry, was known by the government. For example, the government subtracted all the trip logs in the name of Akiuber James and 90% of clients receiving forms missing, further, the defense counsel Rita Pendry block the defendant Mr. Ndoromo from having access to the files seized.

### Courts Guide lines

The court issued a guide lines; (1) The original documents to be used as evidence (2) No charts to be used during the trial. (3) The trial must be according to the indictment. Mr. Ndoromo's Counsel Rita Pendry's failure to lay foundation for introduction of relevant evidence to attack prosecutor's case and to introduce exculpatory evidence prejudiced defendant because errors seriously undermined reliability in *Stouffer V. Reynolds, 214 F. 3d 1231, 1234-35 (10th Cir. 2000).* In addition, counsel's failure to introduced exculpatory records into evidence was ineffective assistance because objectively reasonable probability of different verdict in *Hart V. Gomez, 174 F. 3d 1073 (9th Cir. 1999).*

4

The defense counsel convinces the defendant that, the case is a mistrial in the end of trial she will move the court to dismiss the entire case and block the grand jury from deliberation. The defense counsel failed to object on charts that government introduced, failed to stop the jury from deliberation, failed to call for mistrial. The defense counsel's failure was to protect her personal interest. Defense counsel's conflict of interest effected her performance because she took no action on behalf of defendant in *Blankenship V. Johnson,* 118 F. 3d 312, 318 (5th Cir. 1997). Also see, *Pegg V. United States, 253 F. 3d 1274, 1277 (2nd Cir. 2001)* (conflict of interest because co-conspirator that counsel had engaged in unethical and criminal behavior in connection with representation of defendant).

The **Sixth Amendment guarantees the right to effective assistance** of counsel in criminal prosecution of Mr. Ndoromo before the trial and during the trial, but defense counsel Rita Pendry was not effective to Sixth Amendment standard. She couldn't object to the prosecutor's misconduct because of her personal interest. The indictment was about; (1) Health Care Fraud (2) Mail Fraud (3) Wire Fraud (4) Convicted in Health Care Fraud (5) False Statement in Health Matters.

The prosecutor's opening statement were; (1) This man is from Sudan (2) This man save all his money to Bank to take to Sudan (3) This case is about $1.8 Million (4) You the jury must find this man guilty, guilty, guilty, beyond reasonable doubt. (5) This man rift Americans' Taxpayers money.

Defense counsel Rita Pendry failure to call a mistrial classified her as ineffective and unreasonable counsel because conflict of interest affected her performance to take no action on behalf of defendant. Further, she failed to adequately investigate and develop

5

mitigating evidence for presentation phase of defendant's trial constituted deficient performance because such failure could not be viewed as reasonable trial strategy see *Ainsworth V. Woodford, 268 F. 3d 868, 873-74 (9th Cir. 2001).* In addition, Rita Pendry's failure to object to erroneous jury instruction by prosecutor in opening statement was ineffective assistance because absent counsel's error there was high probability outcome would have different.

The prosecutor dropped four elements from the indictment because it was return from jury, and dropped when the juries discharged. The defense counsel Rita Pendry failed to take action on the fatally defective indictment that was return by jury. The counsel's interest in avoiding dismissing the fatally defective indictment because will conflict with her interest, and that conflict with her duty to represent effectively *in U.S. V. Morris 259 F. 3d 894, 899 (7th Cir. 2001)*,

### Defendant's character in trial

The defense counsel failed to object questions to female witness about defendant's old sexual relationship. The counsel ignores to object prosecutor's claim that the defendant is an abuser of women in *Hart V. Gomez, 174 F. 3d 1073 (9th Cr. 1999).* The defense counsel failure to object the prosecutor's remarks that, the defendant does not help his employees. He is not good for the local community was ineffective assistance. The defense counsel was supposed to object all the above government's improper comments because this case was not about Mr. Ndoromo's characters. It is about false pretenses, there was no reason why the prosecutor raises those claims, or there was no reason why the defense attorney could not object them. The reason is both of

them have common interest which conflict the defense attorney Rita Pendry not to be effective to object them.

