UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Cr. No. 06-0019 (EGS) |
| v. | : | |
| | : | |
| | : | |
| AKUIBER NDOROMO JAMES | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE**

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant's Motion for Release Pending a Motion for New Trial and/or any other Post-Trial Motion. Defendant has failed to meet his heavy burden under 18 U.S.C. Section 3143, and therefore, his motion should be denied. In support of this opposition, the Government states the following:

1. On March 30, 2007, defendant, an immigrant of Sudanese descent, was convicted of 18 federal violations relating to his scheme to defraud the District of Columbia's Medicaid program, including Health Care Fraud (18 U.S.C. §1347), Making False Statements Regarding Health Care Matters (18 U.S.C. §1035(a)(2)), and Money Laundering (18 U.S.C. §1957). Based upon these convictions, the Court could sentence defendant to 145 years in prison.[1]

---

[1] Defendant incorrectly claims that under the U.S. Sentencing Guidelines, the Court could sentence him to a period of probation. As this Court is aware, the Court can consider the entire loss caused by defendant's fraudulent conduct when calculating his offense level. See U.S.S.G. Section 2B1.1. In this case, the government presented evidence that defendant fraudulently billed Medicaid approximately $1.8 million during the prosecution period. At a minimum, defendant's offense level calculation begins at level 20 with a corresponding range of 33 to 41 months. Furthermore, the Court is free to impose a sentence greater than the applicable guideline range. As

2. Immediately following the jury's verdict and upon the Government's oral motion to revoke defendant's release conditions, the Court ordered defendant detained pending sentencing.

3. Since his conviction, defendant has repeatedly sought his release. The Court has denied each request, having found that defendant has failed to meet his burden under the Bail Reform Act. See 18 U.S.C. Section 3143(a)(2) (detention should be ordered unless the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.").

4. On September 26, 2007, defendant, through his newly appointed counsel, filed the instant motion seeking his pre-sentence release. Defendant claims, with no factual or legal support, that he should be released to assist his counsel in "preparing a motion for new trial in this case." Although he has stated that his request for release "is well-grounded in the law pursuant to 18 USC § 3143(b) and under settled case," he has once again failed to carry his burden. He has not alleged any additional facts or circumstances that could establish that he is not likely to flee or pose a danger to the community if released.

---

such, the Court could impose a 145 year period of incarceration.

WHEREFORE, for the reasons previously stated by the Court and the reasons stated herein, the Government respectfully requests that his Motion for Release be DENIED

    Respectfully submitted,

    JEFFREY A. TAYLOR
    UNITED STATES ATTORNEY


    _____/S/_____
    SUSAN B. MENZER
    Assistant United States Attorney
    Bar No. 421007