# UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

AKUBE W. NDOROMO  
CCA/CTF  
DC# 309-364/314-144  
1901 E Street SE  
Washington, DC. 20003

: Criminal No. 06-019 (EGS)

V.

JUDGE: EMMETT G. SULLIVAN

**FILED**

**JAN 10 2008**

NANCY MAYER WHITTINGTON, CLERK  
U.S. DISTRICT COURT

### Newly Obtain Information for Motion to Recusal Judge Emmett G. Sullivan before Motion for New Trial and /or any other desire post trial Motions and January 8, 2007 Status Hearing Under Title 28 U.S.C. § 455

The Plaintiff moves this Honorable District Court to recusal this Judge due to reasonable doubt of his impartiality. This judge has responded to motions filed by the Plaintiff without government responds to the motions No. 53, 54, and 55. This judge has show his attachment to the government stated below. This motion is timely filed in *U.S. v. First, 886 F. 2d 558, 580-81 (3d Cir. 1989)* Section 455 motion timely when defendant filed motion after decision because motion aimed at upcoming phase of the case and the up coming hearing on January 08, 2008 status hearing is not a good time because even if the plaintiff is not guilt has serve a maximum prison time see, Fed.

1

Guide lines November 01, 2006 in reference to sentence at Health Care Fraud 18 U.S.C. § 1347. In addition, see, *Travelers Ins. Co. v. Lilijeberg enters, 38F.3d 1404, 1410-11 (5th Cir. 1994)* one seeking disqualification under Section 455 must do so at earliest moment after obtaining knowledge of facts demonstrating basis for disqualification.

Due process requires that a Judge posses neither actual nor apparent bias. If actual or apparent judicial prejudice exists either against, or in favor of a party, title 28 U.S.C § 455 provide mechanisms for a Judge's recusal. Section 455 allows *Sua Sponte* recusal or recusal prompted by a timely motion file by any party.

Section 455 (a) provides for recusal on the ground that a Judge's impartiality may reasonably be questioned. While section 455 (b) (1) provides for recusal when a Judge has a personal bias or prejudice. As with section 144, the grounds for recusal under § 455 must usually stem from an extrajudicial source. Section 455 (b) also provides for recusal when the judge has personal knowledge of disputed evidentiary facts.

On September 12, 2007, the defendant retains his own personal attorney. The attorney ask for defendant's bond the judge responded that even if he is going to denied the bond let the Appellant counsel file the motion. That is a threat sent by judge. See, *U.S. v. Young, 39 F. 3d 1561, 1570 (11th 1994)* Judgment need to be vacated only when conflict of interest readily apparent and risk of impartiality substantial. In addition, see **Akube W. Ndoromo v. (Judge) Emmet G. Sullivan D.C. District Court Cir. 2005.**

On September 5, 2007 status hearing, the defendant ask about motion file on August 20, 2007, for release in bond the judge denied, "I am not going to release you." See the sentence guidelines, the Minimum of jail time is 8 months, the maximum is 14 months. The defendant is in jail for 7 months. The judge granted government's

opposition motion release because speaks about "defendant an immigrant of Sudanese descent" the judge is known to have bias about people from Sudan or Africa. The Government further states that "based upon these convictions, the court could sentence defendant to 145 years in prison" knowingly this said presentation is untrue see 18 U.S.C. § 1347, but the judge believe it to be true because defendant is from Sudan in *U.S. v. $292,888.04 in US Currency, 54 F.3d 56, 566 (9th Cir. 1995)*. Section 455 requires Judge to disqualify self Sua Ponte if impartiality reasonable questioned or if Judge has personal bias or prejudice against a party like this judge in Mr. Ndoromo's case. In addition, he said, the defendant steals $1 Million from Americans Tax payers'. Moreover, prosecutor prejudice the defendant in front of jury used the same wards. See, *Sale v. Grant, 158 F. 3d 768, 781 (4th Cir. 1999)* extreme favoritism or antagonism on Judge's part owing to Judicial source may warrant recusal.

