# UNITED STATES CIRCUIT COURT
## FOR DISTRICT OF COLUMBIA

AKUBE W. NDOROMO
CCA/CTF/JAIL
DC# 309-364/314-144
1901 E. Street S.E.
Washington, DC. 20003

Copies to: Judge
AUSA – Special Proceedings
Dft.

Criminal No. 06-019 (EGS)

V.

JUDGE: EMMETT G. SULLIVAN

**FILED**
JAN 30 2008
Clerk, U.S. District and Bankruptcy Courts

### Reply Memorandum to Government opposition to Judge's Recusal

The defendant as *Pro Se* moves this Honorable Court to recuse Trial Judge due to reasonable doubt of his impartiality. This judge has showed his biasness and he encourages the government to commit more perjury. See, *Travelers Ins. Co. v. Lilijeberg Enters 1410-11 (5th Cir. 1994)* one seeking disqualification under 28 U.S.C. § 455 must do so at earliest moment after obtaining knowledge of facts demonstrating basis for disqualification. The judge's refusal to recuse himself is immediately reviewable under Writt of Mandamus, see, In re *U.S., 158F. 3d 26, 30 (1st Cir. 1998)* refusal to recuse immediately reviewable. In re, *Antar, 71F. 3d 97, 101 (3d Cir. 1995)* Judge's recusal decision under section 455 (a) reviewwable on petition for Writt of Mandamus. In re, *Beard, 811F. 2d 818, 827 (4th Cir. 1987 (same): Morozsan v. U.S. 90F. 3d 1284, 1290 N. 9 (7th Cir. 1996) (same).*

Copies forwarded to
Judge Sullivan
AUSA Susan Menzer
Kevin McCants, Esq.
Defendant

**RECEIVED**
JAN 30 2008
Clerk, U.S. District and Bankruptcy Courts

1

**Legal Argument**

Due process requires that a Judge posses neither actual nor apparent bias. If actual or apparent judicial prejudice exists either against, or in favor of a party, title 28 U.S.C § 455 provide mechanisms for a Judge's recusal. Section 455 allows *Sua Sponte* recusal or recusal prompted by a timely motion file by any party.

Section 455 (a) provides for recusal on the ground that a Judge's impartiality may reasonably be questioned. While section 455 (b) (1) provides for recusal when a Judge has a personal bias or prejudice. As with section 144, the grounds for recusal under § 455 must usually stem from an extrajudicial source. Section 455 (b) also provides for recusal when the judge has personal knowledge of disputed evidentiary facts.

**Background**

The Government knowingly and willingly seized Eight Bank Accounts in reference to 18 U.S.C.§ 2113 (a) totaling $1.2 million using illegal warrants in *U.S. v Wilem, 80F. 2d 116, 121-22 (4th Cir. 1996)*. In violation of Banking Insurance 18 U.S.C. §§1812, and 1813. In violation of Health Care Fraud 18 U.S.C. §§1347, 1035 (a) (2) and 982 (a) (7). Also in violation of wire Fraud 18 U.S.C. § 1343, in violation of mail fraud 18 U.S.C. §1341, and in violation of Money laundry 18 U.S.C. §§1956, 1957, and shut down the VSCA business without court order on December 21, and 22, 2004, in violation of Fifth Amendment and Fourteen Amendment.

The government filed civil suit on February 18, 2005, to forfeit what they seize and the case was assigned to this judge for ruling, which he was supposed to dismiss it due to seizure of banking accounts and shut down the business of VSCA. The judge

2

violated Mr. Ndoromo's Sixth Amendment by not properly ruling to dismiss the case because the government mention in the motion that Mr. Ndoromo is from Sudan, and he hates people from Sudan or Africa in violation of Fourteen Amendment. Since then this judge is trying hard to convict Mr. Ndoromo to cover up his mistakes as well as the mistakes committed by government seizure of banking accounts, and shutting down the business of VSCA. See, *U.S. v. Memelstein, E.D.N.Y 2007, 487 F. Supp. 2d 242.*

The Government destroys VSCA and Mr. Ndoromo to conceal Government's interception of VSCA funds going to account about $375,000.00 for three months August, September, and October 2004. Further, to conceal the Doctor and Nurse that were using VSCA Medicaid number illegally since 2002, 2003-2005. Because the Government was under investigation by Mr. Ndoromo for the money intercepted illegally without Court Order, the Doctor and Nurse were under investigation by Health Department, and judge used his powers to lock Mr. Ndoromo to prison to help Government corruption. However, title 28 U.S.C. § 455 (a) denies judges biasness and demanding *Sue Ponte* recusal.

