*U.S. District Ct. for D.C.*

~~SUPREME COURT OF THE UNITED STATES~~

**FILED**

Appeal No._____
(Appeal No. 07-5370)
(Criminal No. 06-019)

**MAR 19 2008**

**NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT**

### AKUBE W. NDOROMO
Petitioner

v.

### JUDGE: EMMETT G. SULLIVAN
Respondent

## PETITION FOR WRIT OF MANDAMUS FOR IMMEDIATE RECUSAL OF JUDGE EMMET G. SULLIVAN FROM JUDGMENT OF UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

The in re Akube W. Ndoromo as *Pro Se* moves this Honorable Federal Circuit under FRAP 21 (a), (b), and (c) to review this petition for judge's refusal to recuse himself on Feb. 15, 2008 and in re Akube Ndoromo received the denial from D.C. Circuit on February 14, 2008 not to recuse the judge due to reasonable doubt of his impartiality. This judge has responded to motions filed by the Petitioner without government responds to the **Docket No. 48, 49 and sees the attached documents.** This judge has show his attachment to the government stated below.   "Several Circuits have suggested that on close questions doubts should be resolved in favor of recusal."   See, in re *Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001)* If question of whether § 455 (a) "requires disqualification in close, balance tips in favor of recusal."   See *Republic of*

Copies to:  Judge
AUSA – Special Proceedings
Dft.

1

*Panama v. Am. Tobacco Co., 217 F.3d 343, 347 (5th Cir 2000)* (Same) See, *U.S. v. Patti, 337 F.3d 1317, 1321 (11th Cir 2003)* ("Doubts must be resolved in favor of recusal").

This judge has showed his biasness and he encourages the government to commit perjury. See, *Travelers Ins. Co. v. Lilijeberg enters, 38F.3d 1410-11 (5th Cir. 1994)* one seeking disqualification under 28 U.S.C. § 455 "must do so at earliest moment after obtaining knowledge of facts demonstrating basis for disqualification." "The judge's refusal to recuse himself is immediately reviewable under Writ of Mandamus," see, In re *U.S., 158 F.3d 26, 30 (1st Cir. 1998)* "refusal to recuse immediately reviewable." In re, *Antar, 71 F.3d 97, 101 (3d Cir. 1995)* "Judge's recusal decision under § 455 (a) revierwable on petition for Writ of Mandamus." In re, *Beard, 811 F.2d 818, 827 (4th Cir. 1987 (same): Morozsan v. U.S. 90 F.3d 1284, 1290 N. 9 (7th Cir. 1996) (same).*

This motion is timely filed in *U.S. v. First, 886 F.2d 558, 580-81 (3d Cir. 1989)* Section 455 motion timely when defendant filed motion after decision because motion aimed at upcoming phase of the case on April 17, 2008, and the up coming status hearing is not a good time because petitioner is not guilt and had served a maximum prison time see, Fed. Guide lines November 01, 2006 in reference to sentence at Health Care Fraud 18 U.S.C. § 1347 August 21, 1996. In addition, see, *Travelers Ins. Co. v. Lilijeberg enters, 38 F.3d 1404, 1410-11 (5th Cir. 1994)* "one seeking disqualification under § 455 must do so at earliest moment after obtaining knowledge of facts demonstrating basis for disqualification."

## **Legal Argument**

Due process requires that a Judge posses neither actual nor apparent bias. If actual or apparent judicial prejudice exists either against, or in favor of a party, title 28

U.S.C. § 455 provide mechanisms for a Judge's recusal. Section 455 allows *Sua Sponte* recusal or recusal prompted by a timely motion file by any party.

"Section 455 (a) provides for recusal on the ground that a Judge's impartiality may reasonably be questioned. While § 455 (b) (1) provides for recusal when a Judge has a personal bias or prejudice. As with § 144, the grounds for recusal under § 455 must usually stem from an extrajudicial source. Section 455 (b) also provides for recusal when the judge has personal knowledge of disputed evidentiary facts."

### Background of the procedure Require the Judge to Acquit in re Ndoromo

The Government knowingly and intentionally seized Eight Bank Accounts in reference to 18 U.S.C. § 2113 (a) totaling $1.2 million using illegal warrants in *U.S. v Wilem, 80 F.2d 116, 121-22 (4th Cir. 1996).* In violation of Banking Insurance 18 U.S.C. §§ 1812, and 1813. In violation of Health Care Fraud 18 U.S.C. §§ 1347, 1035 (a) (2) and 982 (a) (7). Also in violation of wire Fraud 18 U.S.C. § 1343, in violation of mail fraud 18 U.S.C. § 1341, and in violation of Money laundry 18 U.S.C. §§ 1956, 1957, and shut down the VSCA business without Court Order on December 21, and 22, 2004, in violation of Fourth, Fifth, and Fourteen Amendments. See, *Feely v. Sidney Schupper Interstate Hauling System, D.C. Md. 1947, 72 F.Supp. 663.*

