*Leave to File is granted. [signature] 3/27/08*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**AKIUBER NDOROMO JAMES**

**PRISON OR D.C.D.C. # 309-364**

**CCA/CTF PRISON OR JAIL**
1901 E. Street S.E.
Washington, D.C. 20003

_____ )
**AKUBE W. NDOROMO**                  )
     Petitioner                      )
                    ) *Criminal*
      v.                              ) ~~Civil~~ Action No.: *06-19 (EGS)*
                    )
                    )
_____ )
**JEFFREY A. TAYLOR**                 )
UNITED STATES ATTORNEY                )
FOR THE DISTRICT OF COLUMBIA          )
**SUSAN B. MENZER**                   )
**ELLEN CHUBIN EPSTEIN**              )
**ROY W. McLEESE III**                )
Assistant United States Attorneys     )
Judiciary Center                      )
555 4th Street, N.W.                  )
Washington, D.C. 20001                )
     Respondents                     )
                    )

# FILED

## MAR 27 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Motion under 28 USC 2255 to Vacate, Set Aside or Correct Sentence*

## ~~PETITION FOR WRIT OF HABEAS CORPUS~~
## BY AKUBE W. NDOROMO IN CUSTODY IN THE DISTRICT OF COLUMBIA

### INSTRUCTIONS-PLEASE READ CAREFULLY

1- This petition must be legibly handwritten or typed, and signed by the petitioner. Any false statement of material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

3- Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a **separate memorandum**.

4- U~~pon receipt, your petition will~~ be filed if it is in proper order and is accompanied by a $5.00 filing fee. Your check or m~~oney order should be made~~ payable to: Clerk. U.S. District Court

# RECEIVED

## FEB 2 1 2008

NANCY MAYER WHITTINGTON, **CLERK**
U.S. DISTRICT COURT

4.  If you cannot afford to pay the filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the affidavit on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

5.  Only sentences imposed by one court may be challenged in a single petition. If you seek to challenge sentences entered by different courts, you must file separate petitions as to each court.

6.  When you have completed the form, send the original and one copy to:
    Clerk, United States District Court for the District of Columbia
    Room 1225
    333 Constitution Avenue, NW
    Washington, DC 20001

7.  <u>Petitions which do not conform to these instructions may be returned with a notation as to the deficiency.</u>

## PETITION

1.  (a)  Name and location of court which imposed the sentence (or detention) of conviction you are challenging:
    *UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, 333 CONSTITUTION AVE. N.W. WASHINGTON, D.C. 20001*

2.  (a)  Date of the sentence (or detention): *MARCH 30, 2007*

3.  Length of sentence: *NONE*

4.  Nature of offense involved (all counts): *FALSE STATEMENT IN HEALTH CARE MATTERS, HEALTH CARE FRAUD, AND MONEY LAUNDRY.*

5.  (a)  What was your plea? (Check one):
    ☒  Not guilty
    ☐  Guilty
    ☐  Nolo Contendere (no contest)
    ☐  Insanity

(b)    If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: *NONE*

_____

_____

_____

_____

_____

_____

6.    Have you previously filed any petitions, applications, or motions with respect to this sentence in any court?

☒    Yes

☐    No

7.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1)    Name of Court: *DISTRICT OF COLUMBIA CIRCUIT*

(2)    Nature of the proceedings: *RELEASE IN CRIMINAL CHARGES.*

(3)    Grounds raised: *PROSECUTOR'S MISCONDUCT, VIOLATION OF HEALTHCARE STATUTES, SEIZE OF BANKING ACCOUNTS, SHUT DOWN VSCA BUSINESS, DEFFECTIVE INDICTMENT, AND JUDGE'S BIASNESS.*

(4)    Did you receive an evidentiary hearing on your petition, application or motion?

☐    Yes

☒    No

(5)    Result: *PROCEEDING WITHOUT EVIDENTIARY HEARING.*

(6)    Date of result: *FEB. 2, 2008.*

(b)    As to any second petition, application, or motion, give the same information:

(1)    Name of Court: *U. S. DISTRICT COURT FOR D.C.*

(2)    Nature of the proceedings: *WAITING FOR GOVERNMENT RESPONDS.*

(3)    Grounds raised: *INEFFECTIVE ASSISTANTS OF COUNSEL, COUNSEL'S FAILURE TO SUPPRESS EVIDENCE IN VIOLATION OF CONSTITUTIONAL RIGHTS, REVERSE CONVICTION DUE TO INEFFECTIVE COUNSEL, AND GOV. VIOLATIONS OF CONSTITUTION*

(4)    Did you receive an evidentiary hearing on your petition, application or motion?

