# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Copies to: Judge
AUSA - Special Proceedings
Dft.

UNITED STATES OF AMERICA          :
                                  :
                                  :
                                  :
v.                                :   **Criminal No. 06-019- (EGS)**
                                  :
                                  :   **FILED**
                                  :
AKUBE W. NDOROMO et al            :   **JUN 1 7 2008**
_____   :
                                      NANCY MAYER WHITTINGTON, CLERK
                                      U.S. DISTRICT COURT

### Reply Memorandum of Facts of law and Authority for Government's Responses For ineffective Attorney, Government Violation of Sixth Amendment and Section 2255

The defendant, *Pro se* replying to government's responds that without merits Government citing any law and authority about ineffective counsel, governments' violation of Sixth Amendment, and failure to answering Section 2255. Based on Court's comments; Ellen C. Epstein is a well "experienced attorney" in Pre-Trial structure and Pre-trial structure permits artful attorney attorneys like Ellen C. Epstein to hide the ball and keep alive hopeless claims, as well as former defense attorneys Rita Pendry and David Boss for a much long time than [ formerly ].

In many ways, contemporary federal litigation is analogous to the dance marathon contests of yesteryear. The object of the exercise is to ….hang on to one's client, and then drift aimlessly and endlessly to the litigation, music for as long as possible hoping that everyone else will collapse from exhaustion, but it is obstruction of justice and conspiracy to harm.

Government raises motions that were filed for Judge's recusal and copies were sent to Judge. The Judge filed them to Court. First of all the civil center is filled with everything that made District of Columbia such an exhilarating and alarming City-Jostling, shouting, joking, cajoling, backslapping, backstabbing, bargaining, dealing, favors granted, grudges paid with interest, intimidation, bribery, conciliation, grand gestures, obscene remarks, and the occasional spontaneous act of generosity. *See,* trial Transcripts March 26, page 4, and 5. In reference to 18 U.S.C. §1505 and §1518.

Government contend that section 2255 was suppose to be filed after sentencing, but *See,* Rule 1 of title 28 U.S.C. § 2255 " 1 year period of limitation shall apply from the date on which judgment of conviction." *See, Smith v. United States,* 2005 WL 1313445, *2 CD.D.C. (June 1, 2005). "Because the petitioner has not timely filed his § 2255 challenge within the applicable statute of limitations. The Court denies the petitioner's motion for relief."

On March 21, 2007, Motions hearing the Government and Court say they cannot believe any testimony by private citizens compare to law enforcement testimony, and the counsel never took action against violations of the constitution by the Court and Government. The Court denied to suppress evidence seize in violation of Fourth Amendment and statement obtained in violation of Fifth Amendment. The Government convinces the Court to deny dismissing the defective indictment because the government and Court do not believe evidence provided by private citizen, but still the defense counsel never took action against the court or Government. *See,* Motions Hearing Transcripts March 21, 2007 Docket Entry # 66, Entry Date 11/30/2007, pages 130-133, 135, 136, 138, and 139. *Further, See,* **Superseding Indictment Date 02/01/2006,**

**Docket Entry # 3**, and *See*, the evidence below. The Government, Court, and Defense counsel conspire to convict Mr. Ndoromo in 18 U.S.C. § 241, to them to have a free hands into his money and automobiles without objection.

## The Background of Government Obstruction and Perjury

The Government and Court unlawfully, willfully, and knowingly did corruptly influence, obstruct and impede and corruptly endeavor to influence, obstruct and impede due and proper exercise of power of inquiry by certain specific acts, particular altering, defacing and partially destroying and withholding from Jury the unproven elements, dropping elements in absents of jury, and holding the indictment from jury. In reference to 18 U.S.C. 18 U.S.C. § 241, § 1505, §1518, § 1621 and *See, U.S. v. Presser, N.D.Ohio 1960, 187 F.Supp.64. See,* Verdict form Docket Entry # 36 and 37 Date 03/30/2007. *See,* transcripts March 29, 2007, Docket Entry # 70 Date 11/30/2007, pages 70, 107,108, 131, 132, 141-145. *See*, also, Transcripts March 26, 2007, in opening statement Docket Entry # 67 Date 11/30/2007, pages 127 and 149, and 150. The defense counsel failed to object in the obstruction of justice.