The defense counsel questions to government's witness whether there was Video Camera used in her Apartment. The witness Mary Khangaa confirm "yes" , but the government refused to turn over the evidence to defense attorney because it would have rebutted the government key witnesses impeachment evidence, as well as exculpatory evidence subject to Brady disclosure. See *U.S. V. pellulo, 105 F.3d 117, 123 (3d Cir. 1997)* and the counsel fail to ask the court to dismiss the case based on government violations of **Fifth Amendment**. Further, Mr. Ndoromo's counsel Rita Pendry failed to cross examine prosecutor's key witnesses Brain Evans amounted to prejudice because witness's un impeached statements were only direct evidence connecting defendant to government false crime claim see *Dixon V. Snyder, 266 F. 3d 693, 704 (7th Cir. 2001).*

The prosecutor's closing statements were; (1) before the Jury leaves the courthouse they must find the defendant guilty beyond reasonable doubt. (2) This case is about $1.8 million (3) The defendant rift off American Taxes payers money (4) This man is not helping the community even his own employees. Counsel's failure to object prosecutor's statement in closing statement argument constituted defective assistance because violations of Mr. Ndoromo's constitutional rights in *Burns V. Gammon, 260 F. 3d 892, 897 (8th Cir. 2001).*

The government failed to disclose information concerning 21 health pretenses counts in violation of *Brady disclosure* and not objected by the defense attorney Rita Pendry because of government relationship with the defense counsel. The government intentionally intrusion into counsel client's relationship was to **undermine the Sixth**

7

**Amendment** and client confidence to counsel relationship. For example, the government refused to disclose all the trip logs in name of Akiuber James because the government knew the defense counsel will not object to it, and those trip logs would have impeached the government key witnesses and rebut government 21 counts of health pretenses.

In addition, the government fails to disclose 90% of the VSCA clients received forms because the government knew that the counsel would not object it and those forms would have impeached government's key witnesses and rebutted 21 health pretenses counts. The government intentionally intrusion into attorney client relationship because government undermined defendant's confidence in attorney client relationship by disparaging defense counsel in *U.S. V. Amloni, 111 F. 3d 705, 711 (9th Cir 1997)*.

The Government failed to established beyond reasonable doubt during the prosecution that there was health care provider claiming loses or damages caused by the alleged fraud pursuant to 18 U.S.C. § 1347 and § 1324. The statute requires the health care fraud charges taken to trial only if there was health care provider claiming loses or damages see id. § 8.01-581.1; See id. §32.1 and Virginia Code; Va. Code Ann. § 54.1-2403.3 (20006). And in doctrine of *Nguyen V. Voorthuis Opticians, Inc., 478 F. Supp. 2d 56, 2007 WL 853115,, D.D.C. March 21, 2007.* The individual's right of privacy in the context of health records, and noting that health care loses taken seriously within health care providers. However, the defense attorney failed to object any further procedures.

The government further failed to establish in prosecutorial process that there were injuries as result of the health care fraud. Pursuant to 18 U.S.C. § 1347 health fraud will be taken to trial if there are injuries within the clients given services. Reference to 18 U.S.C. § 1324. See id. § 8.01-581.1; See id. §32.1. and see *Sell V. U.S. 539 U.S. 166, 123*

*S.Ct. 2174, (2003).* On or about the dates hereinafter specified for each count the government, and Rita Pendry with intent to obstruct justice made, and caused to be made of 21 counts of health care false representation to the court knowing said representations were untrue, but the court believes them to be true. The defendant pointed out all the requirements to the court to dismiss this untrue representation, and foreclose the necessity for any further proceedings by acquitting the defendant. The ineffective counsel never stops the government from prosecuting the defendant in untrue charges.