    Title 28 U.S.C. § 455 (b) (1) (2000). This judge has enough knowledge about this case because the government civil case against Mr. Ndoromo is with him, and Mr. Ndoromo's civil case against the government is with him. Government briefed this judge in many occasions against Mr. Ndoromo been a Sudanese immigrant. In *Edgar v. K.L.., 93 F. 3d 256, 259 (7th Cir. 1996)* Section 455 recusal required because Judge received off-record briefing on relevant facts from appointed panel of experts. See, *U.S. v. Microsoft Corp. 253 F. 3d 34, 114 (D.C. Cir. 2001)* disqualification of a Judge under section 144 requires filing affidavit while the case is in District Court while Section 455 does not. See, *Alexander v. Primerica Holdings, Inc., 10 F. 3d 155, 162 (3d Cir. 1993)* Section 455 requires judge to disqualify themselves Sua Ponte whenever impartiality might reasonable be questioned.

The eleven circuits has held that though conditions that would indicate recusal may stand on appeal if the risk of harm to the parties involve is not severe, the risk of injustice in other cases is not severe, and the risk of undermining the public confidence in the judicial system is not severe then the judge might not be Recusal.

On June 4, 2007 after the defendant taken back court the prosecutor, Judge, and Defense attorney were discussing how they goad the defendant to this conviction without the jury realized it, and they were laughing, but Mr. Ndoromo's sister was in the courtroom sitting waiting to hear what they talking. When they found out that Mr. Ndoromo's sister was listening to what they were talking about, everybody left the courtroom very shocked. See, *U.S. v. Cerceda, 172 F. 3d 806, 812 (11th Cir. 1999)*. Also See, *Edgar v. K. L.., 93 F. 3d 256, 257-58 (7th Cir. 1996)* Section 455 timely when made by defendants 2 weeks after discovering judge discussing merits of case with appointed panel of experts. See, *U.S. v. Kelly, 888 F.2d 732, 746-47(11th Cir. 1989)* Section 455 motion timely although filed within 1 month of verdict and defendant aware before trial that defense counsel and judge had indirect social relationship. On June 20, 2007, the defendant was given a new attorney he asks about the bond. The judge responded this is somebody who has stolen $1 million from American people.

On June 4, 2007, the defendant motion to relief counsel granted and judge suggested that the defendant was entitled for bond. Because he knew, he is going to appointed ineffective attorney that has interest, and will not filed for bond.

The judge knows that Carol votler was not supposed to be in Akube Ndoromo trial see, *Akube W. Ndoromo v. Emmett G. Sullivan (D.C. District Court 2005)*. Carol Votler and Akube Ndoromo had a bad dispute among themselves. Judge's impartiality

4

reasonable questioned because his courtroom and chambers were disappointed by defendant because member of staff Carol Votler had dispute with Akube Ndoromo in *Nichols v. Alley, 71 F.3d 347, 352 (10th Cir. 1995)*. Carol Votler took the jury to lunch they came back and reach verdict in 30 minutes.

On March 30, 2007 when the defendant wrongfully convicted, the prosecutor suggested 64 months, but the judge says it will be much higher than that. Judge's comments was in violation of health care fraud sentence guidelines reference to 18 U.S.C. §1347 November 01, 2006. See, *U.S. v. Jordan, 49 F. 3d 152, 159 (5th Cir. 1995)* judgment need to be vacated only when appearance of actual bias at trial. See *U.S. v. Kelley, 712 F.2d 884, 889 (1st Cir. 1983)* Facts sufficient if create reasonable doubt concerning Judge's impartiality in mind of reasonable man. See, *Henderson v. Dep. of Pub. Safety and Corp. 901 F. 2d 1288, 1296 (5th Cir. 1990)* Facts sufficient if would convince reasonable man of extrajudicial bias.