### Judge's Biasness or Prejudice

In beginning day of trial March 26, 2007, how the judge government and defense attorney goad Mr. Ndoromo into this conviction. "The court: Actually, I have money laundering, false statements related to healthcare, the wire fraud. What we have done is kind of tracking the language of statute for the healthcare fraud and the false statements related to healthcare matters. I don't know if you have something more comprehensive than that or not. I can show you both what we have. There wasn't anything really in the red book or the federal practice book." **(Perjury and Obstruction of Justice)** "Mr.

3

Austin: I'll get the court and defense counsel something. Probably right after the lunch break I'll be able to get something." (**Perjury and Obstruction of Justice**) The question that Mr. Ndoromo and public is asking the judge, is what was that something that was given to him to allow fatally defective and empty indictment to be presented before jury.

On March 21, 2007, this judge had made it clear that he can't believe a private citizen when comes to cases that government illegally intercepted funds going to VSCA and used illegally warrants in reference 18 U.S.C. §2113 (a) to seize Banking accounts $1.2 million. Further, the Court want Mr. Ndoromo to be found guilty to sent him to prison for live to conceal the government corruption of intercepting funds of private citizens without court order and shutting down business of VSCA without court order, and judge's violations of Mr. Ndoromo's due process by attaching himself to government side.

"On March 21, 2007, "Ms. Pendry: Well, I submit to the court that what we have here is sort of callous disregard to people's rights with these teams coming in, storming people's apartments, 10 and 12 agents at a time, to execute search warrants in a white collar crime case and storming people's apartments"… "The Court: what are they supposed to do? They don't know who's on the other side of the door, they don't know whether—I mean, they were investigating a pretty significant alleged theft here, what, over a million dollars or so." (**Judge had decide before trial that Mr. Ndoromo is thief**) "The Court: we can do that. I just finished one. It was wire fraud. What is this, mail fraud? "Mr. Austin: **Healthcare mail wire**. "The Court: all right. What's the government offering in this case? (**Asking Government to commit more Perjury**)

4

"Mr. Austin: I honestly cannot recall the specific offer. It was a very generous offer." **(Perjury and Obstruction of Justice)** "The Court: tell me what it is." **(Forcing the government to commit more Perjury)** "Mr. Austin: I don't have my paper work." The Court: what was his voluntary guideline? Do you recall what it is?"

March 21, 2007, the court was so excited to take Mr. Ndoromo to trial because the judge knew that three of them; Judge, Government, and defense counsel is against Mr. Ndoromo. "The Court: maybe that's too powerful. Maybe I should just reject it as not being persuasive. I find the law enforcement officer's testimony more persuasive at this point." "The Court: it may well be that a jury of his peers will find to the contrary, I don't know. But I find that the law enforcement officers, both, are more credible at this point than either the defendant and/or his witness, a former employee." "Mr. Austin: For the reason the government would ask that all three of the motions, the motion to suppress evidence, the motion to suppress statements, and the motion to dismiss the indictment, all be rejected." "The Court: For the record, I will at this point deny the motion to treat the motions as conceded. That's denied. With respect to the remaining three motions Ms. Pendry, why should I credit your client and disbelieve the law enforcement." "Ms. Pendry: I am sorry, your Honor?" "The Court: why should I credit your client and reject the testimony of the law enforcement officer?" "The Court: what about national origin? Sometimes I give that. Do you want me to give that or not?" **(Hatred towards Sudanese** or **African)**.

On March 29, 2007, the court, government, and defense counsel they prevented the jury from looking at the indictment. Because they found out that if the juries see the indictment will not believed them. Further, the court knowingly and intentionally asks

5

the government and defense counsel if they may change the indictment in the instructions and verdict form to convict Mr. Ndoromo falsely. The court took some sentence from Mr. Ndoromo's co-defendant case. Which means all the instructions presented to jury was from the co-defendant trial. The question is who is the co-defendant?