The government filed civil suit on February 18, 2005, to forfeit what they seize and the case was assigned to this judge for ruling, which he was supposed to dismiss it due to seizure of banking accounts and shut down the business of VSCA. The judge violated in re Mr. Ndoromo's Fifth, and Sixth Amendment by not properly ruling to dismiss the case because the government mention in the motion that in re Mr. Ndoromo is from Sudan, and he hates people from Sudan or Africa in violation of Fifth, and

3

Fourteen Amendment. "A Negro is entitled to the equal protection of the laws, no more

and no less" in *Collins v. Walker, C.A.La 1964,329 F.2d 100*. Also See, *Haney v. County*

*Bd. of Ed. of Servier County, C.A. Ark. 1969, 314 F.Supp. 316*. "Federal Constitution

recognizes that every individual, white or black is considered equal under the law."

Since then this judge is trying hard to convict in re Mr. Ndoromo to cover up his mistakes

as well as the mistakes committed by government seizure of banking accounts, and

shutting down the business of VSCA, and illegal interception of funds. See, *U.S. v.*

*Memelstein, E.D.N.Y 2007, 487 F. Supp. 2d 242*.

### Judge's Biasness on Status Hearing March 21, 2007.

On March 21, 2007, this judge had made it clear that he cannot believe a private

citizen when comes to cases that government violated the private citizens.

"On March 21, 2007, "Ms. Pendry: Well, I submit to the court that what we have
here is sort of callous disregard to people's rights when these teams coming in, storming
people's apartments, 10 and 12 agents at a time, to execute search warrants in a white
collar crime case and storming people's apartments"... "The Court: what are they
supposed to do? They don't know who's on the other side of the door, they don't know
whether—I mean, they were investigating a pretty significant alleged theft here, what,
over a million dollars or so." **(Judge has concluded that Mr. Ndoromo is a thief)**
"The Court: we can do that. I just finished one. It was wire fraud. What is this, mail
fraud? "Mr. Austin: **Healthcare, mail, wire"**. "The Court: all right. What's the
government offering in this case? **(Forcing the Government to commit Perjury)** "Mr.
Austin: I honestly cannot recall the specific offer. It was a very generous offer."
**(Committing Perjury)** "The Court: tell me what it is." **(Forcing the Government to
Commit Perjury)** "Mr. Austin: I don't have my paper work." "The Court: what was his
voluntary guideline? Do you recall what it is?" **(Insisting the government to commit
perjury)**.

March 21, 2007, the court was so excited to take in re Mr. Ndoromo to trial

because the judge knew that three of them; Judge, Government, and defense counsel was

against in re Mr. Ndoromo.

"The Court: maybe that's too powerful. Maybe I should just reject it as not being
persuasive. I find the law enforcement officer's testimony more persuasive at this point."

"The Court: it may well be that a jury of his peers will find to the contrary, I don't know. But I find that the law enforcement officers, both, are more credible at this point than either the defendant and/or his witness, a former employee." "Mr. Austin: For the reason the government would ask that all three of the motions, the motion to suppress evidence, the motion to suppress statements, and the motion to dismiss the indictment, all be rejected." **(Violation of Fourth and Fifth Amendment)** "The Court: For the record, I will at this point deny the motion to treat the motions as conceded. That's denied. With respect to the remaining three motions Ms. Pendry, why should I credit your client and disbelieve the law enforcement." **(Violation of Fourth and Fifth Amendment)** "Ms. Pendry: I am sorry, you're Honor?" The Court: why should I credit your client and reject the testimony of the law enforcement officer?" "The Court: what about national origin? Sometimes I give that. Do you want me to give that or not?" **(Hatred against Sudanese or Africans, and violation of Fifth and Fourteen Amendments)**. See, Protection of citizens: to all persons within the territorial jurisdiction, without any difference of race or color or of nationality; and equal protection of the law is a pledge of the protection of equal laws. *Yick WO v. Hopkins, Cal.1886 6S.Ct 1064 118 U.S. 369, 30 L. Ed. 220.* Also, see, *Wormen v. Moss, 1941, 29 N.Y.S.2d 798, 177 Misc. 19.*

### Judge's Biasness in start of trial March 26, 2007.

In beginning day of trial March 26, 2007, how the judge government and defense

attorney goad in re Mr. Ndoromo into this conviction.