☐    Yes

☒    No

(5)    Result: _____

Page 4

   (6)   Date of result: _____

(c)   As to any third petition, application, or motion, give the same information:
   (1)   Name of Court: _U·S· DISTRICT COURT FOR D, C·_
   (2)   Nature of the proceedings: _ILLEGAL CONFINEMENT IN DISTRICT OF COLUMBIA CTF PRISON._

   (3)   Grounds raised: _MISCARIAGE OF CONSTITUTION BY PREVENTING THE PETITIONER FROM DEFENDING HIMSELF BEFORE THE JURY. CONFUSING JURY INSTRUCTIONS, AND OMITTING ELEMENTS TO BE PROVEN BEYOND REOSONABLE DOUBT._

   (4)   Did you receive an evidentiary hearing on your petition, application or motion?
       ☐  Yes
       ☒  No
   (5)   Result: _____
   (6)   Date of result: _____

(d)   Did you appeal to the highest court having jurisdiction for the result of action taken in any petition, application or motion?
   (1)   First petition, etc."
       ☐  Yes
       ☒  No
   (2)   Second petition, etc.:
       ☐  Yes
       ☒  No

   (3)   Third petition, etc.:
       ☐  Yes
       ☒  No

(e)   If you did not appeal from the adverse action on any petition, application, or motion, explain briefly why you did not: _I DID NOT APPEAL TO THE HIGHEST COURT HAVING JURISDICTION BECAUSE I AM WAITING FOR RESULTS._

8.   State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and <u>facts</u> supporting same.

A.    **GROUND ONE:**

(a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim: THE GOVERNMENT VIOLATED THE SEARCH AND SEIZURE WARRANTS, THE INDICTMENT IS FATALLY DEFFECTIVE, ILLEGAL PROSECUTION BASE ON INSUFFICIENT EVIDENCE, THE PETITIONER WAS NOT ALLOWED TO PRESENT THE SECOND PHASE OF THE TRIAL NEITHER THE PETITIONER'S WITNESSES.

B.    **GROUND TWO:**

(a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim: INEFFECTIVE ASSISTANTS OF COUNSEL, GOVERNMENTS INTERPERANCE IN RELATIONSHIP BETWEEN COUNSEL AND CLIENT, INTERCEPTION OF VSCA FUNDS GOING TO BANK FOR 3 MONTHS WITHOUT COURT ORDER, SHUT DOWN THE BUSINESS OF VSCA WITHOUT COURT ORDER, SEIZING 8 BANKING ACCOUNTS IN VIOLATION OF HEALTHCARE FRAUD; IN VIOLATION OF BANKING INSURANCE; IN VIOLATION OF MONEY LAUNDRY; AND IN VIOLATION OF WIRE FRAUD.

C.    **GROUND THREE:**

(a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim: THE GOVERNMENT, JUDGE, AND DEFENSE COUNSEL KNEW THERE WAS NO SUFFICIENT EVIDENCE TO SUPPORT THAT THE LAW WAS BEING VIOLATED, BUT THEY FALSELY CONTINUE ON.

THE ENTIRE TRIAL WAS BASED ON FALSE TESTIMONY ENCOURGE BY PROSE CUTOR, JUDGE, AND DEFENSE COUNSEL

Page 6

D.    GROUND FOUR:

(a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim: *THE COURT, GOVERNMENT AND DEFENSE COUNSEL CHANGED THE JURY INSTRUCTIONS SO MANY TIMES CONFUSED THE JURY.*

*THE COURT, GOVERNMENT IGNORE TWO PEOPLE USED VSCA MEDICAID NUMBER FOR 3 YEARS.*

*THE COURT, GOVERNMENT, AND DEFENSE COUNSEL NEVER SENT THE INDICTMENT TO THE JURY TO LOOK AT IT.*

9.    If any of the grounds listed in 8A, B, C, or D were not previously presented in any other court, District of Columbia or Federal, state briefly what grounds were not so presented, and give your reasons for not presenting them:    *NONE*

10.    Do you have any petition or appeal pending in any other court, either, District of Columbia or Federal, as to the sentence (or detention) under attack?

☒    Yes
☐    No

(a)    If so, give the name and location of the court and case number, if known:    *U.S. COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT.*

11.    Do you have any future sentence to serve after you complete the sentence (or detention) under attack?

☐    Yes
☒    No

(a)    If so, give name and location of court which imposed sentence to be served in the future:

Page 7

(b)    And give date and length of sentence to be served in future: _____
_____

(c)    Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

☐    Yes
☐    No

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Petitioner's Signature

02/19/2008
_____
Date

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**AKIUBER NDOROMO JAMES**

**PRISON OR D.C.D.C. # 309-364**

**CCA/CTF PRISON OR JAIL**
1901 E. Street S.E.
Washington, D.C. 20003

|  |  |
|---|---|
| **AKUBE W. NDOROMO** | ) |
| Petitioner | ) |
|  | ) Criminal |
| v. | ) ~~Civil~~ Action No.: 06-19(EGS) |
|  | ) |
|  | ) |
|  | ) |
| **JEFFREY A. TAYLOR** | ) |
| UNITED STATES ATTORNEY | ) |
| FOR THE DISTRICT OF COLUMBIA | ) |
| **SUSAN B. MENZER** | ) |
| **ELLEN CHUBIN EPSTEIN** | ) |
| **ROY W. McLEESE III** | ) |
| Assistant United States Attorneys | ) |
| Judiciary Center | ) |
| 555 4th Street, N.W. | ) |
| Washington, D.C. 20001 | ) |
| Respondents | ) |