## Government Misleads Petty Jury Disregarding the Grand Jury Indictment

The Government and the Court unlawfully, willfully, and knowingly did corruptly influence, obstruct, impede, and corruptly influence altering defacing and **omitting four elements and Two counts;** False statement in Health care Matters, wire fraud, mail fraud, and convicted in health care fraud; from jury instructions and jury verdict. *See, U.S. v. Presse, N.D.Ohio 1960. 187 F.Supp. 64. See*, the court's instruction on March 26, 2007, Trial transcripts Page 138 Docket Entry # 67 Entry Date 11/30/2007, as follow:

The Court: The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proved beyond a reasonable doubt every

element of an offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find that the government has failed to prove beyond a reasonable doubt any element of an offense with which the defendant is charged, you must find the defendant not guilty of that offense.

*See,* trial closing instruction March 29, 2007, page 107, and 108 Docket Entry #70 Entry

Date 11/30/2007, as follow:

The Court: And right now I'm going to instruct you that, and I just misplace some of this paper, that there's certain counts in the indictment that you need not consider and you need not speculate as to any reason why you shouldn't consider them. And, quite frankly, I have misplaced what I just wrote down. Actually, they're **counts Two, Three, Four** and **Five** and **Seventeen** and **Eighteen**. The reason why I mention that is because you'll see numerical gaps on the verdict form, you won't see those numbers. That's because you don't need to focus on those counts in the indictment. And just for clarity sake, when we send the indictment back, you won't even see reference to those numerical counts, just so that there's no confusion. So again, there's **counts Two, Three, Four** and **Five** and **counts Seventeen** and **Eighteen** that you need not give further consideration to.

The Government and Court knowingly and intentionally constructively amended

the indictment and instructed the petty jury several times to confuse them and obstruct

them from knowing the truth of the **Grand Jury** Superseding Indictment.

"More recently, in *United States v. Miller, supra,* the **Supreme Court** distinguished between an indictment alleging an offense different or broader from that establish at trial and an indictment means of committing the offense different from those established at trial. The former, it held, constituted an impermissible variance. Miller was charged with defraud his insurer both by consenting to a burglary and by lying to the insurer about the value of his loss. While only the latter allegation was proved at trial, the court held it sufficient to sustain a conviction. In other words, to successfully resist offense proved at trial and fully alleged in the indictment. *See, Miller, supra, 105 S.Ct. at 1816.8.* With regard to amendment which infringe on a constitutional right to **grand jury** indictment, the **Supreme Court has adopted a per se reversal rule.** *See, Ex parte Bain, supra, 121 U.S. at 1*; *Baker v. United States, 373 A.2d 1215, 1218 (D.C. 1977)."*

The indictment was about Healthcare Fraud, Mail Fraud, and Wire Fraud, the

Government and Court and Rita Pendry; knowingly and willfully corruptly endeavored to

influence, obstruct and impede the due and proper administration of law in which they

provide wrongfully instructions to **Petty Jury**, by making false and misleading

instructions about the elements by mention them by numbers not by statutes, was to

confuse the **Petty Jury** 18 U.S.C. § 241, §1505, and §1518. *See, U.S. v. Hassoum,*

*S.D.Fla.2007, 2007 WL 755272. See,* trial transcripts March 28, 2007, pages: 40-43, 45,

49, 50, 53, and 55.

"The **Grand Jury** Clause of the **Fifth Amendment** reads": No person shall be held to
answer for a capital, or otherwise infamous crime, unless on a presentment or indictment
of a **Grand Jury**." And indictment, as charging instrument, offers three protections to
the accused. First, it must appraise the accused of the charges against him so that he may
adequately prepare his defense, and second, it must describe the crime with sufficient
specificity to enable him to protect against future jeopardy of the same offense. *Gaither
v. United States, 134 U.S.App.D.C.154, 159, 413 F.2d 1061, 1071 (1969); United States
v. Miller_U.S._, 105 S.Ct. 1811, 1814, 85 L.Ed.2d 99 (1985); See, also United States v.
Bradford, 482 A.2d 430, 433 (D.C.1984).* In addition to these notice related concerns, the
right of indictment by **Grand Jury** affords a third safeguard. **By guaranteeing the right
to be tried only on charges made by the indictment**, the clause also protects against
oppressive actions of the prosecutor or court, **who may alter the charge to fit the proof**.
*Gaither, Supra, 134 U.S. App.D.C. at 159, 413 F.2d at 1061.* The prohibition precludes
the possibility that the defendant could be convicted on the basis of facts not found by, or
presented to, the **Grand Jury which indicted him**." *See, Russell v. United States, 369
U.S. 749, 770, 82 S.Ct. 1038, 1050, 8 L.Ed.2d 240 (1962)*