This court need to take a look of government violations of defendant's constitutional rights. (Fourth, Fifth, and Sixth Amendments). The government has violated the **EXCLUSSIONARY RULE** so it is time to this court to Act. This court had denied motions about defendant's constitutional rights since (2005-2007) and that is prejudiced, but the court will always mentioned that denied without prejudiced it is not the words "denied without prejudiced" , but the actions of this court can speak for themselves that are prejudiced and bias. For example, prosecutor has dropped four elements in the indictment, the indictment is fatally defective, and the prosecutor call for revocation of bond and the court agree into it.

### Vindictive Prosecution

Mr. Ndoromo had eight witnesses to testify to impeach key Government witnesses and rebutted government evidence. The list of the witness was given to the defense attorney Rita Pendry. The defense counsel leaked the witnesses list to government and the government harsh witness not to testify against the government. However the witnesses were ready to testify and tell the truth. The government and defense attorney Rita Pendry came with new plans. (1) not to call for the witnesses  (2) to

prosecute the case in bad faith and gain a conviction (3) to convince the defendant Mr.

Ndoromo that defense attorney will call for mistrial and move the court to dismiss the

indictment, but she was not going to call for mistrial or dismissal indictment, in reference

to 18 USC § 1001. The whole idea was to gain a false conviction to punish Mr. Ndoromo

as denial for a justice in *Maddox V. Elzie, 238 F. 3d 437, 2001 WL 2785, 345 U.S. App.*

*D.C. 58, C.A.D.C. Jan. 12, 2001.* The defense attorney became ineffective because of

government's intrusion into attorney-client relationship.

Government violated defendant's Mr. Ndoromo Fourth Amendment by exceeding

scope of search and seize warrant in *U.S. V. Schroeder, 129 F. 3d 439, 442 (8th Cir.*

*1997).* The Government seized Mr. Ndoromo for four hours in *Johnson V. Campbell, 332*

*F. 3d 199, 206 (3d Cir. 2003)* and also, *Kamph V. Texas, 538 U.S. 626, 630 (2003).*

According to government's civil law sue filed Feb. 18, 2005. The government took the

action against Mr. Ndoromo because he is helping his children in Africa, and Mr.

Ndoromo does not deserve to have money that much.

The government sent letters around the defendants' communities to claim Mr.

Ndoromo's money. However, nobody responded to government letters to claim the

money.  The government found out the money belongs to Mr. Ndoromo and VSCA. The

government started to harsh Mr. Ndoromo to give up half of his money. Mr. Ndoromo

resisted the harassments. Then the government turns to harsh Mr. Ndoromo's community

not to associate with him or help him in any other way possible to punish him to accept

the deal of dividing his money seized in half. In *U.S. V. Williams 7 F. Supp. 2d 40, D.D.*

*C. May 29, 1998 and Also, in Bragan  V. Poinexter, 249 F. 3d 476, 481 (6th Cir. 2001)*

The Government informed Mr. Ndoromo that since he refused to divide his money in half. The government will keep all; the money, properties, vehicles, VSCA Documents, Akube Ndoromo personal documents, to punish Mr. Ndoromo to give up some of his money in *Maddox V. Elzie, 238 F. 3d 437 345 U.S. App. D.C. 58,, C.A.D.C. January 12, 2001* and also, in *U.S, V. Suarez, 263 F. 3d 468, 479, (6th Cir. 2001)*.

After long time waiting and harassments from the Government the defendant exercise his constitutional right and filed a civil law sue against the government on December 2005 to return everything seized plus damages. The case was granted on January 2006 and on February 06, 2006 the government retaliated by indicting Mr. Ndoromo to punish him from pursuing his civil case in *U.S. V. Velsicol Chemical Corp., 498 F. Supp. 1255,, D.D.C., September 30, 1980 and also, in U.S. V. Campbell, 410 F. 3d 456, 461 (8th Cir. 2005)*.