The juries come out with guilt verdict about the defendant. The judge violated health care fraud law by instructing the jury to vote on seizing the defendant's Money Automobiles, and everything. In violation of the health care fraud 18 U.S.C. § 982 (a) (7), and reference to Fed. 585 Determination of loss caused by crime involving fraud or deceit, under United States sentencing guidelines § 2F1.1 (U.S.S.G) (2000). On March 30, 2007 the prosecutor call for revoke of bond the judge agree and order defendant to be detained waiting sentence, and he knew the indictment is defective.

On March 29, 2007, closing statement in bad comments the judge took no action to call for mistrial based in prosecutor's misconduct. The defense attorney objected it, but since the judge was not responding to her objection, she allowed it to continue.

On March 28, 2007 the government failed to proof beyond reasonable doubt that the elements charging an offense. The trial Judge took no action to dismiss the case or acquitted the defendant. On March 28, 2007, the government drops four elements because it failed to charge an offense the judge failed to dismiss the indictment.

On March 27, 2007, the government failed to establish that there was a Health Care Provider claiming loses damages, or injuries as result of Health care fraud. The judge took no action to dismiss the charges. On March 27, 2007, the government put the defendant on trial using evidence seized in violation of fourth Amendment. The trial judge took no action to suppress it. On March 27, 2007, the prosecutor's bad remarks continue without objection from defense attorney or from the trial judge.

On March 26, the prosecutor's opening statement prejudices the defendant, but judge never taken any action.

On March 23, 2007, status hearing the defendant challenges the indictment, but trial judge denied by says he does not believe whatever the defendant was says. On March 23, the defendant want to suppress evidence seized in violation of fourth Amendment the trial judge denied.

On September 2006, the judge ordered both counsel to file their final motions due to November 14, 2006 the Government violated the dead line, didn't filed for extension, filed January 16, 2007, and granted. in *Murray v. Scott, 253 F. 3d 1308, 1313 (11th Cir. 2001)* Section 455 recusal required when Judge was counsel of record in earlier related case and may have knowledge of dispute facts. Like this judge.

On February 16, 2006, status hearing when the case was transferred from Magistrate judge to trial judge for determination. The Trial Judge welcomed the

defendant by saying, you are indicted I am going to detained you and he detained Mr. Ndoromo for 7 days reference *to Akube W. Ndoromo v. Emmet Sullivan D.C. Cir. 2005*. (He put comments in court records that detain due to bench warrant and is untrue.) The government opposed that detention of Mr. Ndoromo.

The judge in this case denied all the motions filed by defendant or defendant's counsel. The only motion granted was to relief the counsel. All the governments' motions granted, and sometimes the judge respond to defendant's motion in behave of the government. See, *Walberg v. Isreal, 766 F.2d 1077-78 (7th Cir. 1985)*. Due process violated because judge appeared to have decided defendant's guilt at start. See, In re *Boston children's First, 244 F.3d 164, 167 (1st Cir. 2000)* whether facts provide what an objective, knowledgeable member of public would find to be a reasonable basis for doubting judge's impartiality. See, *U.S. v. Whitman, 209 F.3d 619, 625 (6th Cir. 2001)* due process violated because judge repeatedly appointed attorneys that have interest in government. See Document 58 (Motion about ineffective counsel).

On September 5, 2007 the trial judge told the defendant that he knew the attorneys he was appointing to represent Mr. Ndoromo have relationships with government prosecutors. The judge knew that all the attorneys he was appointing to Mr. Ndoromo have relationships or interest in government, but the judge appointed them. The defendant Mr. Ndoromo went to trial represented by ineffective attorney in, *Holloway, 435 U.S. at 484,* Violation of right to effective assistance of counsel because trial judge failed to investigate claim of possible conflict of interest on part of defendant's attorney. Also See, *U.S. v. Greig, 967 F.2d 1018, 1022 (5th Cir. 1992)* violation of right to effective assistance of counsel because trial court knew of conflict of interest but failed

to conduct further inquiry. And See, *U.S. v. Gallegos, 108 F.3d 1272, 1282 (19th Cir. 1997)* violation of right to effective assistance of counsel because trial court knew of conflict of interest but failed to obtain either waiver or protect right to conflict free representation.