"The Court: no need to send what back?" "Mr. Austin: The indictment back. I'll leave it up to the court." **(Forcing Judge to Commit Perjury)** "The Court: I think I said I would send the indictment back. Actually, everything is in the instruction and the verdict form. And, again, it's not evidence, but it's laid out all the counts, as to what the charges are. So you won't ". **(Perjury and Obstruction of Justice)**.

"The Court: counsel, we may have to make a change to those two counts that allege interstate commerce. The last sentence, if you find beyond a reasonable doubt that Medicaid was a healthcare…"Mr. Austin: what page?" "The Court: I'm sorry, 26. The last sentence. If you find beyond a reasonable doubt that Medicaid was a healthcare benefit program effecting interstate or foreign commerce, then the first element of the crime is satisfied." "The Court: and that will be changed with respect to it's healthcare fraud and the false statement. I'll just change that language to mean then the commerce element of the crime is satisfied or that portion of the crime is satisfied." **(Perjury and Obstruction of Justice)** "The Court: all right. If you turn to page 39, probably 39 of yours, the last sentence, again, it just needs to be consistent." "Mr. Austin: that sounds right." The Court: do you see that? It's very complicated, but Christie has been wrestling with these things longer than any of us." **(Perjury and Obstruction of Justice)** "The Court: oh, each defendant. That was a co-defendant case. I agree. We took it from a co-defendant case." Who is the co-defendant **(Obstruction of Justice)**?

6

The trial ends on March 29, 2007, the judge, prosecutor, and the defense attorney terminated the trial without the second phase of the trial for the defendant to present the second phase of the trial. To Mr. Ndoromo to defend himself and prove his innocent before the jury can rest for verdict in violation of Sixth Amendment and Fourteen Amendment.

See, "Health Care Fraud counts in indictment met the constitutional requirements for specificity particular when consider in light of the bills of particulars provided by the government; health care fraud counts alleged (1) the time frame of the scheme (2) the scheme's victims, (health care providers) (3) the perpetrators of the scheme, (in both side) (4) the place where the scheme was perpetrated from stating location to ending location, (5) the purpose of the scheme, and tracked the language of the statute 18 U.S. C. § 1347. or is insufficient see *U.S. v. Mermelstein, E.D.N.Y. 2007, 487 F.Supp.2d 1215.*"

Absent any allegation whatsoever in indictment, which charges to obtaining something of value by false pretenses with intent to defraud. As to what the false pretenses were, the indictment was fatally defective and should have been dismissed upon timely objection on March 21, 2007; the United States Attorney or the judge was not vested with authority to insert allegations as to the bill of particulars. Fed.Rules Crim.Pro. Rules 7 (f), 12 (b) (2), and 18 U.S.C. A. E. §22-1301(a).

### Fourth Amendment violations

The government came on December 22, 2004 with search warrants to Mr. Ndoromo's Apartment not arrest warrant. The government knocked at the door when Mr. Ndoromo was trying to check who was that, the government forces their way in and had Mr. Ndoromo under hand cuffs for two hours. The hand Cuffs taken off, but the agents ask Mr. Ndoromo to remain sit to be interrogated and was not allow answer to the phone or move. All these seizure happened to Mr. Ndoromo on December 22, 2004. See, *Johnson, v. Cambell, 332F. 3d 199, 206 (3rd Cir. 2003)* seizure found when officer

persisted in demanding that person sitting in parked car roll down the window after person initially refused to do so and it became clear that person could not refuse officers request. Also see, *Kampp v. Texas 538 U.S. 626, 630 (2003)* Seizure found when circumstances surrounding encounter with police lead reasonable person to believe he or she is not free to ignore the police and go about his business.