"The court: Actually, I have money laundering, false statements related to healthcare, the wire fraud. What we have done is kind of tracking the language of statute for the healthcare fraud and the false statements related to healthcare matters. I don't know if you have something more comprehensive than that or not. I can show you both what we have. There wasn't anything really in the red book or the federal practice book." **(Perjury and Obstruction of Justice)** "Mr. Austin: I'll get the court and defense counsel something. Probably right after the lunch break I'll be able to get something." **(Perjury and Obstruction of Justice)**. The question that Mr. Ndoromo and public will ask is what was that something, that was given to him to allow a fatally defective and empty indictment to be presented before jury. The government falsely misleads the jury. "Well, first of all, you will see the checks going into the defendant's account for the most part, except for when on occasion he decided to buy something for himself, such as a Land Rover, a $40,000 car he paid $35,000 cash for. And at the end of the day after law enforcement officers seized that money there was still $1.2 million sitting in the defendant's accounts."

### Judge's Biasness at the end of the trial March 29, 2007

On March 29, 2007, the court, government, and defense counsel they prevented

the jury from looking at the indictment. Because they found out that if the juries see the

5

indictment will not believed them.  Further,  the court knowingly and intentionally asks

the government and defense counsel if they may change the indictment in the instructions

and verdict form to convict in re Mr. Ndoromo falsely.  The court took some sentence

from in re Mr. Ndoromo's co-defendant case.  The question is who is the co-defendant?

"The Court: no need to send what back?" "Mr. Austin: The indictment back.  I 'll leave it up to the court." (**Encourage the court to commit perjury**) "The Court: I think I said I would send the indictment back.  Actually, everything is in the instruction and the verdict form.  And, again, it's not evidence, but it's laid out all the counts, as to what the charges are. So you won't" (**Obstruction of Justice**).

"The Court: counsel, we may have to make a change to those two counts that allege interstate commerce. The last sentence, if you find beyond a reasonable doubt that Medicaid was a healthcare… "Mr. Austin: what page?" "The Court: I'm sorry, 26.  The last sentence.  If you find beyond a reasonable doubt that Medicaid was a healthcare benefit program effecting interstate or foreign commerce, then the first element of the crime is satisfied."  "The Court: and that will be changed with respect to it's healthcare fraud and the false statement.  I'll just change that language to mean then the commerce element of the crime is satisfied or that portion of the crime is satisfied." (**Committing Perjury and Obstruction of Justice**)  "The Court: all right.  If you turn to page 39, probably 39 of yours, the last sentence, again, it just needs to be consistent."  "Mr. Austin: that sounds right."  "The Court: do you see that?  It's very complicated, but Christie has been wrestling with these things longer than any of us." (**Committing Perjury and Obstruction of Justice**).

The court has **omitted four elements** wire fraud, mail fraud, and convicted in

health care fraud; from jury instructions and jury verdict.

"The defendant must be acquitted when the **Court omits** from the jury instructions any element that the prosecution must prove beyond reasonable doubt." See, *U.S. v. Piere, 974 F.2d 1335, 1356-57 (D.C. Cir. 1992)* ("instructions were not improper for informing jurors that they had a duty to convict if guilt had been proven beyond a reasonable doubt"*); See, Sullivan v. La., 508 U.S. 275, 281-82 (1993): See, Gaines v. Kelly, 202 F.3d 598, 606-07 (2d Cir. 2000)* "conviction reversed because trial court define reasonable doubt 7 different ways which confuse the jury"; *U.S. v. Purvis, 21 F.3d 1128 1129-30 (D.C. Cir. 1994)* "conviction  reversed because instruction equating certainty beyond reasonable doubt with strong belief constitutionally deficient and not subject to harmless errors."

"The Court: oh, each defendant.  That was a co-defendant case.  I agree.  We took it from a co-defendant case." Who is the co-defendant? (**Obstruction of Justice**).

The trial ends on March 29, 2007, the judge, prosecutor, and the defense attorney terminated the trial without the second phase of the trial for the petitioner to present the second phase of the trial. To in re Mr. Ndoromo to defend himself and prove his innocents before the jury can rest for verdict. (See, Docket No. 48, and 49).

### Judge's ignores Conspiracy Back Ground Procedures March 28, 2007

The Government destroys VSCA and in re Mr. Ndoromo to conceal Government's interception of VSCA funds going to account about $375,000.00 for three months August, September, and October 2004. Further, to conceal the Doctor and Nurse that were using VSCA Medicaid number illegally since 2002, 2003-2005. Because the Government was under investigation by in re Mr. Ndoromo for the money intercepted illegally without Court Order, and the Doctor and Nurse were under investigation by HealthCare Department of using VSCA Medicaid Number illegally.