*Motion under 28 USC 2255 to Vacate, Set Aside, or Correct Sentence*

## SEPARATE MEMORANDUM TO SUPPORT ~~PETITION FOR WRIT OF HABEAS CORPUS FORM~~ FOR IMMEDIATE RELEASE FROM CONFINEMENT IN DISTRICT OF COLUMBIA

The Petitioner *Pro Se* is petitioning Assistant United States Attorney for the

District of Columbia: Jeffrey A. Taylor, and U.S. Assistant Attorneys:  Susan B. Menzer,

Ellen C. Epstein, and Roy W. McLeese.  In holding Mr. Ndoromo unconstitutional in

custody for 11 months after falsely convicted due to prosecutor's perjury.  The trial ends

1

on March 29, 2007, the prosecutor, judge, and the defense attorney ends the trial without the second phase of the trial for the petitioner to present the second phase of the trial, to prove his innocents in violation of his Fifth, and Six Amendments and see **Docket No. 48, 49**. Also  See, *Dyer v. U.S. 23 F.3d 142, 1423 (8th Cir. 1994)* confining fundamental miscarriage of justice to extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime like Mr. Ndoromo.  (Quoting *McCleskey v. Zant, 499 U.S. 467, 494 (1991); U.S. v. Cox, 83 F.3d 336, 341 (10 Cir. 1996)* confining fundamental miscarriage of justice to colorable showing of factual innocence, like in situation of Mr. Ndoromo.

### Legal Procedures

The Government knowingly and intentionally seized Eight Bank Accounts totaling $1.2 Million in reference to 18 U.S.C. § 2113 (a) using illegal warrants in *U.S. v Wilem, 80 F. 2d 116, 121-22 (4th Cir. 1996).*  In violation of Banking Insurances Title 18 U.S.C. §§ 1812, and 1813.  In violation of Health Care Fraud 18 U.S.C. §§ 1347, 1035 (a) (2) and 982 (a) (7).  Also in violation of wire Fraud 18 U.S.C. § 1343, in violation of mail fraud 18 U.S.C. § 1341, and in violation of Money laundry 18 U.S.C. §§ 1956, 1957.  In violation of Fourth, Fifth, and Sixth Amendments.  The Arbitrary and Discriminatory Government:  "It is only where enforcement agency exercises discriminatory power arbitrarily and unjustly that enforcement of valid regulation becomes violative of this clause" like in situation of Mr. Ndoromo.  In *Thompson  v. Spear, C.C.A.Tex 1937, 91 F.2d 430, certiorari denied 58 S.Ct. 409, 302 U.S. 762, 82 L.Ed. 592.* The constitution rejects those violations in reference to Ninth Amendment, and see, Bill of Rights at *Schertz v. Waupaca County, E.D. Wis.1988, 683 F. Supp.  1551,*

2

*affirmed 875 F.2d 578.* And also see, *Groossman v. Gilchrist, N.D. Ill .1981, 519 F.Supp. 173 affirmed 676 F.2d 701.* (Same)

Habeas Corpus is the exclusive federal remedy available for prisoner for collaterally challenging a conviction, and seeking an immediate release from unlawful physical confinement. The petitioner petitioning for Writ of Habeas Corpus is contesting the legality of detention, not guilt or innocence. See, *Preiser, 411 U.S. at 485-86 (1973)* "Habeas can be used to challenge incarceration under unconstitutional pretrial imprisonment based on defective, denial of constitutional rights at trial" like one of Mr. Ndoromo. See, *U.S. v. Bibefeld, 957 F.2d 98, 102-03 (3d Cir. 1992)* known reliance by prosecutor on allegedly perjured testimony of key witness Brian Evans, because allegation sufficiently supported, is fundamental defect cognizable under § 2255 and §2243. See, *U.S. v. Dale, 140 F.3d 1054, 1056 (D.C. Cir. 1998)* prejudice standard requires showing that errors at trial were of constitutional dimension like in case of Mr. Ndoromo trial.

## **Conspiracy Back Ground Procedures**

The Government destroys VSCA and Mr. Ndoromo to conceal Government's interception of VSCA funds going to account about $375,000.00 for three months August, September, and October 2004. Further, to conceal the Doctor and Nurse that were using VSCA Medicaid number illegally since 2002, 2003-2005. Because the Government was under investigation by Mr. Ndoromo for the money intercepted illegally without Court Order, and the Doctor and Nurse were under investigation by HealthCare Department of using VSCA Medicaid Number illegally.

The Government knew that by indicting Mr. Ndoromo would be vindictive and

violation of his constitutional rights and statutory rights after Mr. Ndoromo has filed civil

law suit.  See *Akube W. Ndoromo v. President: George W. Bush v. Attorney General:*

*Alberto Gonzales v. U.S. Attorney: Kenneth Weinstein (D.C. January 2006)* and also see

*U.S. v Campbell, 410F. 3d 456, 461 (5th Cir 2005),* but the government still indicted Mr.