March 26, 2007, the prosecutor was telling the **Petty Jury** that the VSCA money

was to help Mr. Ndoromo's native country Sudan. The Court and Rita Pendry know all

the details in this case, but ignore the government's false claims. Further, the prosecutor

told the jury falsely that they seized $35,000 (Landrover) from Mr. Ndoromo and there

are still $1.2 million in Mr. Ndoromo's account. The Court and Rita Pendry have the

records that the government seized $1.2 million and two automobiles from Mr. Ndoromo,

but the defense counsel and Judge Emmet G. Sullivan ignores it because they were given

something. *See, 1:05-cv-00356-EGS- United State of America v. $455,273.72 In Funds

From Bank of America, See, also, 1:06-cv-00150-EGS- Ndoromo v. United States of

America.*

"An **amendment** of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the **Grand Jury has last passed upon them**. A **variance** occurs when the charging terms of the indictment are left unaltered, but the **evidence at trial proves facts materially different from those alleged in the indictment**."

The Government: "I can't remember whether it was Mr. Philip or Mr. Rajj whose transmission blew $2,000. Will the defendant pay that for him? No. Absolutely not. **The man is sitting on $1.2 million** at the end of the day. He doesn't have enough money to pay for the transmission on one of his own vans? That's why it was a mistake for these people to work for him. **That's why we are here today**." *See,* Trial transcripts March 29, 2007, Page 76, Docket Entry #70, Entry Date 11/30/2007 and also *See,* the Superseding Indictment Docket Entry #3, Entry Date 02/01/2006. (It is false and misleading to the petty Jury).

The Government: "Did people get paid without prior authorization codes? That's in large part probably why we're here. But that doesn't excuse, that does not excuse **stealing, ripping off**, taking from Medicaid." *See,* Trial Transcripts Page 99, Docket Entry 70, Entry Date 11/30/2007. (*See,* the Superseding indictment Docket Entry # 3, Entry Date 02/01/2006). *See, U.S. v. Salemeh 15 F.3d 88.134 (2d Cir. 1998)* (Prosecutor's argument during closing that witnesses place defendant at scene of bomb making was improper. Because the argument was that Jury should infer from totality of evidence). The defense counsel took no action to move the case to mistrial.

The Government: "Yes, the government got up here before you and said $1.8 million and repeated **$1.8 million again and again and again**, because that's the amount

of fraud here, **that's the evidence here**. It's **$1.8 million minus about $6,000**." *See,* the

indictment Docket Entry #3 Entry Date 02/01/2006.  (False and Misleading)

The Court: "You may consider only the evidence, which is properly admitted in

the case.  The evidence undoubtedly will include the sworn testimony of witnesses.  It

will also include stipulations or other matters about which the court takes judicial notice.

If it includes those matters, I will define what those terms mean for you at the appropriate

term during the trial." *See,* March 26, 2007, Trial Transcript Page 137, Docket Entry #67,

Entry Date 11/30/2007.  The Government and Judge in this case have the entire

substantial evidence about the facts, but they mislead the **Petty Jury** because it was a

robbery.  The defense counsel Rita Pendry failed to object because she was given

"Something".

The trial ends on March 29, 2007, the Government and Court, unlawfully,

willfully and knowingly did corruptly influence, obstruct and impede and corruptly

endeavor to influence obstruct and impede due and proper exercise of power of

Government and Court by specific acts, particularly altering, defacing, and terminating

the trial without the second phase of the trial.  To the plaintiff to present the second phase

of the trial 18 U.S.C. § 241, § 1001, §1505, §1518, and § 6121.  *See, U.S. v. Presser,*

*N.D.Ohio 1960, 187 F.Supp.64. See,* verdict form Docket Entry # 36 and 37 Date

03/30/2007.  *See,* transcripts March 29, 2007, Docket Entry # 70, Date 11/30/2007, pages

70, 107,108, 131, 132,141-145.  Also, *See,* Transcripts March 26, 2007, in opening

statement Docket Entry # 67 Date 11/30/2007, pages 127, 149, and 150.