The defendant Mr. Ndoromo was indicted and given a plea agreement to lose all his money, properties, vehicles, to pay $250,000.00, and three years probation all these tactics was to deter Mr. Ndoromo from pursuing his money in *U.S. V. Gary, 291 F. 3d 30, 351 U.S. D.C. 380, C.A.D. C. May 24, 2002*. The government was unhappy of Mr. Ndoromo's denial of the plea agreement. The government promised the defendant that the government will do everything to win conviction to punish Mr. Ndoromo of rejecting the plea agreement, and exercised his constitutional rights and statutory rights in *U.S. V. Williams 7 F. Supp. 2d 40, D.D.C. May 29, 1998 and U.S. V. Suarez, 263 F. 3d 468, 479 (6th Cir. 2001)*. The prosecutorial conduct was designed to penalized the defendant for invoking legally protected rights in *U.S. V. Meyer, 810 F. 2d 1242, 258 U.S. App. D.C. 263, 55 USLW 2479,, C.A.D.C. February 13, 1987 and also, U.S. V. Campbell, 410 F. 3d*

*456, 461 (8ᵗʰ Cir. 2005).* This vindictive prosecution alerted to the defense attorney Rita Pendry, but she took no action.

The government was granted trial by the court after defendant's un successfully attempts to dismiss the case and acquittal the defendant. Because Mr. Ndoromo knew, all the elements were defected. The trial motions were on March 23, 2007 to determine whether all the elements will charge an offense. The government had chances to drop the case. The government insists in trial because the government knew the government would prosecute in bad faith calculated to produce a wrongful conviction to punish Mr. Ndoromo in *Bragan V. Poinexter, 249, 3d 476, 481 (6ᵗʰ Cir. 2001)* and also, *U.S. V. Gray, 291 F. 30, 351 U.S. D.C. 380,, C.A.D.C. May 24, 2002.*

The government changed the case in opening statements and closing statements from indictment counts to new charges; (1) the defendant is from Sudan. (2) The defendant saves all his money to bank to take to Sudan. (3) This case is about $ 1.8 Million. (4) The defendant is not helping his own employees then he is not good for community. (5) the defendants is not helping his former girl friend. All these changes from opening and closing statement were to prejudice the jury. So that the jury will be bias in *U.S. V. Heffinngton, 682 F. 2d 1075, 1080 (5ᵗʰ Cir. 1982)* to convict the defendant to punish him in *U.S. V. Campbell, 410 F. 3d 456, 461 (8ᵗʰ Cir. 2005).* Also, see, *U.S. V. Whitehorn, 710F. Supp. 803, D.C. April 11, 1989.* The government knew that defense counsel's interest will burdened her from being effective to object the government biasness. The prosecutions misconduct was not objected to point of calling mistrial to relief the prejudiced jury.

The government seized all the funds from banking accounts to disable Akube

Ndoromo from getting an effective counsel that will meet the Sixth Amendment

Standard. The defendant is a target of racial discrimination and discrimination from his

national origin by his own government. The government had made it clear /confirming its

discrimination at the prosecution; that case about $1.8 Million; that man is from Sudan;

this man save all his money to bank to take it to Sudan. The defendant is a victim of his

color, his national origin, and his success.

### Mistrial based on misconduct

A criminal conviction is not to be lightly overturned on basis of prosecutor's comments

alone. The defendant wants statement must be viewed in context of entire proceedings to

determined whether conduct affected fairness of trial in *U.S. V. Young 470 U.S. 1, 11-12*

*(1985).* The prosecutorial misconduct leveling Mr. Ndoromo that he doesn't help his

own employees which means he is not good in the community in grand jury proceedings

was so egregious that it rendered grand jury proceedings fundamentally unfair in *U.S. V.*

*Nelsonrodriguiz, 319 F. 3d 12, 30 (1st Cir. 2003).*

The prosecutor's comments about Mr. Ndoromo from Sudan, save all his money

to bank to take to Sudan, and rift off American's Tax payers money gives rise to

constitutional violations; 5th Amendment, and 14th Amendment because Mr. Ndoromo is

a U.S. Citizen. The prosecutor's comments that the defendant save all his money to bank,

to take to Sudan is discriminatory, and violation of 4th, and 14th Amendments and warrant

acquittal. The prosecutor's acts constitute egregious misconduct in violation of

defendant's constitutional rights of having a fair trial in *Miranda V. Bennett 322 F. 3d*

*171, 180 (2d Cir. 2003)* and quoting; *Marshall V. Hendricks, 307 F. 3d, 64 (3d Cir.*

*2002*) (the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial). The prosecutorial misconduct bringing Tax report of VSCA 2002 for trial and comments about defendant's former girl friend prejudicially affects defendant Mr. Ndoromo's substantive rights in *U.S. V. Kennedy, 372 F. 3d 686, 696 (4th Cir. 2004)*.