On May or June 2006 first status hearing when Assistant U.S. Attorney Roy Austin took over from Assistant U.S. Attorney Robert Bowman. The trial judge ask Roy Austin about this case, Roy responded that he does not know about this kind of case. The second Assistant U.S. Attorney William Cowden came with Roy Austin. William Cowden takes over the questions from the judge and he said. The government has violated Mr. Ndoromo's Fifth Amendment and government more violated Mr. Ndoromo's constitutionally rights by indicting him. The judge took no action to drop the case because Mr. Ndoromo and Carol Votler had dispute among themselves and the judge is holding Mr. Ndoromo for that in *U.S. v. Kelly, 888, F.2d 732, 745 (11th Cir. 1989)* Recusal required because defense witness's wife friend of Judge's spouse and judge expressed repeated doubts propriety of continuing to hear case.

February 16, 2006 statuses hearing the judge was supposed to dismiss the indictment because Mr. Ndoromo's civil law sue is with him and government indictment will be vindictive. See, *Liljeberg v. Health Servs. Acquisition Corp. 486 U.S. 847, 862-64 (1988)*. In liljeberg, the Supreme Court concluded that in determining whether a Judgment should be vacated for a violation of 455. Courts must consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the justice

8

process id at 864. Some Circuits appear to find the first Liljeberg factor disparities if a real risk to the moving party ids not shown.

On October 18, 2007, court set a status hearing for bond review on October 24, 2007, but on October 24, 2007, bond review was held without the Pre-Trial sentence report or representation. The judge ask appellant attorney to present his augment, but before the appellant attorney can speak the court attack him by saying " I am not going to release him". Somebody who steals peoples money. If I release him, he will steal somebody's money again. This judge has indicated that he will never release the appellant even if he is not guilt and make sure appellant must be found guilt to sentence him to life in prison.

This judge has held Mr. Ndoromo to answer for a capital and infamous crime based on empty indictment before grand jury.

This judge has allowed fatally defective indictment to be presented to grand jury for deliberation.

This judge has allowed government to drop four elements in absents of jury or when jury discharged, and never briefed the jury about dropped elements.

This judge knows that, the health care indictment is insufficient and defective because of "convicted in health care fraud 18 U.S.C § 982 (a) (7)." See *Akube W. Ndoromo v. President; George W. Bush v. Attorney General: Alberto Gonzales v. District of Columbia Attorney; Kenneth Weinstein D.C. District Court January 2006.*

This judge ignore defendant's claim of two individuals illegally using VSCA Medicaid Number since 2002, and 2003- 2005. He never orders any investigation.

On October 18, 2007, the plaintiff attorney was telling the judge about the records

9

which says that Mr. Ndoromo was released. The judge responded that he is a criminal currier who have too many arrests that is why there are two different numbers; (1) 309-364 (2) 314-144 in *Walberg v. Isreal, 766 F. 2d 1077-78 (7th Cir. 1985) and See, Document 56 Release motion about Mr. Ndoromo's criminal record.*

On March 30, 2007, the judge clerk Carol Votler intentionally and knowingly filled Mr. Ndoromo's detention form as Akibar James and the judge knowingly signed it to create a confusion so that Mr. Ndoromo will not be found in *Travelers v. Lilijeberg enters, 38 F. 3d 1404, 1410-11 (5th Cir. 1994).*

The judge assigned Rita Pendry and Pleasant Broadnax to represent Mr. Ndoromo, but these are government attorneys that protect Government agents or officials if they violated the law. For example, Pleasant Broadnax representing federal Marshal who was indicted on charges that he beat a handcuffed prisoner at D.C. Superior Court.(the case in D.C. Court now). The judge knowingly and intentionally picked these attorneys to help government convicted Mr. Ndoromo as cover up for the Doctor and Nurse who used VSCA Medicaid Number illegally since 2002-2005 in *U.S. v. Greig, 967 F. 2d 1018, 1022 (5th Cir. 1992).*

On September 5, 2007, Mr. Ndoromo request if he may find his own attorney and the court or government will pay. The verbal request was granted by court and approved by government. On September 12, 2007, the new attorney took over the case, but he became ineffective because the court or government never paid him as agree upon approval. So Mr. Ndoromo had no way to keep him, but to relief him.