Mr. Ndoromo has the right to be secure in his Apartment papers and effects, against unreasonable search and seize. No warrants shall issue, but upon probable cause, supported by oath and particularly describing the place to be search, and the person or things to be seized. The government violated the search and seize warrant by seizing the following:

(1) VSCA Tax report for 2001 and 2002. (2) Mr. Mr. Ndoromo's Mother has approved visa to migrant to United States of America. (3) Mr. Ndoromo's Fiancé's Approved Visa to migrant to United States of America. (4) Mr. Ndoromo's income Tax reports for all these years. (5) Mr. Ndoromo's medical records. (6) Mr. Ndoromo's old passports. (7) Mr. Ndoromo's personal not books and diaries. (8) Mr. Ndoromo's cash found in the wallet. (9) And seize all the VSCA record and VSCA non-profit records. (10) The VSCA non-profit solicitation records. (11) Certificates of the VSCA transportations business, and non-profit.

The government generally was not suppose to exceed the terms of the authorizing warrant when making or conducting a search and seize. In addition, the Fourth Amendment requires that government actions in the execution of warrant be related to the objectives of the authorized intrusion. If executing officers exceed the scope of a search warrant the seize evidence must be suppressed and the entire case must be thrown away. See, *U.S. v. Fuccillo, 808F 2d 173, 177-78 (1st Cir. 1987)* evidence suppressed because executing officers exceed scope of already over broad warrant authorizing seizure of women's cloths by seizing 2 racks of men's cloths. Also, see, *U.S. v. Coleman, 805F. 2d 474, 483 (3rd Cir. 1986)* evidence suppressed because officers exceed scope of warrant

8

authorizing seizure of certain financial records by seizing material not included in warrant. Also see, *U.S. v. Schroeder, 129F. 439, 442 (8th Cir. 1997)* evidence suppressed because officers exceed scope of warrant by searching trailer adjacent to property indicated in warrant.

"Even if some documents seize were within the scope of a warrant authorizing seizure of records of defendant's business that tended to evidence health care fraud, the conduct of the agents who executed the warrant was so inappropriate as to warrant the exclusion of all evidence seized"; One agent Brian Evans testimony was unequivocal in his belief that they did not consider themselves to be limited to seizing business items in health care only, or records that tended to show evidence of violation of the health care fraud statute, and in fact indicated that they intended to seize personal financial records and didn't intended to limit the financial records to business records in *U.S. v. Srivastava, D. MD. 2006, 444 F.Supp.2d 385*, reconsideration denied 2007 WL 716799.

An unlawful search or seizure neither precludes prosecution nor invalidates a subsequent conviction. Instead, usual remedy for a Fourth Amendment violation is suppression of illegally seized evidence. The Fourth Amendment also protects against unreasonable government seizures of person and property. Seizure of a person occurs when, in view of all of the circumstances surrounding the incident, a person reasonably believes he or she is not free to leave an encounter governmental official, like in the situation of Mr. Ndoromo.

### Facts about this judge and government

This justice department encourages those attorneys who write or make false statements or obstruct of justice to help District of Columbia justice department cover up

9

Government's illegally activities of intercepting funds going to private citizens' accounts without court order. For example, interception of VSCA funds going to bank on August, September, and October, 2004 and shut down business of VSCA on December 21, and 22, 2004 without court order. The government hires highly experience and skillful attorneys to cover up the violation committed by the government. For example, Susan B. Menzar and Ellen Chubin Epstein and Roy W. Mcleese falsely filed to the court that, the court may sentence Mr. Ndoromo to 145 years and two months later she filed that the offense level is 20 and the court may sentence Mr. Ndoromo to 33-41 months, but this is exactly what the trial judge encourages the government for perjury. However, the constitution has given private citizens right to recuse the judge *Sue Ponte* under title 28 U.S.C. 455 (a) (b).

In *Edgar v. K.L...*, *93 F. 3d 256, 259 (7th Cir. 1996)* Section 455 recusal required because Judge received off-record briefing on relevant facts from appointed panel of experts. See, *U.S. v. Microsoft Corp. 253 F. 3d 34, 114 (D.C. Cir. 2001)* disqualification of a Judge under section 144 requires filing affidavit while the case is in District Court while Section 455 does not. See, *Alexander v. Primerica Holdings, Inc., 10 F. 3d 155, 162 (3d Cir. 1993)* Section 455 requires judge to disqualify themselves *Sua Ponte* whenever impartiality might reasonable be questioned.