The Government knew that by indicting in re Mr. Ndoromo would be vindictive and violation of his constitutional rights and statutory rights after in re Mr. Ndoromo has filed civil law suit. See *Akube W. Ndoromo v. President: George W. Bush v. Attorney General: Alberto Gonzales v. U.S. Attorney: Kenneth Weinstein (D.C. January 2006)* and see *U.S. v Campbell, 410 F 3d 456, 461 (5th Cir 2005),* but the government still indicted in re Mr. Ndoromo in violation of 5th, 6th, and 14th Amendment. This judge knew about all this details, but he failed to take action because he was bordered with prejudice.

### Judge's Failure to Acquitted in re Akube Ndoromo

The due process clause requires the government to prove beyond reasonable doubt every element of the crime with which in re Mr. Ndoromo is charged. "If the

Government fails to sustain its burden of proof on any element, the defendant must be acquitted." Since the government, fails to sustain its burden of prove on four elements in re Mr. Ndoromo must be acquitted. See, LAFAVE AND SCOTT, CRIMINAL LAW §1.8 (2d ED. 1986); McCormick Evidence § 336-337. (18 U.S.C. § 983 CFRA 2000 Also See, *U.S. v. Morillo, 158 F. 3d 18, 25, (1st Cir 1989)*.

### Judge's Failure to Appoint Affective Counsel

On September 5, 2007, the trial judge told the in re Akube Ndoromo that he knew the attorneys he was appointing to represent in re Mr. Ndoromo have relationships with government prosecutors. The judge knew that all the attorneys he was appointing to in re Mr. Ndoromo have relationships or interest in government, but the judge appointed them. In re Mr. Ndoromo went to trial represented by ineffective attorney in violation of 18 U.S.C. § 3006 A (d)(6), and see *Holloway, 435 U.S. at 484*, "and violation of right to effective assistance of counsel because trial judge failed to investigate claim of possible conflict of interest on part of defendant's attorney."

Also See, *U.S. v. Greig, 967 F.2d 1018, 1022 (5th Cir. 1992)* "violation of right to effective assistance of counsel because trial court knew of conflict of interest but failed to conduct further inquiry." And See, *U.S. v. Gallegos, 108 F.3d 1272, 1282 (19th Cir. 1997)* "violation of right to effective assistance of counsel because trial court knew of conflict of interest but failed to obtain either waiver or protect right to conflict free representation." See, *Mann v. Thalacker, 246 F.ed 1092, 1094 (8th Cir 2001)* ("Habeas used to challenge constitutional right to be tried before impartial fact finder when judge failed to recuse himself"). (And see defendant's motion for ineffective counsel Filed September 14, 2007) and see, *Johnson v. Zerbst, 304 U.S. 458, 463* (1938) ("Sixth

Amendment right to counsel in criminal proceedings with holds from federal courts the power and authority to deprive an accused of his life or liberty"). *Cody v. U.S. 249 F.3d 47, 52 (1st Cir. 2001)* ("ineffective assistant of counsel claim appropriate under section 2255 without showing of course and prejudice"). *U.S. v. Garth, 188 F.3d 99, 107 n 11 (3d Cir. 1999)* ("ineffective assistance of counsel claim appropriate under section 2255 without showing cause and prejudice").

## Judge's Failure to Dismiss the defective indictment

The Jury believed the four elements dropped by the government during trial were not defective: (a) Mail Fraud (b) Wire Fraud (c) Convicted in Health Care Fraud. The court issues the search and seizes warrants on December 22, 2004, because of a believed that the four elements dropped were not defective. See, *U.S. v. Nance Nos. 75-1755, 75-1865. (1976),* Defendant were convicted in the District Court for the District of Columbia of wire fraud and ten counts of obtaining something of value by false pretenses and intent to defraud and they appealed. The Court of Appeals held that, absent any allegation whatsoever, in the indictment as to what the false pretenses were, the indictment was defective and should have been dismissed on timely objection. That United States Attorney did not have authority to insert the vital allegations by means of bill of particulars; and that sentence on the wire fraud conviction, which remained standing, would be remanded. See, *U.S. v. Glick, 142 F. 3d 520, 523 (2d Cir. 1998)* defendant can challenge indictment failure to charge with crime because such is a jurisdiction defect that can be raise on appeal despite defendant's failure to preserve it for appeal.