Ndoromo in violation of 5th, 6th, and 14th Amendment.

### Status hearing on March 21, 2007

"On March 21, 2007,  "Ms. Pendry: Well, I submit to the court that what we have

here is sort of callous disregard to people's rights with these teams coming in, storming

people's apartments, 10 and 12 agents at a time, to execute search warrants in a white

collar crime case and storming people's apartments"…  "The Court: what are they

supposed to do?  They don't know who's on the other side of the door, they don't know

whether—I mean, they were investigating a pretty significant alleged theft here, what,

over a million dollars or so."  (**Judge has concluded that Mr. Ndoromo is a thief**)

"The Court: we can do that.  I just finished one.  It was wire fraud.  What is this, mail

fraud?  "Mr. Austin: **Healthcare, mail, wire**".  "The Court: all right.  What's the

government offering in this case?  (**Forcing the Government to commit Perjury**)  "Mr.

Austin: I honestly cannot recall the specific offer.  It was a very generous offer."

(**Committing Perjury**)  "The Court: tell me what it is."  (**Forcing the Government to

Commit Perjury**)  "Mr. Austin: I don't have my paper work."  "The Court: what was his

voluntary guideline?  Do you recall what it is?"  (**Still insisting the government to

commit perjury**).

4

March 21, 2007, the Government was so excited to take Mr. Ndoromo to trial because the Government knew that three of them; Government, Judge, and defense counsel was against Mr. Ndoromo. "The Court: maybe that's too powerful. Maybe I should just reject it as not being persuasive. I find the law enforcement officer's testimony more persuasive at this point." "The Court: it may well be that a jury of his peers will find to the contrary, I don't know. But I find that the law enforcement officers, both, are more credible at this point than either the defendant and/or his witness, a former employee." "Mr. Austin: For the reason the government would ask that all three of the motions, the motion to suppress evidence, the motion to suppress statements, and the motion to dismiss the indictment, all be rejected." (**Violation of Fourth and Fifth Amendment**) "The Court: For the record, I will at this point deny the motion to treat the motions as conceded. That's denied. With respect to the remaining three motions Ms. Pendry, why should I credit your client and disbelieve the law enforcement." (**Violation of Fourth and Fifth Amendment**) "Ms. Pendry: I am sorry, you're Honor?" The Court: why should I credit your client and reject the testimony of the law enforcement officer?" "The Court: what about national origin? Sometimes I give that. Do you want me to give that or not?" (**Hatred against Sudanese or Africans, and violation of Fifth and Fourteen Amendments**). See, Protection of citizens: to all persons within the territorial jurisdiction, without any difference of race or color or of nationality; and equal protection of the law is a pledge of the protection of equal laws. *Yick WO v. Hopkins, Cal.1886 6S.Ct 1064 118 U.S. 369, 30 L. Ed. 220.* Also, see, *Wormen v. Moss, 1941, 29 N.Y.S.2d 798, 177 Misc. 19.*

<u>**Beginning of trial on March 26, 2007**</u>

5

In beginning day of trial March 26, 2007, how the Government, Court and

defense attorney goad Mr. Ndoromo into this conviction. "The court: Actually, I have

money laundering, false statements related to healthcare, the wire fraud. What we have

done is kind of tracking the language of statute for the healthcare fraud and the false

statements related to healthcare matters. I don't know if you have something more

comprehensive than that or not. I can show you both what we have. There wasn't

anything really in the red book or the federal practice book. Mr. Austin: I'll get the court

and defense counsel something. Probably right after the lunch break I'll be able to get

something." (**Perjury and Obstruction of Justice**) The question that Mr. Ndoromo and

public will ask is, what was that something, that was given to Judge to allow a fatally

defective and empty indictment to be presented before jury.  In *U.S. v. Kleinbart, 27 F.3d*

*586 (D.C. Cir. 1994)* (causeway and prejudice standard applied when petitioner challenge

to improper jury instructions) See government's indictment as follow:-

1-Health Care Fraud; 18 U.S.C. § 1347
2-Mail Fraud 18 U.S.C. § 1341
3- Wire Fraud 18 U.S.C. § 1343
4- Convicted in Health Care Fraud 18 U.S.C. § 982 (a) (7)
5-False statement in Health Care Matters 18 U.S.C. § 1035 (a) (2)
6-Money Laundry 18 U.S.C. § 1957

And See, "Health Care Fraud counts in indictment met the constitutional requirements for
specificity particular when consider in light of the bills of particulars provided by the
government; health care fraud counts alleged (1) the time frame of the scheme (2) the
scheme's victims, (health care providers) (3) the perpetrators of the scheme, (in both
side) (4) the place where the scheme was perpetrated from stating location to ending
location, (5) the purpose of the scheme, and tracked the language of the statute 18 U.S. C.
§ 1347" or is insufficient. See *U.S. v. Mermelstein, E.D.N.Y. 2007, 487 F.Supp.2d 1215*.