The Government and Court altered the evidence and present them in form of

**charts.**  "So how was he billing?  Well, Mary Khangaa talked about this.  She talked

about it through the agent.  This is part of the master list, the master log.  This is for the

standing authorizations that he did not have.  Remember, you'll see that **chart**.  One

hundred eighty total trips, trips, with prior authorization.  That's not people.  That's trips.

Because you'll see on **chart** he had prior authorization." *See,* trial transcripts March 29,

2007, Page 79, Docket # 70, and Entry Date on 11/30/2007.  The defense attorney took

no action.  The Government amended the evidence and presents them in form of charts to

Petty Jury to fit their notion of proof, violating defendant's Fifth Amendment protection

of Grand Jury indictment.

*"Gaither v. United States, supra, 134 U.S. App.D.C. at 164, 413 F.2d at 1071* (emphasis
in original; footnotes omitted) (quoted in *Giles v. United States, 472 A.2d 881, 883 (D.C.
1984)).*  Exemplifying a literal amendment because the trial court struck the name of an
involved party when evidence at trial failed to prove his involvement, *Ex parte Bain, 121
U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887)*, **once returned, cannot be broadened or
materially ALTERED EXCEPT BY THE GRAND JURY ITSELF**.  *See, Stirone v.
United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960)*, the **Supreme Court
elaborated on this concept by articulating the doctrine of constructive amendment**."

Ms. Pendry: "objection. Pejorative. The Court: "I'm sorry?" Ms. Pendry: "It's

pejorative. He's not arguing the evidence." The Court: "I'll allow it. It's argument. It's

not evidence, it's argument." The Government: "He used everybody. Every single

person he could to get rich he used them. He used them whether they were alive or dead.

He used them because they made him into millionaire." *See,* Trial transcripts March 29,

2007, page 70, Docket # 70 Entry Date 11/30/2007.  *See,* the Superseding Indictment

Docket Entry # 3, Entry Date 02/01/2006 (the indictment is not about getting rich or

millionaire).  The government: "And let's talk about why the drivers made a mistake

working for this man.  Well, they made a mistake working for this man because who just

gives up 15% of your income to somebody for what?  Did they choose to work for him?

Yes, they did.  Were they forced to?  No, they weren't.  But you would expect an

8

employer to treat an employee with some respect." *See,* the Superseding Indictment Docket Entry # 3 Entry Date 02/01/2006, and *See,* trial transcripts March 29, 2007, Page 75. The entire trial was pejorative and obstruction of justice by Government and allowed by the judge Emmet G. Sullivan. The defense counsel took no action to call for mistrial.

An information may be **amended**, with leave of court, "at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Super. Ct. Crim. R. 7(e); *District of Columbia v. Van Nuys, 282 A.2d 550, 551 (D.C. 1971).* Eve-of-Trial or mid-trial amendments are permissible so long as they do not deprive the defendant of adequate notice, or result in the charging of different offense. *Dyson v. United States, 485 A.2d 194, 197 (D.C. 1984).*

A **variance** occurs when the facts proved at trial "materially differ from the facts contained in the indictment, but the essential element of the offense are the same." (Olive W.) *Johnson v. United States, 613 A.2d 1381, 1384-85 (D.C. 1992)* (citation omitted). *See,* also *Barker v. United States, 373 A.2d 1215, 1219 (D.C. 1977)* (**variance** is "**proof** at trial... based on a different set of **factual circumstances** than was presented to the **Grand Jury**"). **Variance** can violate the right to notice, implicate double jeopardy guarantees, or surprise the defense at trial. Prejudice **variance** is reversible error. *Pace v. United States, 705 A.2d 673, 677 (D.C. 1998).*

The Government and the Court would have realized that conduct which sought to mislead and did mislead was unlawful; therefore, it was necessary for the Government and Judge to have been aware of the exact details of this sections 18 U.S.C. § 1505, §1518, §1621 and § 241. " *See, U.S. v. Brown, C.A. 10 (Utah) 1980, 630 F.2d 694, certiorari denied 101 S.Ct. 2324, 451 U.S. 988, 68 L.ED.2d 846. See,* Trial transcripts

March 26, 2007, Docket Entry # 67 Date 11/30/2007 pages 4, 10, 11, and 141, and 149.