The prosecutor's misconduct was so pronounced and persistent that permeates the entire atmosphere of the trial and prejudice the defendant in *Mason V. Mitchel, 320 F. 3d 604, 635 (6th Cir. 2003). Also see, Simpson V. Jones, 238 F. 3d 399, 409 (6th Cir. 2002)*. Any prosecutorial misconduct or improper remarks or comments warrant mistrial since the remarks are improper and denies defendant the right to fair trial in *U.S. V. Mabrook, 301 F. 3d 503, 509 (7th Cir. 2002)*.

A prosecutor's misconduct will require reversal of court conviction only where the remarks sufficiently infected the trial so as to make it fundamentally unfair, and therefore a denial of due process in *Cargle V. Mullin, 317 F. 1196, 1220 (10th Cir. 2003)*. As mentioned above the defense counsel took no action objecting the misconduct.

### The due process clause.

The due process clause requires the government to prove beyond reasonable doubt every element of the crime with which Mr. Ndoromo is charged. "If the Government fails to sustain its burden of proof on any element, the defendant must be acquitted". Since the government fails to sustain its burden of prove on four elements Mr. Ndoromo must be acquitted. See, LAFAVE AND SCOTT, CRIMENAL LAW §1.8 (2d ED. 1986); McCormick Evidence § 336-337. (18 U.S.C § 983 CFRA 2000) Also see, *U.S. V. Morillo, 158 F. 3d 18, 25, (1st Cir 1989)*.

14

Prosecutor's failure to prove beyond reasonable doubt that Mr. Ndoromo knew his conduct violated law required reversal of conviction for Health care fraud in financial transactions and acquittal in *U.S. V. Ismail, 97 F. 3d 50, 59 (4th Cir. 1996)*. Prosecution's failure to prove beyond reasonable doubt that Mr. Ndoromo knew his own company involve in Mail Fraud letters require reversal of conviction and acquittal of defendant in Winship, 397 U.S. at 363; See, *U.S. V. Marillo, 158 F. 3d 18, 25 (1st Cir. 1998)*.

The prosecution's failure to prove beyond reasonable doubt knowing and purposeful participation and intent to defraud in false pretenses require reversal of conviction and acquittal of Mr. Ndoromo in *U.S. V. Stewart, 245 F. 3d 273, 280 (5th 1998)*. Also see, *U.S. V. Peters, 15 F. 3d 540, 544 (6th Cir. 1996)* prosecution's failure to prove beyond reasonable doubt four major elements required reversal of conviction and acquittal of defendant; *U.S. V. Meadows, 91 F. 3d 851, 857 (7th Cir. 1996) (same); U.S. V. Delpit, 94 F. 3d 1134, 1148 (8th Cir. 1996) (same); U.S. V. Corral-Gastelum, 240 F. 3d 1181, 1184-1185 (9th Cir. 2001) (same); U.S. V. Jones, 44F. 3d 860, 865 (10th Cir. 1995) (same); U.S. V. Satnley, 24 F. 3d 1314, 1321 (11th Cir. 1994) (same)*. Prosecutor's failure to prove Mr. Ndoromo beyond reasonable doubt in all elements of the indictment requires acquittal, but the defense counsel Rita Pendry failed to call for acquittal of defendant because she is ineffective counsel.