The defendant requested transcripts of the trial and status hearing, and was granted by the court, but Mr. Ndoromo never received the transcripts since April 2, 2007,

10

another request, June 4, 2007, another request June 20, 2004, another request September 5, 2007, another request September 12, 2007, another request October 24, 2007, all these requests turn out to be negative none of them really turn out positive to give Mr. Ndoromo the transcripts requested and was delayed by this judge.

Since April 23, 2007, the plaintiff meet with the probation officer to determined his pre trial status report, but up to now, Mr. Ndoromo never received any pre trial sentence report. It is block by this judge.

The Judge and Kenneth Weinstein are best friends. Kenneth Weinstein authorized the government agents to search and seize Mr. Ndoromo's business in December 21, 22, 2004 after been alerted by health care department about two individuals; (1) Medical Doctor (2) Medical Nurse using the VSCA Medicaid number illegally. The Government closed VSCA business to cover up crime committed by these two people and the judge is helping the government to cover up the crime by locking Mr. Ndoromo to prison.

This judge is holding Mr. Ndoromo to pay for a crime committed by Medical Doctor and Medical Nurse for his friend Kenneth Weinstein. To examine these facts; refer to U.S. Assistant Attorney Linda McKinney, William Cowden, and Robert Bowman, also refers to Mr. Ndoromo's former attorney Rita Pendry in Akube W Ndoromo v. President; George W. Bush v. Attorney General; Alberto Gonzales v. U.S. Attorney Kenneth Weinstein also see, *U.S. v. Kelly*, 888, *F. 2d 732, 745 (11th Cir. 1989)*.

Section 4a1.3a: Says departure under this provision is warranted when the criminal history category significantly less serious than that of most defendants in the same criminal history category, and therefore consider a downward departure from the

guidelines. Mr. Ndoromo has 8 Months in prison he was suppose to be release in 6 months time according to the law, but this judge will never release him for life to cover up the crime committed by Medical Doctor and Medical Nurse.

Crime Level is "c" and 11, Criminal history points is "0", the minimum prison time is 8 Months the Maximum time is 14 Month. The Appellee has 8 Months in prison. See health care sentence guidelines on 18 U.S.C. §1347 effective August 21, 1996, and See, U.S. v. Mermelstein, E.D. N.Y. 2007 F Supp. 2d 242. Also see, U.S. v. Singh, C.A.2 (N.Y.) 2004, 390 F3d 168.

This judge knowingly and intentionally allow the health care pretenses to be presented before the grand jury, and he has enough knowledge that, the government has seized Akube Ndoromo banking accounts, VSCA banking accounts, and shut down the business of A. Ndoromo the VSCA in violation of Health Care Fraud 18 U.S.C. §§1347 and 982 (a) (7). See health care fraud counts meet the constitutional requirements for specificity, particularly when consider in light of bills of particulars provide by the government in *U.S. v. Memelstein, E.D.N.Y 2007, 487 F. Supp. 2d 242.*

**Wherefore**, this judge is holding Mr. Ndoromo in prison to cover up a crime because he is a best friend of Kenneth Weinstein and Kenneth Weinstein indicted Mr. Ndoromo to cover up criminal activity that were committed by the Doctor and Nurse. This judge is locking up Mr. Ndoromo to pay for crimes that were committed by Doctor and Nurse and the judge make Mr. Ndoromo to pay for it. This judge seriously punishes Mr. Ndoromo disregarding the truth.

*Pro se*

_____
**Akube Wuromoni Ndoromo**

Or
Akube James
CCA/CTF
DC #309364
1901 E Street SE
Washington, DC 20003

Copy to:

U.S. Attorneys Office.

**NOTARY PUBLIC**

**I satisfy under penalty of perjury that on going motion is true to the best of my Knowledge.**

13