The eleven circuits has held that though conditions that would indicate recusal may stand on appeal if the risk of harm to the parties involve is not severe, the risk of injustice in other cases is not severe, and the risk of undermining the public confidence in the judicial system is not severe then the judge might not be Recuse. See, *U.S. v. Cerceda, 172 F. 3d 806, 812 (11th Cir. 1999)*.

On June 4, 2007 after the defendant taken back court the prosecutor, Judge, and Defense attorney were discussing how they goad the defendant to this conviction without the jury realized it, and they were laughing, but Mr. Ndoromo's sister was in the courtroom sitting waiting to hear what they talking. When they found out that Mr. Ndoromo's sister was listening to what they were talking about, everybody left the courtroom very shocked. See, *Edgar v. K. L..*, 93 F. 3d 256, 257-58 (7th Cir. 1996) Section 455 timely when made by defendants 2 weeks after discovering judge discussing merits of case with appointed panel of experts. See, *U.S. v. Kelly,* 888 F.2d 732, 746-47(11th Cir. 1989) Section 455 motion timely although filed within 1 month of verdict and defendant aware before trial that defense counsel and judge had indirect social relationship. On June 20, 2007, the defendant was given a new attorney he asks about the bond. The judge responded this is somebody who has stolen $1 million from American people.

The judge knows that Carol votler was not supposed to be in Akube Ndoromo trial see, *Akube W. Ndoromo v. Emmett G. Sullivan (D.C. Cir. 2005).* Carol Votler and Akube Ndoromo had a bad dispute among themselves. Judge's impartiality reasonable questioned because his courtroom and chambers were disappointed by defendant because member of staff Carol Votler had dispute with Akube Ndoromo in *Nichols v. Alley,* 71 F.3d 347, 352 (10th Cir. 1995). Carol Votler took the jury to lunch they came back and reach verdict in 30 minutes.

The Sixth Amendment guarantees a criminal defendant the right to public trial. In addition, the first Amendment implicitly provides the press and the general public the right to attend criminal trial. The constitution right to a public trial is designed to ensure

11

fairness to the defendant, maintain public confidence in the criminal justice system, provide an out let for community reaction to crime ensure that judges and prosecutors fulfill their duties responsibly encourage, witnesses to come forward and discourage perjury. See, *U.S. v. Hastings, 695F. 2d 1283 (11th Cir. 1983)* (public trial requirement satisfied by opportunity of public to attend and report on trial). Also see, *U.S. v. Edwards, 785F. 2d 1293 1295 (5th Cir. 1986)* public trial not violated by Fed. R. Crim. P. 53.

A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary see, the judicial councils reform and judicial conduct and disability act of 1980 (28 U.S.C. §§ 332 (d) (1) and 372 (c ). A judge should not allow family, social or other relationships to influence judicial conduct or judgment. A judge should not lend the prestige of the judicial office to advance the private interests of others. Nor convey or permit others to convey the impression that they are in a special position to influence the judge reference to 28 U.S.C. § 455 (b) (1) and see, *U.S. v. Young, 39F. 3d 1561, 1570 (11th Cir 1994)*.

**WHEREFORE**, the defendant is seeking disqualification under section 455 (a). The defendant is doing it at earliest moment after obtaining knowledge of facts demonstrating basis for disqualification. Further, this judge has personal knowledge of disputed evidentiary facts. This judge has extreme favoritism and antagonism to government side. In addition, he hates people from Sudan or Africa. He is prejudices and bias to Mr. Ndoromo. In considering all circumstances there is a *Sue Ponte* recusal

for this judge or the ends of public justice would otherwise be defeated by not allowing recusal.

*Pro Se,*

Date 01/23/2008

Akube W. Ndoromo
CCA/CTF Prison
D.C. # 309-364
1901 E. Street SE.
Washington, D.C. 20003

Copy To:

U.S. Attorneys Office.

**NOTARY PUBLIC**

**I satisfy under penalty of perjury that on going motion is true to the best of my Knowledge.**

SHAME'KA C. BIVENS
NOTARY PUBLIC DISTRICT OF COLUMBIA   1/18/08
My Commission Expires June 30, 2011

13