The government may contend that the indictment is in the words of the statute and that timely particulars could have obtained through a timely bill of particulars. See Fed.R.Crim.P. 7(f) of course, they could, but absent any allegation whatsoever in the indictment as to what the false pretenses were, the United States Attorney would have a free hand to insert the vital part of the indictment without reference to the grand jury. The law does not vest him with such authority. Since the indictment is returned by the grand jury fails to charge an offense under the false pretense statute, such counts should have been dismissed when the objection was timely raised at motions hearing on March 21, 2007. Fed.R.Crim.P. 12 (b) (2). A bill of particulars will not cure a fatally defective indictment in *Russell v. united States, 369 U.S. 749, 770-71, 82 S.Ct. 1038, 1050-51, 8 L.Ed.2d 240, 254-55 (1962).*

An indictment not framed to apprise the defendant "with reasonable certainty, of the nature of the accusation against him is defective although it may follow the language of the statute, *U.S. v. Simmons, 96 U.S. 360, 362, 24 L.Ed. 819.* Absent any allegation whatsoever in indictment, which charged the obtaining of value by false pretenses with intent to defraud, as to what the false pretenses were, the indictment was fatally defective and should have been dismissed upon timely objection; the United States Attorney was not vested with authority to insert allegations as to the bill of particulars. Fed.Rules Crim.Pro. Rules 7(f), 12 (b) (2), and 18 U.S.C. A. E. § 22-1301 (a). For government's abuse of discretion standard, the petitioner a prisoner will challenge the condition of his confinement base on civil rights under title 42 U.S.C. A. § 1983 or 28 U.S.C.§ 2243, §2248, and §2255. *See, Preiser v. Rodriguiz, 411 U.S. 475, 494, 499 (1973). Also, see, Spencer v. Kenma, 523 U.S. 1, 5 (1998)* in Custody satisfied as long as petitioner was

incarcerated at the time the petition was file Writ of Habeas Corpus for immediate
release.

### Judge's Failure to Suppress Evidence in Fourth Amendment violations

The government came on December 22, 2004, with search warrants to in re Mr.

Ndoromo's Apartment not arrest warrant.  The government knocked at the door when in

re Akube Ndoromo was trying to check who was that, the government forces their way in

and had in re Mr. Ndoromo under hand cuffs for two hours.  The hand Cuffs taken off,

but the agents ask in re Mr. Ndoromo to be interrogated and were not allowed to answer

the phone or move.  All these seizure happened to in re Mr. Ndoromo on December 22,

2004.  See, *Johnson, v. Cambell, 332 F. 3d 199, 206 (3rd Cir. 2003)* seizure found when

officer persisted in demanding that person sitting  in parked car roll down the window

after person initially refused to do so and it became clear that person could not refuse

officers request.  Also see, *Kampp v. Texas 538 U.S. 626, 630 (2003)* Seizure found when

circumstances surrounding encounter with police lead reasonable person to believe he or

she is not free to ignore the police and go about his business.

In re Akube Ndoromo has the right to be secure in his Apartment papers and

effects, against unreasonable search and seize.  No warrants shall issue, but upon

probable cause, supported by oath and particularly describing the place to be search, and

the person or things to be seized.  The government violated the search and seizes warrants

by seizing the following:

(1) VSCA Tax report for 2001 and 2002.  (2) in re Mr. Mr. Ndoromo's Mother
has approved visa to migrant to United States of America.  (3) in re Mr. Ndoromo's
Fiancé's Approved Visa to migrant to United States of America.  (4) in re Mr.
Ndoromo's income Tax reports for all these years. (5) Mr. Ndoromo's medical records.
(6) in re Mr. Ndoromo's old passports.  (7) in re Mr. Ndoromo's personal not books and
diaries. (8) in re Mr. Ndoromo's cash found in the wallet. (9) and seize all the VSCA

record and VSCA non-profit records. (10) The VSCA non-profit solicitation records. (11) Certificates of the VSCA transportations business, and non-profit.

The government generally was not suppose to exceed the terms of the authorizing warrants when making or conducting a search and seize. In addition, the Fourth Amendment requires that government actions in the execution of warrant be related to the objectives of the authorized intrusion. If executing officers exceed the scope of a search warrant the seize evidence must be suppressed and the entire case must be thrown away. See, *U.S. v. Fuccillo, 808 F 2d 173, 177-78 (1ˢᵗ Cir. 1987)* evidence suppressed because executing officers exceed scope of already over broad warrant authorizing seizure of women's cloths by seizing 2 racks of men's cloths. Also, see, *U.S. v. Coleman, 805F. 2d 474, 483 (3ʳᵈ Cir. 1986)* evidence suppressed because officers exceed scope of warrant authorizing seizure of certain financial records by seizing material not included in warrant. Also see, *U.S. v. Schroeder, 129 F. 439, 442 (8ᵗʰ Cir. 1997)* evidence suppressed because officers exceed scope of warrant by searching trailer adjacent to property indicated in warrant.