## End of the Trial March 29, 2007

On March 29, 2007, the Government, court, and defense counsel prevented the

jury from looking at the indictment.  Because they found out that if the juries see, the

indictment will not believe them. Further,  the court knowingly and intentionally asks the government and defense counsel if they may change the indictment in the instructions and verdict form to convict Mr. Ndoromo falsely.

"The Court: no need to send what back?" "Mr. Austin: The indictment back. I 'll leave it up to the court." **(Encourage the court to commit perjury)** "The Court: I think I said I would send the indictment back. Actually, everything is in the instruction and the verdict form. And, again, it is not evidence, but it is laid out all the counts, as to what the charges are. So you won't" **(Obstruction of Justice)**.

March 29, 2007. "The Court: counsel, we may have to make a change to those two counts that allege interstate commerce. The last sentence, if you find beyond a reasonable doubt that Medicaid was a healthcare… "Mr. Austin: what page?" "The Court: I'm sorry, 26. The last sentence. If you find beyond a reasonable doubt that Medicaid was a healthcare benefit program effecting interstate or foreign commerce, then the first element of the crime is satisfied." "The Court: and that will be changed with respect to its healthcare fraud and the false statement. I'll just change that language to mean then the commerce element of the crime is satisfied or that portion of the crime is satisfied." **(Committing Perjury and Obstruction of Justice)** "The Court: all right. If you turn to page 39, probably 39 of yours, the last sentence, again, it just needs to be consistent." "Mr. Austin: that sounds right." "The Court: do you see that? It's very complicated, but Christie has been wrestling with these things longer than any of us." **(Committing Perjury and Obstruction of Justice)**.

March 29, 2007. The court has omitted three elements wire fraud, mail fraud, and convicted in health care fraud, from jury instructions and jury verdict. "The defendant

7

must be acquitted when the Court omits from the jury instructions any element that the prosecution must prove beyond reasonable doubt." See, *U.S. v. Piere, 974 F.2d 1335, 1356-57 (D.C. Cir. 1992)* (instructions were not improper for informing jurors that they had a duty to convict if guilt had been proven beyond a reasonable doubt*)*; See, *Sullivan v. La., 508 U.S. 275, 281-82 (1993):* See, *Gaines v. Kelly, 202 F.3d 598, 606-07 (2d Cir. 2000)* conviction reversed because trial court define reasonable doubt 7 different ways which confuse the jury; *U.S. v. Purvis, 21 F.3d 1128 1129-30 (D.C. Cir. 1994)* conviction reversed because instruction equating certainty beyond reasonable doubt with strong belief constitutionally deficient and not subject to harmless errors.

March 29, 2007. "The Court: oh, each defendant. That was a co-defendant case. I agree. We took it from a co-defendant case." Who is the co-defendant? (**Obstruction of Justice**).

## The defective indictment

The Jury believed the three elements dropped by the government during trial were not defective: (a) Mail Fraud (b) Wire Fraud (c) Convicted in Health Care Fraud. The court issues the search and seizes warrants on December 22, 2004 because of a believed that the three elements dropped were not defective. See, *U.S. v. Nance Nos. 75-1755, 75-1865. (1976),* Defendant were convicted in the District Court for the District of Columbia of wire fraud and ten counts of obtaining something of value by false pretenses and intent to defraud and they appealed. The Court of Appeals held that, absent any allegation whatsoever, in the indictment as to what the false pretenses were, the indictment was defective and should have been dismissed on timely objection. That United States Attorney did not have authority to insert the vital allegations by means of

8

bill of particulars; and that sentence on the wire fraud conviction, which remained standing, would be remanded. See, *U.S. v. Glick, 142 F. 3d 520, 523 (2d Cir. 1998)* defendant can challenge indictment failure to charge with crime because such is a jurisdiction defect that can be raise on appeal despite defendant's failure to preserve it for appeal.

The government may contend that the indictment is in the words of the statute and that timely particulars could have obtained through a timely bill of particulars. See Fed.R.Crim.P. 7(f) of course, they could, but absent any allegation whatsoever in the indictment as to what the false pretenses were, the United States Attorney would have a free hand to insert the vital part of the indictment without reference to the grand jury. The law does not vest him with such authority. Since the indictment is returned by the grand jury fails to charge an offense under the false pretense statute, such counts should have been dismissed when the objection was timely raised at motions hearing on March 21, 2007. Fed.R.Crim.P. 12 (b) (2). A bill of particulars will not cure a fatally defective indictment in *Russell v. united States, 369 U.S. 749, 770-71, 82 S.Ct. 1038, 1050-51, 8 L.Ed.2d 240, 254-55 (1962).*

An indictment not framed to apprise the defendant "with reasonable certainty, of the nature of the accusation against him is defective although it may follow the language of the statute, *U.S. v. Simmons, 96 U.S. 360, 362, 24 L.Ed. 819.* Absent any allegation whatsoever in indictment, which charged the obtaining of value by false pretenses with intent to defraud, as to what the false pretenses were, the indictment was fatally defective and should have been dismissed upon timely objection; the United States Attorney was not vested with authority to insert allegations as to the bill of particulars. Fed.Rules

Crim.Pro. Rules 7(f), 12 (b) (2), and 18 U.S.C. A. E. § 22-1301 (a). For government's

abuse of discretion standard, the petitioner a prisoner will challenge the condition of his

confinement base on civil rights under title 42 U.S.C. A. § 1983 or 28 U.S.C.§ 2243,

§2248, and §2255. *See, Preiser v. Rodriguiz, 411 U.S. 475, 494, 499 (1973). Also, see,*

*Spencer v. Kenma, 523 U.S. 1, 5 (1998)* in Custody satisfied as long as petitioner was

incarcerated at the time the petition was file Writ of Habeas Corpus for immediate

release.