*See,* also, the defense counsel failed to object the violations because she was given

"Something."

**"Supreme Court** decisions on amendment of the indictment support these principles as necessary inferences from the guarantee of indictment by a **Grand Jury**. In the leading case of *Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887),* the defendant, and officer of a banking association, was charged with making a false report with intent to deceive the Comptroller of the Currency and the agent appointed to examine the affairs of said association. On motion by the government, the trial court ordered the italicized words struck out as surplusage. The **Supreme Court** set the conviction aside. In reply to the trial judge's argument that the grand jury would have found the indictment without this language, the Court stated," * * * **But it is not for the court to say whether they would or not. The party can only be tried upon the indictment as found by such Grand Jury, and especially upon all its language found in the charging part of that instrument.* * *.'**

"How can it be said that, with **these words stricken out**, it is the **indictment**, which was **found** by the **Grand Jury**? If it lies within the province of a court to change the charging part of an indictment to **suit its own notions** of what it ought to have been, or what the **Grand Jury** would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a **Grand Jury,** as a prerequisite to a prisoner's trial for a crime, and without which the Constitution says '**no person away until its value is almost destroyed.**' The **Supreme Court has continued to adhere to the *Bain* principle in recent years**." *See, Strirone v. United States, 361 U.S. 212, 80 S.Ct. 270 (1960)*.

Any reasonable Government, Judicial official, and Defense counsel would have

realize that conduct which sought to mislead and did mislead was unlawful, but

Government, Court, and Rita Pendry Knowingly, willfully, intentionally, ignore and

granted the case to proceed; crimes of obstruction of proceedings has three essential

elements: there must be proceedings pending before department or agency of the United

State; Government and Court must be aware of pending proceedings; and Government

must have intentionally endeavored corruptly to influence, obstruct or impede pending

proceeding. 18 U.S.C. §241, § 1505 and §1518 and *See, U.S. v. Price, C.A.9 (Nev.) 1991,

951 F.2d 1028.* The defense counsel took no action because she was given "something."

"The Court: I don't need to resolve it now. We need to resolve it before the trial.

**"I don't really care."** And I know him by both names. So that's fine for this hearing.

But I don't want to be insensitive about it. If he has a legal name, even though that's not

the name on the indictment, **they're not going to see the indictment anyway**" (March

21, 2007), Motions Hearing Transcripts pages 15, 16, Docket Entry # 66, Entry Date

11/30/2007.

'**\* \* \* To allow the prosecutor, or the court to make a subsequent guess as to what
was in the minds of the Grand Jury at the time they returned the indictment would
deprive the defendant of a basic protection which the guaranty of the intervention of
a Grand Jury was designed to secure. For a defendant could then be convicted on
the basis of facts not found by, and perhaps not even presented to, the grand jury
which indicted him. \* \* \*.**'

March 28, 2007, the Government and Court ignores the facts that there were two

individuals using VSCA Medicaid Number illegally since 2002-2005 and the

Government and Court was alerted about it, but the judge ignored the entire evidence in

reference to 18 U.S.C. §241, §1001, §1505, §1518 and §1621. *See,* trial transcripts

March 28, 2007, Docket Entry # 69 Date 11/30/ 2007, pages 16-20, 40, 41-43, 45, 49, 50,

53, and 55. The defense counsel took no action about all the above mentioned to end up

the case.

### Challenges during Trial-Amendment and Variances

The requirement of indictment in felony cases "precludes the Possibility that the

defendant could be convicted on the basis of facts not found by, or presented to, the

**Grand Jury** which indicted him." *Scutchings v. United States, 509 A.2d 634, 636 (D.C.*

*1986). See, Wright v. United States 564 A.2d 734, 738 (D.C. 1989)* ("conviction reversed

because defendant conviction on facts crucially different from facts presented to **Grand**

**Jury**"). This rule, discussed above in the context of challenges to the facial validity of

the indictment, may be violated in one of two related ways during trial amendment of, or

variance from, the indictment.