### The delay of due process

The government search and seizure of defendants' accounts, entire documents, property, and automobiles was on December 21, 22, 2004. The Government waited for 14 months before indicting Mr. Ndoromo because of defendants' civil law sues on December 2005, and granted on January 2006. The indictment was vindictive; (1) because the

government knew that the charges brought against Mr. Ndoromo were defective. (2) The government wants to punish Mr. Ndoromo of exercising his constitutional and statutory rights. The governments, tactics by intentionally intrusion into attorney-clients relationship was to delay the process with hope that the defendant will run into troubles. . The first attorney was David Boss; he was turn against Mr. Ndoromo by the government. David Boss was interrogating Mr. Ndoromo and forcing Mr. Ndoromo to accepted being guilt. The logic attorney David Boss told Mr. Ndoromo was he could not fight for his rights against the huge government. The second attorney Rita Pendry was trying to be in favor of justice, but the government intentionally intrusion to attorney-client relationship slow Rita Pendry and became ineffective to delay the process. Rita Pendry denied Mr. Ndoromo access to the documents seized in his apartment for his business.

On June 20, 2007, the court appointed to Mr. Ndoromo another attorney, but Rita Pendry convinced him of not being effective. The new appointed counsel Pleasant Brodnax 111 becomes ineffective because Rita Pendry advised him how to proceed in this case for two hours on June 14, 2007. Attorney Pleasant told Mr. Ndoromo on June 20, 2007 that he never received the files yet from the former counsel. However, Rita Pendry told Mr. Ndoromo that attorney Pleasant received the files on June 14, 2007. Attorney Pleasant further ask Mr. Ndoromo if he may accept to be sentence so that he will take this case to appeals court, but denied by Mr. Ndoromo. *See, Marion, 404 U.S. at 324; See, U.S. V. Gouveia, 467 U.S. 180, 192 (1984).*

The government knew that the entire elements in the indictment were defective and government knew that the government failed to proof beyond reasonable doubt, but

16

still the government call for revoke of bond to violate Mr. Ndoromo's constitutional

rights. See, *Acha V. U.S. 910 F. 2D 28, 32 (1st Cir. 1990).*

The Government seized Tax return of VSCA ( year 2000 $150,000.00) Non-profit

Branch and the Government put the defendant Mr. Ndoromo in Jury trial using those Tax

report that was seized in violation of Fourth Amendment because the government exceed

the scope of search and seized warrant. Mr. Ndoromo's counsel Rita Pendry's failure to

suppress the illegally seized evidence in *Northrop V. Trippet 265 F. 3d 372, 383-84 (6th*

*Cir. 2001).*

## **Attention to Court**

*The Department of Health audited VSCA in April 22, 2004. The auditors found*

*VSCA in good standing. There were few errors requested by the auditors to be*

*corrected and the copies of the correction be sent to Department of Health, which*

*VSCA did it within 6 weeks and mail copies to Department of Health. Matter facts the*

*auditing was conducted to see whether they will find any documents showing other*

*branches of VSCA Medicaid Transportation that operates as; (1) Medical Doctors (2)*

*Registered Nurses. The auditing yields nothing about the two individuals.*

*The Department of Health and Medical Assistance Administration alerted the*

*government about these two individuals mentioned above for investigation in 2004.*

*The three government officials; (1) special agent for Department of Health, Alton*

*Malone (2) FBI agent Regina Burris and  (3) U.S. Postal Inspector, Brian Evans took*

*the task of investigating the case. The government ignores the two individuals who*

*were using the VSCA Medicaid Number illegally and turn the investigation against the*

*victim (VSCA and Mr. Ndoromo). The reason they always give was that because the*

17

*owner of VSCA is from Sudan and the court always agrees with them. The Medical Assistant Administration suspended these two individuals using VSCA Medicaid Number illegally in 2005. The two individuals illegally started using VSCA Medicaid Number in years 2002, and 2003. The defense attorney knew about it and alerted the court in prosecution day March 28, 2007, but the court did nothing and the defense counsel never taken any action.*