"Even if some documents seize were within the scope of a warrant authorizing seizure of records of defendant's business that tended to evidence health care fraud, the conduct of the agents who executed the warrant was so inappropriate as to warrant the exclusion of all evidence seized"; One agent Brian Evans testimony was unequivocal in his belief that they did not consider themselves to be limited to seizing business items in health care only, or records that tended to show evidence of violation of the health care fraud statute, and in fact indicated that they intended to seize personal financial records and didn't intended to limit the financial records to business records in *U.S. v. Srivastava, D. MD. 2006, 444 F.Supp.2d 385, reconsideration denied 2007 WL 716799.*

An unlawful search or seizure neither precludes prosecution nor invalidates a subsequent conviction. Instead, usual remedy for a Fourth Amendment violation is suppression of illegally seized evidence. The Fourth Amendment also protects against unreasonable government seizures of person and property. Seizure of a person occurs when, in view of all of the circumstances surrounding the incident, a person reasonably believes he or she is not free to leave an encounter governmental official, like in the situation of in re Mr. Ndoromo.

## Judge's general prejudices and biasness

On September 12, 2007, the petitioner retains his own personal attorney. The attorney ask for petitioner's bond the judge responded that even if he is going to denied the bond let the petitioner's counsel file the motion. That is a threat sent by judge. See, *U.S. v. Young, 39 F.3d 1561, 1570 (11th 1994)* Judgment need to be vacated only when conflict of interest readily apparent and risk of impartiality substantial. In addition, see *Akube W. Ndoromo v. Emmet G. Sullivan (D.C. Cir. 2005).*

On September 5, 2007 status hearing, the petitioner ask about motion file on August 20, 2007, for release in bond the judge denied, "I am not going to release you." See the sentence guidelines Criminal record is "0" Crime level is "11" Zone level is "C" Minimum of prison time is 8 months the maximum is 14 months reference to 18 U.S.C. § 1347. The defendant is in jail for 11 months, but the judge refuse to release the petitioner because he held him indefinitely.

The judge granted government's opposition motion release because speaks about "defendant an immigrant of Sudanese descent." The Government further states that "based upon these convictions, the court could sentence defendant to 145 years in

13

prison." Two months later, government filed to court that the crime level is 20 and court will sentence defendant to 33-44 months in prison knowingly this said presentation is untrue. In reference to 18 U.S.C. § 1001, and see 18 U.S.C. § 1347, but the judge believe it to be true because defendant is from Sudan in *U.S. v. $292,888.04 in US Currency, 54 F.3d 56, 566 (9th Cir. 1995)*. Section 455 requires Judge to disqualify self *Sua Ponte* if impartiality reasonable questioned or if Judge has personal bias or prejudice against a party like this judge in re Mr. Ndoromo's case. In addition, he said, the petitioner steals $1 Million from Americans Tax payers'. Moreover, prosecutor prejudice the defendant in front of jury used the same wards. See, *Sale v. Grant, 158 F.3d 768, 781 (4th Cir. 1999)* extreme favoritism or antagonism on Judge's part owing to Judicial source must warrant recusal.

Title 28 U.S.C. § 455 (b) (1) (2000). This judge has enough knowledge about this case because the government civil case against in re Mr. Ndoromo is with him, and in re Mr. Ndoromo's civil case against the government is with him. Government briefed this judge in many occasions against in re Mr. Ndoromo been a Sudanese immigrant. In *Edgar v. K.L., 93 F.3d 256, 259 (7th Cir. 1996)* "Section 455 recusal required because Judge received off-record briefing on relevant facts from appointed panel of experts." See, *U.S. v. Microsoft Corp. 253 F.3d 34, 114 (D.C. Cir. 2001)* disqualification of a Judge under section 144 requires filing affidavit while the case is in District Court while § 455 does not. See, *Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir. 1993)* Section 455 "requires judge to disqualify themselves *Sua Ponte* whenever impartiality might reasonable be questioned."

14

The judge knows that Carol votler was not supposed to be in re Akube Ndoromo trial see, *Akube W. Ndoromo v. Emmett G. Sullivan (D.C. Cir. 2005)*. Carol Votler and in re Akube Ndoromo had a bad dispute among themselves. Judge's impartiality reasonable questioned because his courtroom and chambers were disappointed by defendant because member of staff Carol Votler had dispute with in re Akube Ndoromo in *Nichols v. Alley, 71 F.3d 347, 352 (10th Cir. 1995)*. Carol Votler (**Judge's Clerk**) took the jury to lunch they came back and reach verdict in 30 minutes, and Christie (**Judge's Deputy Clerk**) struggle to amend the case to convict the petitioner.