## Dismiss Indictment based on misconduct

(a) The prosecutor continues to remind the jury during the selection that the

Government has no question. (d) The prosecutor's opening statement was that, the

defendant is from Sudan. (c) The defendant was saving all his money to Bank to take

them to Sudan. (d) This case is about $1.8 Million that the defendant made it from

the taxpayers' money. (e) You the man and women of the jury must find that man

guilty. (f) Before you the jury, will leave this court in the end of the trial you must

find this man guilt, guilt and guilt.

## Questions to witnesses

(1) Did the defendant tell you that he is making $1.8 million dollars?
(2) Did the defendant is really helping you whenever you have personal problems?
(3) Did the defendant give back the money that he deducted from your paychecks every month?
(4) Did the defendant give you in the end of the year a tax return for the money he deducted?
(5) Did the defendant loan to you some money when you ask.
(6) How was your personal or sexual relationship with the defendant?

All these question were been asked or raise by the prosecutor to prejudice the jury and to

produce a guilty verdict. See, *U.S. v. Flaharty 295F. 3d 182, 202 (2d Cir. 2002)* Court

consider whether prosecutors remarks were improper and whether remarks infected trial

10

with unfairness thereby violating defendant's due process.  Also, see, *Marshall v. Hendricks, 307F 3d 36, 63-64 (3d Cir. 2002)* Court consider whether prosecutor's remarks were improper and then whether defendant due process rights were violated.

> See, *U.S. v. Higgs, 353F. 3d 281, 330 (4th Cir. 2003) (same). See, U.S. v. Berverly, 369F. 3d 516, 543 (6th Cir. 2003) (same) See, U.S. v. Williams, 343F. 3d 423, 437 (5th Cir. 2003) (same) See, U.S. v. Mabrook, 301F. 3d  503, 509 (7th Cir. 2004) (same).  See, U.S. v. Conrad, 320F. 3 mains 85*

Akube Wuromoni Ndoromo is a citizen of the United Sates of America.  The Government knew Mr. Ndoromo is a U.S. Citizen.  The Government had asked the court to hold Mr. Ndoromo's U.S. Passport after the indictment on Feb. 06, 2006.  The petitioner turns in his U.S. Passport on Feb. 09, 2006.

On March 26, 2007, the government's opening statement was to assassinate the characters of the petitioner before the Jury can hear or see the evidence.  The governments intend was to cause a mistrial.  The prosecutor was telling the jury to know that the petitioner have $1.8 million.  So let the jury not make a mistake of finding the petitioner innocent and will take his money to Sudan that is why the indictment must be dismiss because the prosecutor is using an acceptable prosecution to prejudice the jury.  See e.g. *U.S. v. Sherrill, 388 F.3d 535, 538 (6th Cir. 2004)* (Prosecutor's statement that, that man is guilty was improper because taken in context, it was prefaced with the government submits).  See, *U.S. v. Smith, 982F 2d 681, 684 (1st Cir 1993)* (prosecutor's statement that defendant was guilty was improper because it implied personal belief rather than simply governments position).  See, e.g. *Floyd v. Meachum, 907F. 2d 347, 354-55 (2d Cir. 1990)* Prosecutor's request that jury consider prosecutor's own integrity and ethics before deliberating on evidence was improper because credibility "vouch" invited jury to view verdict.

A criminal conviction is not to be lightly overturned on basis of prosecutor's comments alone. The petitioner wants statement must be viewed in context of entire proceedings to determine whether conduct affected fairness of trial in *U.S. v. Young 470 U.S. 1, 11-12 (1985)*. The prosecutorial misconduct leveling Mr. Ndoromo that he doesn't help his own employees which means he is not good in the community in grand jury proceedings was so egregious that it rendered grand jury proceedings fundamentally unfair in *U.S. v. Nelsonrodriguiz, 319 F. 3d 12, 30 (1st Cir. 2003)*.

The prosecutor's comments about Mr. Ndoromo from Sudan, save all his money to bank to take to Sudan, and rift off American's Tax payers money gives rise to constitutional violations; 5th Amendment, and 14th Amendment because Mr. Ndoromo is a U.S. Citizen. The prosecutor's comments that the defendant save all his money to bank to take to Sudan is discriminatory and violation of 4th, 5th and 14th Amendments and warrant acquittal. The prosecutor's acts constitute egregious misconduct in violation of defendant's constitutional rights of having a fair trial in *Miranda v. Bennett 322 F. 3d 171, 180 (2d Cir. 2003)* and quoting; *Marshall v. Hendricks, 307 F. 3d, 64 (3d Cir. 2002)* (the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial). The prosecutorial misconduct bringing Tax report of VSCA 2002 for trial and comments about defendant's former girl friend prejudicially affects Mr. Ndoromo's substantive rights in front of jury in *U.S. v. Kennedy, 372 F. 3d 686, 696 (4th Cir. 2004)*.