"An **amendment** of the indictment occurs when either prosecutor alters the charging
terms of the indictment, **literally or in effect**, or court after the **Grand Jury has last
passed upon them**. A **variance occurs** when the charging terms of the indictment are
left unaltered, but the evidence offered at **trial proves facts materially different** from
those alleged in the indictment. *See, Gaither v. United States, 413 F.2d 1061, 1071 (D.C.
Cir. 1969)* (footnote omitted). **Amendment** is thus a change in the indictment itself,
while **variance** is a different between proof at trial and proof at the **grand jury** stage. **A
constructive amendment is said to occur when variance is substantial from those
alleged in the indictment."** (Exactly like what happened to Mr. Ndoromo)

The health care indictment charges Akube Ndoromo with **$1,917** (added). Akube

Ndoromo challenges the indictment before trial on March 21, 2007. The government

respond was that the indictment was charging Mr. Ndoromo with **$600,000**. The

government argument was that in year 2004 the average Medicaid transportation

companies made **$60,000**. The VSCA and Mr. Ndoromo made $600,000 in 2004, the

highest paid in the District of Columbia. The trial started on March 26, 2007, the

government abandoned the original indictment plus their illegally amendment at motions'

Hearing, and claim falsely that the government was charging the VSCA and Mr.

Ndoromo with **$1.8 Million** in front of the **Petty Jury** to mislead them. However, the

evidence disagrees with the government's evidence of amendment and variance.

    (1) The total amount charged in indictment was **$1,917**.

    (2) In year 2004, the average Medicaid transportation company made **$200,000**.

    (3) In year 2004, the highest paid Medicaid Transportation Company **$3.01 Million**.

    (4) In year 2004, Mr.Ndoromo and VSCA made **$800,000 plus**.

These above-mentioned facts proved that there is an amendment of indictment and

variance presented to **Petty Jury**. The Federal rules of criminal procedure Rule 7 (c) (1)

requires that an indictment be plain concise definite written statement of the essential

facts the offense charged. An indictment needs only those facts and elements of the

alleged offense necessary to inform the accused of the charged so that he will prepare a

defense and invoke the Double Jeopardy Clause.

The entire indictment is insufficient because it failed to inform; the Grand Jury,

Petty jury, and Mr. Ndoromo about the facts. *See, U.S. v. Omer, 395 F.3d 1089 (9ᵗʰ Cir

2005) (per Curium)* ("indictment failing to recite materiality of false hood insufficient as

missing essentials element of offense" and *See, U.S. v. Puckett, 353 F.3d 62, 67 (D.C. Cir

1994)* "indictment tracking language of statute insufficient because it failed to track all

elements of the statutory offense."

"Ordinarily, it is proper for an indictment to be drawn in the language of the

statute, *U.S. v. Thomas, 144 U.S. App. D.C. 44, 444 F.2d 919 (1971),* but following the

generic wording of a statute is not necessarily sufficient." **U.S. v. States Supreme Court

has stated**; "Where guilt depends so crucially upon a specific identification of facts, our

courts have uniformly held that an indictment must do more not simply repeat the

language of the criminal statute. It is an elementary principle of criminal pleading, that

where the definition of an offence, whether it be at common law or by statute, includes

generic terms, it is not sufficient that the indictment shall charge the offence in the same

generic as in the definition; but it must state the species, it must descend to particulars."

*See, U.S. v. Cruikshank, 92 U.S. 542, 558, 23 L.Ed. 588.*

"In an indictment upon a statute, it is not sufficient to set forth the offence in the

words of the statute, unless those words of themselves fully, directly and expressly,

without any uncertainty ambiguity, set forth all the elements necessary to constitute the

13

offence intended to be punished.⁺ *See, U.S. v. Carll, 105 U.S. 611, 612, 26 L.Ed. 1135.*

"Undoubtedly the language of statute may be used in the general description on an

offence, but it must be accompanied with such a statement of the facts and circumstances

as will inform the accused of the specific offence, coming charged."