### Hearsay evidence

The evidence about Khatrina Foster; the government's claim was untrue because Khatrina Foster was born with mental disability. Most of her life stays under treatment, sometimes at St. Elizabeth or other rehabilitation centers. She can't do things in the house without help of somebody. If she was arrested she will not be taken to DC. Jail or to CTF or CCA Jail, but to St. Elizabeth. The defendant Mr. Ndoromo wants the counsel to challenge government to bring Khatrina Foster her self from jail, and or the documentations. The government couldn't bring Khatrina Foster neither the documentations and the defense counsel Rita Pendry failed adequately to object or investigate and develop mitigating evidence for presentation phase in Khatrina Foster's witness part constituted deficient performance because such failure could not be viewed as reasonable trial strategy in *Answorth V. Woodford 268 F. 3d 868, 873-74 (9th Cir. 2001).*

Mr. Ndoromo's Counsel failure to call Khatrina Foster to testify was ineffective assistance because testimony of Khatrina Foster would have rebutted prosecutions hearsay evidence which is already a weak case; *Pavel V. Hollins, 261 F... 3d 217-18 (2d Cir. 2001).*

## **Grand Jury violations**

The Fifth Amendment requires a legally constituted grand jury for a valid indictment; an indictment requires 12-jury vote. However the trial must be 16-23 members of jury. In Mr. Ndoromo's trial there were 14 jury selected. It is a violation of United States Constitution Amendment V1; 28 USC §1861 (2000). The act provides that all litigants in courts entitled to trial by 16-23 juries. Shall have the right to grand and petit juries selected at random from a fair cross-selection of the community in the District or Division where in the court convenes, but Mr. Ndoromo's attorney Rita Pendry objected to trial judge's idea that let the jury being selected from Mr. Ndoromo's community.

Community discrimination in selection of grand jury strikes at fundamental values of judicial system and society by denying Mr. Ndoromo right to equal protection of the laws. And remains valid ground for setting aside proper criminal conviction in *Rose V. Mitchell, 443 U.S. 545, 557 (1979)* an equal protection to Mr. Ndoromo claim challenges as disparity injury selection and composition on basis of discrimination purposely in *Duren V. MO., 439 U.S. 357, 369 N. 26 (1979).*

The defendant is requesting the Court to appoint advisory standby counsel to assist in back court mechanics in this reverse of conviction motion in doctrine of U.S. V. Campbell, 874 F. 2d 838, 847 (1st Cir. 1989) Standby counsel did not interfere with defendants pro se representation. Also *see, U.S. V. Lawrence, 161 F. 3d 250, 253 (4th Cir. 1998) (same). Tate V. Wood, 963 F. 2d 20, 26 (2d Cir. 1992) (same). In addition, See, Fow V. Collins, 253 F. 3d 244, 249 (6th Cir. 2001).* The Sixth Amendment implies a right of self-representation in this motion.

**WHEREFORE**, under the performance prong of S*tricklyand*, there is a "strong presumption that counsel's strategy and tactics fall" within the wide range of reasonable professional assistance.  The Strickland standard is rigorous, and the great Majority of Habeas petition that all age constitutionally ineffective counsel founder on that standard in *Lindsadt V. Keane, 239 F. 3d 191, 199 (2d 2001*). However, in this case there are various kinds of government interference with the defense counsel's assistance and the counsel was burdened by an actual conflict failures to conduct independent investigation into mitigating evidence in *Carter V. Bell, 218 F. 3d 581, 596 (6th Cir. 2000*).  All the above mentioned evidence fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defendant resulting in an unreliable and fundamentally unfair outcome of the proceeding. The defendant is praying for acquittal of false charges and dismiss of the indictment.

**NOTARY PUBLIC:**

**Copy:**
U.S. Attorney
U.S. Attorney's Office
Washington, D.C. 20003

*Pro se*

**Akube Wuromo Ndoromo**
6943 Glenheight RD
Baltimore MD 21215
or
(Akube James)
DCDC 309364
C.C.A./C.T.F.
1901 E. st.se.
Washington,DC20003

SHAME'KA C. BIVENS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 30, 2011

## Certificate of Service

    **I declare under penalty of perjury that the fore mention is true to the best of my knowledge and belief.**