The juries come out with guilt verdict about the in re Akube Ndoromo. The judge violated health care fraud law by instructing the jury to vote on seizing the in re Akube Ndoromo's Money and Automobiles. In violation of the health care fraud 18 U.S.C. § 982 (a) (7), and reference to Fed. 585 Determination of Loss Caused by Crime Involving Fraud or Deceit, under United States Sentencing Guidelines § 2F1.1 (U.S.S.G) (2000). On March 30, 2007, the prosecutor call for revoke of bond the judge agrees and order defendant to be detained indefinitely.

Status hearing on February 16, 2006, when the case was transferred from Magistrate judge to trial judge for determination, and the trial Judge welcomed the in re Akube Ndoromo that, well, you are now indicted I am going to detained you and he detained in re Mr. Ndoromo for 7 days reference to *Akube W. Ndoromo v. Emmet G. Sullivan (D.C. Cir. 2005)*. (He put comments in court records that detain due to bench warrant and is untrue.) The government opposed that detention of in re Mr. Ndoromo. The judge also knows that by accepting the case will be vindictive, but he granted it due to his biasness.

The judge in this case denied all the motions filed by in re Akube Ndoromo's counsel or the petitioner, but government's motions were all granted. The governments' motions granted, and sometimes the judge responded to in re Akube Ndoromo motions in behalf of the government. See, *Walberg v. Isreal, 766 F.2d 1077-78 (7th Cir. 1985).* "Due process violated because judge appeared to have decided defendant's guilt at start." See, In re *Boston children's First, 244 F.3d 164, 167 (1st Cir. 2000)* "whether facts provide what an objective, knowledgeable member of public would find to be a reasonable basis for doubting judge's impartiality." See, *U.S. v. Whitman, 209 F.3d 619, 625 (6th Cir. 2001)* "due process violated because judge repeatedly appointed attorneys that have interest in government." See, (Motion for ineffective counsel filed September 14, 2007).

On May or June 2006, first status hearing when Assistant U.S. Attorney Roy Austin took over from Assistant U.S. Attorney Robert Bowman. The trial judge ask Roy Austin about this case, Roy responded that he does not know about this kind of case. The second Assistant U.S. Attorney William Cowden came with Roy Austin. William Cowden takes over the questions from the judge and he said. The government has violated in re Mr. Ndoromo's Fifth Amendment and government more violated in re Mr. Ndoromo's constitutionally rights by indicting him. The judge took no action to drop the case because in re Mr. Ndoromo and Carol Votler had dispute among themselves. In *U.S. v. Kelly, 888, F.2d 732, 745 (11th Cir. 1989)* "Recusal required because defense witness's wife friend of Judge's spouse and judge expressed repeated doubts propriety of continuing to hear case."

## Summary of Facts

16

This judge has held in re Mr. Ndoromo to answer for a capital and infamous crime based on empty indictment before grand jury.

This judge has allowed fatally defective indictment to be presented to grand jury for deliberation.

This judge has allowed government to drop four elements in absents of jury or when jury discharged, and never briefed the jury about dropped elements.

This judge knows that, the health care indictment is insufficient and defective because of "convicted in health care fraud 18 U.S.C § 982 (a) (7)." See *Akube W. Ndoromo v. President; George W. Bush v. Attorney General: Alberto Gonzales v. US Attorney for District of Columbia; Kenneth Weinstein (D.C. January 2006).*

This judge ignore petitioner's claim about two individuals illegally using VSCA Medicaid Number since 2002, and 2003- 2005. He never orders any investigation.

On October 18, 2007, the in re Akube Ndoromo attorney was telling the judge about the records, which says that in re Mr. Ndoromo, was released. The judge responded that he is a criminal currier who have too many arrests that was why there are two different numbers; (1) 309-364 (2) 314-144 in *Walberg v. Isreal, 766 F.2d 1077-78 (7th Cir. 1985)* and See, Docket 56 Release motion about in re Mr. Ndoromo's criminal record filed August 20, 2007.

On March 30, 2007, the judge clerk Carol Votler intentionally and knowingly filled in re Mr. Ndoromo's detention form as Akibar James and the judge knowingly signed it to create a confusion so that in re Mr. Ndoromo will not be found when counsels need to see him in *Travelers v. Lilijeberg enters, 38 F.3d 1404, 1410-11 (5th Cir. 1994).*

The judge assigned Rita Pendry and Pleasant Broadnax to represent in re Mr. Ndoromo, but these are government attorneys that protect Government agents or officials if they violated the law. For example, Pleasant Broadnax representing federal Marshal who was indicted on charges that he beat a handcuffed prisoner at D.C. Superior Court. (The case in D.C. Court now). The judge knowingly and intentionally picked these attorneys to help government convicted in re Mr. Ndoromo as cover up for the Doctor and Nurse who used VSCA Medicaid Number illegally since 2002-2005 in *U.S. v. Greig, 967 F.2d 1018, 1022 (5th Cir. 1992).*

On September 5, 2007, in re Mr. Ndoromo request if he may find his own attorney and the court or government will pay. The verbal request was granted by court and approved by government. On September 12, 2007, the new attorney took over the case, but he became ineffective because the court or government never paid him as agree upon approval. So in re Mr. Ndoromo had no way to keep him, but to relief him.