The prosecutor's misconduct was so pronounced and persistent that permeates the entire atmosphere of the trial and prejudice the defendant in *Mason v. Mitchel, 320 F. 3d 604, 635 (6th Cir. 2003)*. Also see, *Simpson v. Jones, 238 F. 3d 399, 409 (6th Cir. 2002)*.

12

Any prosecutorial misconduct or improper remarks or comments warrant mistrial since the remarks are improper and denies defendant the right to fair trial in *U.S. v. Mabrook, 301 F. 3d 503, 509 (7th Cir. 2002).* A prosecutor's misconduct will require reversal of court conviction only where the remarks sufficiently infected the trial so as to make it fundamentally unfair, and therefore a denial of due process in *Cargle v. Mullin, 317 F. 1196, 1220 (10th Cir. 2003).*

The prosecutor's duty in criminal prosecution is to seek justice. As such, the prosecutor should prosecute with earnestness and vigor. But may not use improper methods calculated to produce a wrongful conviction, if the use of such methods so infects the trial with unfairness as to make the resulting conviction a denial to due process it must justify a mistrial or reversal of conviction. "Appellate review of prosecutorial misconduct therefore consist of a two parts test: First, was the prosecutor's conduct actually improper; Second; Did the misconduct, taken in the context of the trial as a whole, violate the defendant's due process rights. Since the prosecutor's misconduct is intended to cause a mistrial then the Double Jeopardy clause must bar further prosecution." See, *Galarza v. Keane, 252 F.3d 630, 632 (2d Cir 2001)* (Habeas used to challenge prosecutor's use of peremptory challenge to strike Hispanic individual as due process and equal protection rights violation). And see, *Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560.*

### Ineffective Counsel

On September 5, 2007 the trial judge told the petitioner that he knew the attorneys he was appointing to represent Mr. Ndoromo have relationships with government prosecutors. The judge knew that all the attorneys he was appointing to Mr. Ndoromo

have relationships or interest in government, but the judge appointed them. Mr. Ndoromo

went to trial represented by ineffective attorney in, *Holloway, 435 U.S. at 484*, and

violation of right to effective assistance of counsel because trial judge failed to

investigate claim of possible conflict of interest on part of defendant's attorney.

Also See, *U.S. v. Greig, 967 F.2d 1018, 1022 (5th Cir. 1992)* violation of right to

effective assistance of counsel because trial court knew of conflict of interest but failed to

conduct further inquiry. And See, *U.S. v. Gallegos, 108 F.3d 1272, 1282 (19th Cir. 1997)*

violation of right to effective assistance of counsel because trial court knew of conflict of

interest but failed to obtain either waiver or protect right to conflict free representation.

See, *Mann v. Thalacker, 246 F.ed 1092, 1094 (8th Cir 2001)* (Habeas used to challenge

constitutional right to be tried before impartial fact finder when judge failed to recuse

himself). (And see defendant's motion for ineffective counsel Filed September 11 or 14,

2007) and see, *Johnson v. Zerbst, 304 U.S. 458, 463* (1938) (Sixth Amendment right to

counsel in criminal proceedings with holds from federal courts the power and authority to

deprive an accused of his life or liberty). *Cody v. U.S. 249 F. 3d 47, 52 (1st Cir. 2001)*

(ineffective assistant of counsel claim appropriate under section 2255 without showing of

course and prejudice). *U.S. v. Garth, 188 F.3d 99, 107 n 11 (3d Cir. 1999)* (ineffective

assistance of counsel claim appropriate under section 2255 without showing cause and

prejudice).

### Fourth Amendment violations

The government came on December 22, 2004 with search warrants to Mr.

Ndoromo's Apartment not arrest warrant. The government knocked at the door when

Mr. Ndoromo was trying to check who was that, the government forces their way in and

had Mr. Ndoromo under hand cuffs for two hours. The hand Cuffs taken off, but the

agents ask Mr. Ndoromo to be interrogated and were not allowed to answer the phone or

move. All these seizure happened to Mr. Ndoromo on December 22, 2004. See,

*Johnson, v. Cambell, 332F. 3d 199, 206 (3rd Cir. 2003)* seizure found when officer

persisted in demanding that person sitting  in parked car roll down the window after

person initially refused to do so and it became clear that person could not refuse officers

request. Also see, *Kampp v. Texas 538 U.S. 626, 630 (2003)* Seizure found when

circumstances surrounding encounter with police lead reasonable person to believe he or

she is not free to ignore the police and go about his business.