*See, U.S. v. Hess, 124 U.S. 483, 487, 8 S.Ct. 571, 573, 31 L.Ed. 516; Pettibone v. United States, 124 U.S. 148 U.S. 197, 202-204, 13 S.Ct. 542, 545, 37 l.Ed. 419; Blitz v. United States, 153 U.S. 308, 315, 14 S.Ct. 924, 927, 38 L.Ed.725; Keck v. United States, 172 U.S. 434, 437, 19 S.Ct. 254, 255, 43 L.Ed.505; Morissette v. united State, 342 U.S. 246, 270, n. 30 72S.Ct. 240, 253, 96 L.Ed. 288. Cf; U.S. v. Petrillo, 332 U.S. 1, 10-11, 67 S.Ct. 1538, 1543, 91 L.Ed. 1977.*

That those basic principles of fundamental fairness retain their full vitality under

modern concepts of pleading, and specifically under Rule 7 (c) of the Federal Rules of

Criminal Procedure, is illustrated by many recent federal decisions

### Violation of Brady, Bagley, and Jenkins by Government and Court

Mary Khangaa answering questions during motions hearing. The Government

refused to disclose video Recording in Mary's place because it will impeach

governments' witnesses. Defense counsel Ms. Pendry Questions (Q). "Did you see a

video Camera in your apartment the day that the police and agents were there?" Witness

Mary Khangaa Answer (A). Yes. Q. "what were they doing with it?" A. "I think taping

me while I was talking." Q. "And what about when you were in the hallway

handcuffed?" A. "I can't even remember if there was one in the hallway." *See,* Motions

hearing March 21, 2007, transcripts Page 115, Docket Entry # 66 Entry Date 11/30/2007.

*See,* Akube Ndoromo Motion Hearing transcript March 21, 2007, page 69, Docket Entry

# 66, Entry Date 11/30/2007. "I say, okay, if it is all this way, why don't you come with

a video or the media to show to the world." *See, United States v. Bailey, 689 F.Supp.*

*1463 (N.D.III. 1987)* (requiring government to turn over tapes of dependant made in

another case under Rule 16 (a) (1) (A). and *See, also, United States v. Lanoue, 71 F.3d 966 (1ˢᵗ Cir 1996)* (tape recording of defendant's conversations in jail after arrest should have produced under Rule 16 (a) (1) (A)). *See, United States v. Walker, 922 F.Supp. 732 (N.D.N.Y. 1996)* (requiring disclosure of conspirator statements for all persons the government does not intend to call at trial)

Four of Government witnesses are mental retarded and have track criminal records, the government did not provide Mr. Ndoromo with psychiatric report or criminal report for all the witnesses; secondly, government hid the only security guard saw Mr. Ndoromo naked. Defense counsel Rita Pendry Question (Q). "Do you remember the name of the security person with whom you were dealing?" Government witness Brain Evans Answer (A). "I do not." Q. "Would you have that in your records anywhere?" The Government: "I'll object, your honor, to relevance." Counsel: "your honor, I think he said he –I think he testified that at some point the security, he checked in with the building security." Q. "Would you have in your records anywhere the name of the security person that had the key?" A. "I'm not sure." *See,* Motion Hearing March 21, 2007, page 32 Docket Entry 66, Date Entry 11/30/2007).

The witness Akube Ndoromo: "when I notice there was a security guard, I'm already on the wall, and I was even handcuffed, this thing happened so fast." The court: "You said the security guard. Now, is that the person who works in the apartment?" "The witness: Yes." The Court: "He was there or she, is it a man or a woman?" The witness: "I think he's a man because they say—I think they chase him away." "I heard that." The Court: "they chase him away?" The witness: "they chase him away." *See,* motion hearing transcripts page 56, Docket Entry # 66, Entry Date 11/30/2007. The

court was confusing the witness from explaining the government's holding back the security guard that saw Mr. Ndoromo put outside naked by the Government on 12/22/2004. *See, United States v, Smith, 77 F.3d 511 (D.C. Cir. 1996)* government failure to disclosure its witness psychiatric history and plea agreement was material under *Brady* and *Kysles*: remanded for new trial. *See, United States v. Pelullo, 105 F.3d 117 (3d Cir. 1997)* ("Brady violation where cumulative effect of nondisclosure of impeaching evidence created verdict unworthy of confidence").

The Government: Question (Q). "How long were your hands kept tied that morning?" Witness Mary Khangaa answer (A). "I can't recall." "I guess may be about one hour and a half." Q. "Who else was in the apartment when the agents came?" A. "Myself, my mother, my baby, and my roommate." *See,* motions hearing March 21, 2007, Docket Entry # 66, Date Entry 11/30/2007, all these witness were bar from testified by government and court with help of defense counsel. *See,* Government answers and questions: Q. "How was Mr. James dressed when he was handcuffed?" Ans. When he answered the door, he was in white underwear. And he was handcuffed and sat down at the table. And then agents after five minutes received cloths, pants and shirt for him." (Mr. Ndoromo has no white underwear in his life, and there is a witness about that).