In *Liljeberg v. Health Servs. Acquisition Corp. 486 U.S. 847, 862-64 (1988)* the Supreme Court concluded that in determining whether a Judgment should be vacated for a violation of § 455. "Courts must consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the justice process id at 864." Some Circuits appear to find the first *Liljeberg* factor disparities if a real risk to the moving party ids not shown.

"The eleven Circuit has held that though conditions that would indicate recusal may stand on appeal if the risk of harm to the parties involve is not severe, the risk of injustice in other cases is not severe, and the risk of undermining the public confidence in

the judicial system is not severe then the judge might not be recuse." See, *U.S. v. Cerceda, 172 F.3d 806, 812 (11th Cir. 1999).*

"Relief for violation of federal law will only be granted if the violation rises to the level of a fundamental defect which inherently results in a complete miscarriage of justice or is unconstitutional with fair procedure" like violations that mentioned above and happened to in re Mr. Ndoromo during trial and before trial caused by this judge: Emmett G. Sullivan. See *Murray v. Carrier, 477 U.S. 478 (1986).Siddiqi v. U.S., 98 F.3d 1427, 1438 (2d Cir. 1996)* "Government pursuant 4 different theories of guilt with ultimate adoption of legally inadequate theory is miscarriage of justice" for Title 28 U.S.C. § 2255 purposes.

The Sixth Amendment guarantees a criminal defendant the right to public and impartial trial. In addition, the first Amendment implicitly provides the press and the general public the right to attend criminal trial. The constitution right to a public trial is designed to ensure fairness to the defendant, maintain public confidence in the criminal justice system, provide an out let for community reaction to crime ensure that judges and prosecutors fulfill their duties responsibly encourage, witnesses to come forward and discourage perjury. See, *U.S. v. Hastings, 695 F.2d 1283 (11th Cir. 1983)* (public trial requirement satisfied by opportunity of public to attend and report on trial). Also see, *U.S. v. Edwards, 785 F.2d 1293 1295 (5th Cir. 1986)* public trial not violated by Fed. R. Crim. P. 53.

A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary see, the judicial councils reform and judicial conduct and disability act amended March

19

19, 1998: Amended on interim basis effective December 10, 2003: Effective March 19, 2004. See, (28 U.S.C. §§ 332 (d) (1) and 372 (c). "A judge should not allow family, social, or other relationships to influence judicial conduct or judgment. A judge should not lend the prestige of the judicial office to advance the private interests of others. Nor convey or permit others to convey the impression that they are in a special position to influence the judge" reference to 28 U.S.C. § 455 9 (a) (b) (1) and see, *U.S. v. Young, 39F. 3d 1561, 1570 (11th Cir 1994).*

**Wherefore**, the in re Akube Ndoromo is seeking disqualification under §§ 455 (a) (b). Petitioner is doing it at earliest moment after obtaining knowledge of facts demonstrating basis for disqualification. Further, this judge has personal knowledge of disputed evidentiary facts. This judge has extreme favoritism and antagonism to government side. In addition, he hates people from Sudan or Africa. He is prejudices and bias to in re Mr. Ndoromo. In considering, all above circumstances there is an immediate recusal for this judge or the ends of public justice would otherwise be defeated by not allowing immediate recusal.

*Pro se*

Date 03/04/08

**Akube W. Ndoromo**
CCA/CTF Prison
DC #309364
1901 E Street SE
Washington, DC 20003

SHAME
NOTARY PUB
My Commi.

NOTARY P
My Com

BIA
11

UMBIA
011

SHAME'KA C. BIVENS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires

20

**NOTARY PUBLIC:**

**I satisfy under penalty of perjury that on going motion is true to the best of my Knowledge.**

**I hereby**, certify that on going motion will be sent to Judge: Emmet G. Sullivan at address United State District Court for the District of Columbia 333 Constitution Avenue N.W. Court Room 24 "A"  Washington, D.C. 20001 on Date___0.5___ of _0.3___2008.

**I hereby**, certify that, the on going motion will be sent to United States Attorney Jeffrey A. Taylor, and Assistant United States Attorneys Susan B. Menzer, Ellen Chubin Epsten, and Roy W. McLeese at address 555 Fourth Street, NW, Room 8104 Washington, D.C. 20530 on Date___0.5_____ of __0.3____2008.