Mr. Ndoromo has the right to be secure in his Apartment papers and effects,

against unreasonable search and seize. No warrants shall issue, but upon probable cause,

supported by oath and particularly describing the place to be search, and the person or

things to be seized. The government violated the search and seize warrants by seizing the

following: (1) VSCA Tax report for 2001 and 2002. (2) Mr. Mr. Ndoromo's Mother has
approved visa to migrant to United States of America. (3) Mr. Ndoromo's Fiancé's
Approved Visa to migrant to United States of America. (4) Mr. Ndoromo's income Tax
reports for all these years. (5) Mr. Ndoromo's medical records. (6) Mr. Ndoromo's old
passports. (7) Mr. Ndoromo's personal not books and diaries. (8) Mr. Ndoromo's cash
found in the wallet. (9) and seize all the VSCA record and VSCA non-profit records.
(10) The VSCA non-profit solicitation records. (11) Certificates of the VSCA
transportations business, and non-profit.

The government generally was not suppose to exceed the terms of the authorizing

warrants when making or conducting a search and seize. In addition, the Fourth

Amendment requires that government actions in the execution of warrant be related to the

objectives of the authorized intrusion. If executing officers exceed the scope of a search

warrant the seize evidence must be suppressed and the entire case must be thrown away.

See, *U.S. v. Fuccillo, 808F 2d 173, 177-78 (1st Cir. 1987)* evidence suppressed because

executing officers exceed scope of already over broad warrant authorizing seizure of women's cloths by seizing 2 racks of men's cloths. Also, see, *U.S. v. Coleman, 805F. 2d 474, 483 (3rd Cir. 1986)* evidence suppressed because officers exceed scope of warrant authorizing seizure of certain financial records by seizing material not included in warrant. Also see, *U.S. v. Schroeder, 129F. 439, 442 (8th Cir. 1997)* evidence suppressed because officers exceed scope of warrant by searching trailer adjacent to property indicated in warrant.

"Even if some documents seize were within the scope of a warrant authorizing seizure of records of defendant's business that tended to evidence health care fraud, the conduct of the agents who executed the warrant was so inappropriate as to warrant the exclusion of all evidence seized"; One agent Brian Evans testimony was unequivocal in his belief that they did not consider themselves to be limited to seizing business items in health care only, or records that tended to show evidence of violation of the health care fraud statute, and in fact indicated that they intended to seize personal financial records and didn't intended to limit the financial records to business records in *U.S. v. Srivastava, D. MD. 2006, 444 F.Supp.2d 385, reconsideration denied 2007 WL 716799.*

An unlawful search or seizure neither precludes prosecution nor invalidates a subsequent conviction. Instead, usual remedy for a Fourth Amendment violation is suppression of illegally seized evidence. The Fourth Amendment also protects against unreasonable government seizures of person and property. Seizure of a person occurs when, in view of all of the circumstances surrounding the incident, a person reasonably believes he or she is not free to leave an encounter governmental official, like in the situation of Mr. Ndoromo.

16

## Governments' failure to prove beyond reasonable doubt

The due process clause requires the government to prove beyond reasonable doubt every element of the crime with which Mr. Ndoromo is charged. "If the Government fails to sustain its burden of proof on any element, the defendant must be acquitted." Since the government, fails to sustain its burden of prove on three elements Mr. Ndoromo must be acquitted. See, LAFAVE AND SCOTT, CRIMINAL LAW §1.8 (2d ED. 1986); McCormick Evidence § 336-337. (18 U.S.C. § 983 CFRA 2000 Also See, *U.S. v. Morillo, 158 F. 3d 18, 25, (1st Cir 1989)*. The judge failed to acquit the defendant Mr. Ndoromo.

## Summarizing

Based above mentioned violations under: Arbitrary or Discriminatory Administration Application or Enforcement General: Constitution mandate of equal protection extends not discriminatory executive or administrative conduct as well as discriminatory enforcement. See, *Jackson v. Marine Exploration Co., C.A.Fla 197, 583 F.2d 1336*. This clause is applicable not only to discriminatory government action administration and enforcement of the law alone. But it will extend to governments' violation of public properties. *Britton v. Rogers, C.A.Ark. 1980, 631 F.2d 572, certiorari denied 101 S.Ct. 2021, 451 U.S. 939, 68 L. Ed.2d 32*7.

This clause prohibits discriminatory administration of valid statutes like one that in Mr. Ndoromo's case after filing for law suit to recover his money, vehicles, and the entire properties. *Shock v. Tester, C.A.Ark 1969, 405 F.2d 852, certiorari denied 89 S.Ct, 1641,394 U.S. Ct. 2004, 395 U.S. 941, 23 L.Ed.2d 460*.

17

*Pro Se,*

Date 02/19/2008

**Akube W. Ndoromo**
CCA/CTF Prison
D.C. # 309-364
1901 E. Street SE.
Washington, D.C. 20003

Copy To:
U.S. Attorneys Office.

Shame K. C. Bivens    2/19/08

NOTAR~ ~KA C BIVENS
DIST~ CT OF COLUMBIA
M~ ~ion Expires June 30, 2011

**NOTARY PUBLIC:**

**I satisfy under penalty of perjury that on going motion is true to the best of my Knowledge.**