"All material, which tends to impeach a Government witnesses must be disclosure before the trial or is obstruction of justice." *United States v. Bagley, 473 U.S. 667 (1985*); *Giglio v. United States, 405 U.S. 150 (1972); Boone v. Paderick, 541 F.2d 44 F.2d 447 (4ᵗʰ Cir 1976), cert denied 430 U.S. 959 (1977).*

"The Court: oh, each defendant. That was a co-defendant case. I agree. We took it from a co-defendant case." "Disclosure of codedefendant statements is discretionary,

but refusal to order will not be error unless specific motion was made. Motion *United States v. Rivera, 6 F.3d 431 (7th Cir. 1993) cert, denied 114 S.Ct. 1098 (1994).* The court never informed Mr. Ndoromo who was that codefendant. The defense counsel took no action. The defense counsel failed to end the case based on government and court violations of the constitution of the United States of America.

Sixth Amendment: "In all criminal prosecution, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district where the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to be confronted with the witnesses against in his favor, and to have the Assistance of counsel for his defense."

However, the Judge, Government, and Defense Counsel, conspire to convict Mr. Ndoromo so that he will not claim the illegally seized and robbed funds and automobiles under 18 U.S.C. § 241. " Two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United State, will be conspiracy to injured and harm.

Habeas Corpus is the exclusive federal remedy available for prisoner for collaterally challenging a conviction, and seeking an immediate release from unlawful physical confinement. **The petitioner petitioning for Writ of Habeas Corpus is contesting the legality of detention, not guilt, or innocenc**e. *See, Preiser, 411 U.S. at 485-86 (1973)* "Habeas can be used to challenge incarceration under unconstitutional pretrial imprisonment based on defective, denial of constitutional rights at trial" like one of in re Mr. Ndoromo. *See, U.S. v. Bibefeld, 957 F.2d 98, 102-03 (3d Cir. 1992)* known reliance by prosecutor on allegedly perjured testimony of key witness Brian Evans, because allegation sufficiently supported, is fundamental defect cognizable under § 2255

and §2241.  *See, U.S. v. Dale, 140 F.3d 1054, 1056 (D.C. Cir. 1998)* "prejudice standard requires showing that errors at trial were of constitutional dimension" like in case of in re Akube W. Ndoromo trial.

### In Conclusion

The Government and Court knows that; Government robbed $1.2 million from Mr. Ndoromo, Government illegally intercepted $375,000 from Mr. Ndoromo in Months of August, September, and October 2004, government illegally shut down the business of VSCA on 12/22/2004, the government mislead the Grand Jury that they never seize any funds to obtain the Superseding indictment, the Government mislead the Petty jury that they never seize funds to obtain false conviction,  government allowed Doctor and Nurse to use VSCA Medicaid number illegally for three years, and the Court turn around and lockup Mr. Ndoromo so that he will not claim what were been illegally taken from him. The government and Judge must follow the United States of America Constitution and relief Mr. Ndoromo from illegally confinement.  In summary Government failed to answer Section 2255 or defending Sixth Amendment violation.  The entire Government argument is fabulous without authority of law (lacking merits).

**Wherefore**, the prosecutor's duty in criminal prosecution is to seek justice.  As such, the prosecutor should prosecute with earnestness and vigor.  But may not use improper methods calculated to produce a wrongful conviction.  The functions of the Courts, at all levels, are to interpret the laws of their jurisdictions and to conduct or review trial proceedings to ensure fairness, equal protection, and due process of law. A defense lawyer is a representative of clients, an office of the legal system and a public citizen having special responsibility for the quality of Justice.  It is unfortunate that the

Court and the Government conspire to lockup the poor citizens and take away their property. That is why this motion must be GRANTED and Mr. Ndoromo MUST BE ACQUITTED.

**I hereby, satisfy under penalty of perjury that on going reply is true to the best of my knowledge.**

*Pro se*

Date _05/27/2008_

Akube W. Ndoromo
CCA/CTF Prison
DC #309364
1901 E Street SE
Washington, DC 20003