Copies to: Judge
AUSA - Special Proceedings
Dft.

JUN 2 6 2008

United States Court...
District of Col...

# UNITED STATES COURT OF ~~APPEALS FOR~~ THE DISTRICT OF COLUMBIA ~~CIRCUIT~~

~~Appeal No. 08-3026~~
~~Civil Action No 1:08-cv-285~~
**Criminal No. 1: 06-cr-00019-EGS**
(~~Appeal No. 07-3118~~)
(~~Appeal No. 07-5370~~)

**FILED**

JUL 2 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## AKUBE W. NDOROMO

Petitioner

v.

## UNITED STATES OF AMERICA

Respondent

## PETITION CHALLENGING DISTRICT COURT'S RULING DISMISSING SECTION 2255 FOR ILLEGALLY CONVICTION TO BE VACATED OR SET ASIDE AND ILLEGALLY DETENTION IN DISTRICT OF COLUMBIA FOR IMMEDIATE RELEASE UNDER § 2255

The petitioner as *Pro Se* moves this Honorable Court of Appeal for District of Columbia Circuit challenging District Court for the District of Columbia ruling of June 18, 2008, denying Section 2255 in open Court. The Court: "I will tell you in your face that Section 2255 is denied" Since you favor Appeals Court you file to them to review your section 2255, but that reaction was vindictive, and please see transcripts on June 18, 2008, in open Court.

The order from United States Court of Appeals for the District of Columbia Circuit File on June 12, 2008, and was filed to District Court on June 13, 2008, and the in

1

re Mr. Ndoromo received on June 18, 2008. Further, on June 18, 2008, in open Court the

District Court Judge of the District of Columbia ruled on § 2255 denying Section 2255

that lacks merits: Court Reporter: Jackie Sullivan.

The petitioner is petitioning United States *Attorney* for the District of Columbia:

Jeffrey A. Taylor, and U.S. Assistant Attorneys: Ellen C. Epstein.  In holding in re Akube

Ndoromo unconstitutional in custody for 15 months after falsely, conviction due to

prosecutor's perjury statement that, the government seized $35,000 (LandRover) and still

there was $1.2 million sitting in petitioner's account, and this case is about $1.8 million

and illegally obtain evidence and violation of Exclusory Rule, but this case is about

Government robbery. *See* United States v. $ 455,273.72 in Funds from Bank of America

Civil Action No. 1:05-cv-00356 (EGS). *See,* 1:06-*cv-00150-EGS- Ndoromo v. United*

*States of America.*

Even before *Brady*, the Supreme Court created duty for the prosecutor to disclosed
perjured testimony.  Due process is violated any time perjured testimony is procured by
the prosecutor. *See Mooney v. Holoham*, 294 U.S. 103 (1935); *Hawthorne v. United
States*, 504 A.2d 580, 589-90 (D.C. 1986); *United States v. Cuffie*, 80 F.3d 514 (D.C. Cir.
1996).  Solicitation of the perjury is not required; even when the perjury comes
completely on the whim of the witness, if the prosecutor knows it is false, there is a duty
to disclose. *See Alcorta v. Texas*, 355 U.S. 28 (1957).

Government and Court contends that Section 2255 was suppose to be filed after

sentencing, but *See*,  Rule 1 of title 28 U.S.C. § 2255;  (1) " 1 year period of limitation

shall apply from the date on which judgment of conviction."  (2) "the date on which the

impediment to making a motion created by governmental action in violation of the

constitution or laws of the United States is removed, if the movant was prevented from

making a motion by such Governmental action. (3) In re Mr. Ndoromo is in Custody

under a wrong judgment of that Court who seeks immediate release.  (4) The judgment

violated the Constitution and the laws of the United States (5) The Court lack Jurisdiction to enter the judgment or taking in re Akube Ndoromo to trial because he was the victim. *See, Smith v. United States*, 2005 WL 1313445, *2 CD.D.C. (June 1, 2005). "Because the petitioner has not timely filed his § 2255 challenge within the applicable statute of limitations. The Court denies the petitioner's motion for relief." Government failed to ANSWER Section 2255 *See* Docket Entry # 89 Entry Date 05/09/2008 and *See* the REPLY from in re Akube Ndoromo Docket Entry # 92 Entry Date 06/07/2008.

The civic center is filled with everything that made District of Columbia such an exhilarating and alarming City-Jostling, shouting, joking, cajoling, backslapping, backstabbing, bargaining, dealing, favors granted, grudges paid with interest, intimidation, bribery, conciliation, grand gestures, obscene remarks, and the occasional spontaneous act of generosity. The District Court was given "something." *See,* trial Transcripts March 26, Docket Entry 67 Entry Date 11/30/07 page 4, and 5. In reference to 18 U.S.C. §1505 and §1518.

Based on District Court's comments; that the current prosecutor Ellen C. Epstein is a well "experienced attorney" in Pre-Trial structure and Pre-trial structure permits artful attorney attorneys like Ellen C. Epstein, and Jeffrey A. Taylor to hide the ball and keep alive hopeless claims, as well as former defense attorneys Rita Pendry and David Boss for a much long time than [formerly].

In many ways, contemporary federal litigation is analogous to the dance marathon contests of yesteryear. The object of the exercise is to ....hang on to one's client, and then drift aimlessly and endlessly to the litigation, music for as long as possible hoping

that everyone else will collapse from exhaustion, but it is obstruction of justice and conspiracy to harm.

The Judge in Petition for § 2255 enters an order to denying it. Because of petitioner's Writ of Mandamus filed by in re Akube Ndoromo and that is vindictiveness. *See,* Docket Entry # 80 Entry Date 03/19/2008 and Docket Entry # 81 Entry Date 03/27/2008. "*See,* e.g. Seymour D. Thompson, *Abuses of the Writ of Habeas,* 6 ABA REPORTS 243, 260-63 (1883) Professor Woolhandler independent identified this sense distinction between important (or "fundamental") and unimportant (or nonfundamental) claims determining the claims the **Supreme Court** recognized as constitutional and nonconstitutional during this period not only on **Habeas Corpus** but also on direct review of state decision." *See,* Woolhandler, *supra* § 2.1 n.1, at 623-29. The distinction is rough, of course, but, as is revealed by the congruence between the analysis here and Professor Woolhandler's analysis, it is clearly the distinction that the Court used during this period.

At *id. At 628. Ex parte Yerger, 75 U.S. (8 wall.) 85, 99 (1868).* Accord in re *Bonner, 151 U.S. 24, 256(1893): Nelson, 131 U.S. 17, 184 (1889)*; Ex parte *Parks, 93 U.S. 18, 23 (1876). See,* also In re *Mills, 135 U.S. 263, 265-69 (1890). See, Pettibone v. Nichols, supra 203 U.S. at 201*; *Felts v. Murphy, supra, 201 U.S.* at *Rogers v. Peck, 199 U.S.* at 433-34, 435 ("When a prisoner is in jail he may be released upon Habeas Corpus when held in violation of his constitutional rights") *See,* also in re *Converse, 137 U.S. 624, 624-25, 631 (1891)* (**"unconstitutional conviction and punishment under a valid law would be as violative of a person's constitutional rights as a conviction and punishment under an unconstitutional law"**) *See,* Ex parte *Frank,* 235 U.S. 694 (1914) (*mem*); In re *Kemmler, 136 U. S. 436, 438 1890) Spies v. Illinois, 123 U.S. 131, 164 (1887).*

If you *See,* Act of *Dec. 23, 1914, ch. 2, 38* stat. 790 previously, the **Supreme Court** could not review such decisions at all. In addition, *See Act of Sept. 6.1916, ch. 448, § 2, 39 Stat. 726.*" *See, Darr v. Burford, supra,* 339 U.S. at 216-18; *Hawk v. Olsen,*

supra, *326 U.S. at 276* ("**When error, in relation to the federal question of constitution violation, creeps into the record, we have the responsibility to review the proceedings.**").

### Legal procedure

The District Court of the District of Columbia had rule on the Section 2255, which was filed on February 19, 2008, but on June 18, 2008, the District Judge ruled on it in open Court denying Section 2255 granting in re Mr. Ndoromo to file to United States Court of Appeals for the District of Columbia Circuit.

28 U.S.C. § 2241- § 2255:  Power to grant writ § 2242; Application § 2243; Issuance of writ; return; hearing; decision § 2244; Finality of determination § 2245; Certificate of trial judge admissible in evidence § 2246; Evidence; deposition; affidavits § 2247, Documentary evidence.  And petition under § 2253 as well. *See, Spenkenlink v. Wainwright, 442 U.S. 901 (1979)* ("denying motion to vacate stay ordered by Judge Elbert Tuttle pursuant to original petition in both *Woodard* and *Spenkelin* the stay of execution ordered by single circuit judge were vacated within hours, by the **Supreme Court** in *Woodard* and by the Fifth Circuit in *Spenklin"*).  "For this type of claims by federal prisoner, Habeas Corpus review pursuant to 28 U.S.C. § 2241 and § 2255 (1994) remains the appropriate remedy. *See, infra § 41.2b.342 U.S. 205 (1952). See,* also *Heflin v. United States, 358 U.S. 415, 417 (1959).*  This petition was filed to District Court for ruling. *See, infra § 19.2,* and *see, infra § 8.2, See, § 10.1* and *infra § 10.2. See, Hayman, supra, 342 U.S. at 219* ("**Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their conviction**")."

The trial ends on March 29, 2007, the prosecutor, judge, and the defense attorney ends the trial without the second phase of the trial for the petitioner to present the second phase of the trial, to prove his innocents in violation of his Fifth, and Six Amendments and *See,* Docket Entry No. 15, 16, 17, Entered date 11/14/2006.  Docket Entry No. 48, 49, Entry Date on 06/01/2007, Docket Entry No. 60 Entered Date 09/14/2007, Docket No. 65 Entered Date 11/07/2007, and Docket Entry No. 78 Entry Date 02/19/2008.

March 29, 2007, the defense counsel told in re Mr. Ndoromo that petitioner could not present the second phase of the trial because the case was a mistrial due to government failure to prove all elements beyond reasonable doubt. The defense counsel sent the entire Appellant's witnesses home, and send in re Mr. Ndoromo home to come next day for the declaration of mistrial, but ended in one phase trial, and presented to Jury for deliberation was to deprive in re Akube Ndoromo from his constitutionally rights to defend himself.

In *Dyer v. U.S. 23 F.3d 142, 1423 (8th Cir. 1994)* "confining fundamental miscarriage of justice to extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime" like in re Mr. Ndoromo. (Quoting *McCleskey v. Zant, 499 U.S. 467, 494 (1991); U.S. v. Cox, 83 F.3d 336, 341 (10 Cir. 1996)* confining fundamental miscarriage of justice to colorable showing of factual innocence, like in situation of in re Akube Ndoromo. The petitioner's witnesses were sent back without testifying, for those witnesses that complained had their subpoenas signed and sent to be paid by the court for their coming.

## Legal Argument

The Government knowingly and intentionally seized Eight Bank Accounts totaling $1.2 Million in reference to 18 U.S.C. § 2113 (a) using illegal warrants in *U.S. v Wilem, 80 F. 2d 116, 121-22 (4th Cir. 1996)*. In violation of Banking Insurances Act 12 U.S.C. § 1812, and §1813. In violation of Health Care Fraud 18 U.S.C. §§ 1347, 1035 (a) (2) and 982 (a) (7). Also in violation of Wire Fraud 18 U.S.C. § 1343, in violation of Mail Fraud 18 U.S.C. § 1341, and in violation of Money laundry 18 U.S.C. §§ 1956, 1957. In violation of **Fourth, Fifth, and Sixth Amendments.** *See,* **Superseding**

**Indictment Docket Entry # 3 Entry Date 02/01/2006 Page # 4, (Bank Accounts)**
**Government's falsely mislead the Grand Jury that in re Mr. Ndoromo still have**
**those accounts.**

The Arbitrary and Discriminatory Government:   "It is only where enforcement

agency exercises discriminatory power arbitrarily and unjustly that enforcement of valid

regulation becomes violative of this clause" like in situation of in re Akube Ndoromo.

*See, Thompson v. Spear, C.C.A.Tex 1937, 91 F.2d 430,* certiorari denied *58 S.Ct. 409,*

*302 U.S. 762, 82 L.Ed. 592.* The constitution rejects those violations in reference to Ninth

Amendment, and *See,* Bill of Rights at *Schertz v. Waupaca County, E.D. Wis.1988, 683*

*F. Supp. 1551, affirmed 875 F.2d 578.* Also *See, Groossman v. Gilchrist, N.D. Ill .1981,*

*519 F.Supp.173 affirmed 676 F.2d 70*1.  (Same).

Section 2255 can be used to challenge incarceration under unconstitutional

pretrial imprisonment based on defective, denial of constitutional rights at trial" like one

of in re Mr. Ndoromo. *See, U.S. v. Bibefeld, 957 F.2d 98, 102-03 (3d Cir. 1992)* known

reliance by prosecutor on allegedly perjured testimony of key witness Brian Evans,

because allegation sufficiently supported, is fundamental defect cognizable under § 2255.

*See, U.S. v. Dale, 140 F.3d 1054, 1056 (D.C. Cir. 1998)* "prejudice standard requires

showing that errors at trial were of constitutional dimension" like in case of in re Akube

W.  Ndoromo trial.

The trial Judge in this case knows all the disputed evidentiary facts. *See, United*

*States of America v. $455,273.72 in funds from Bank of America DC Civil No. 1: 05-cv-*

*00356 (EGS), and Ndoromo v. United States DC Civil No. 1:06-cv-00150 (EGS).*  The

trial Court ignores the violation of the United States Constitution by Government because

the judge was given "Something."

### Status hearing on March 21, 2007

Ms. Pendry: Well, I submit to the court that what we have here is sort of callous disregard to people's rights with these teams coming in, storming people's apartments, 10 and 12 agents at a time, to execute search warrants in a white collar crime case and storming people's apartments … The Court: what are they supposed to do? They don't know who's on the other side of the door, they don't know whether—I mean, they were investigating a pretty significant alleged theft here, what, over a million dollars or so." The Court: "we can do that. I just finished one. It was wire fraud. What is this, mail fraud? Mr. Austin: **Healthcare, mail, wire.** The Court: all right. What's the government offering in this case? Mr. Austin: I honestly cannot recall the specific offer. It was a very generous offer. The Court: tell me what it is. Mr. Austin: I don't have my paper work. The Court: what was his voluntary guideline? Do you recall what it is?

The Court: maybe that's too powerful. Maybe I should just reject it as not being persuasive. I find the law enforcement officer's testimony more persuasive at this point." It may well be that a jury of his peers will find to the contrary, I don't know. But I find that the law enforcement officers, both, are more credible at this point than either the defendant and/or his witness, a former employee. The Government: For the reason the government would ask that all three of the motions, the motion to suppress evidence, the motion to suppress statements, and the motion to dismiss the indictment, all be rejected. **(Violation of Fourth and Fifth Amendment)** The Court: For the record, I will at this point deny the motion to treat the motions as conceded. That's denied. With respect to the remaining three motions Ms. Pendry, why should I credit your client and disbelieve the law enforcement. Ms. Pendry: I am sorry, you're Honor?" The Court: why should I credit your client and reject the testimony of the law enforcement officer? The Court: what about national origin? Sometimes I give that. Do you want me to give that or not? *See*, Protection of citizens: to all persons within the territorial jurisdiction, without any difference of race or color or of nationality; and equal protection of the law is a pledge of the protection of equal laws. *Yick WO v. Hopkins, Cal.1886 6S.Ct 1064 118 U.S. 369, 30 L. Ed. 220.* Also, *See*, *Wormen v. Moss, 1941, 29 N.Y.S.2d 798, 177 Misc. 19.*

*See,* Motions Hearing Transcripts March 21, 2007, Docket Entry # 66  Date on

11/30/2007, pages 130- 133, 135, 136, 138, 139, 140 and 143.  **Further, see**

**Superseding Indictment Date 02/01/2006, Docket Entry # 3.**

The Government and the District Court want to conceal the government's;

illegally interception of VSCA funds for Three Months, August, September, October,

2004 totaling about $375,000, illegally shutting business of VSCA on 12/22/2004 Without Court Order, using illegally warrants seized banking accounts totaling $1.2 Million, illegally misleading the Grand Jury that the government never seize funds, or shut down business of VSCA or intercepted funds. *See*, Motions Hearing Tr. March 21, 2007 Docket Entry # 66, Entry Date 11/30/2007, pages 130-133, 135, 136, 138, and 139. *See,* also **Superseding Indictment Date 02/01/2006, Docket Entry # 3**, page 9, the indictment has been altered "Mail" Fraud has been removed, and *See,* the evidence below.

### The Background of Government Obstruction, Perjury, and Conspiracy 18, §241

The Government, Court and defense counsel Rita Pendry unlawfully, willfully, and knowingly did corruptly influence, obstruct and impede and corruptly endeavor to influence, obstruct and impede due and proper exercise of power of inquiry by certain specific acts, particular altering, defacing and partially destroying and withholding from **Jury** the unproven elements, dropping elements in absents of jury, and holding the indictment from **Jury**. In reference to 18 U.S.C. § 241, § 1505, §1518 and *See, U.S. v. Presser, N.D.Ohio 1960, 187 F.Supp.64.  See,* Verdict form Docket Entry # 36 and 37 Date 03/30/2007. *See,* transcripts March 29, 2007, Docket Entry # 70 Entry Date 11/30/2007, pages 70, 107,108, 131, 132,141, 142-145. Also, *See,* Transcripts March 26, 2007, in opening statement Docket Entry # 67 Entry Date 11/30/2007, pages 127, 149, and 150.

### Government Misleads Petit Jury

The Court: "You may consider only the evidence, which is properly admitted in the case. The evidence undoubtedly will include the sworn testimony of witnesses. It

will also include stipulations or other matters about which the court takes judicial notice. If it includes those matters, I will define what those terms mean for you at the appropriate term during the trial." *See*, March 26, 2007, Trial Transcript Page 137, Docket Entry #67, Entry Date 11/30/2007. The Government and Judge in this case have the entire substantial evidence about the above mention, but they mislead the **Petit Jury** because it was a robbery. The defense counsel Rita Pendry failed to object because she was given "Something."

The Government and the Court unlawfully, willfully, and knowingly did corruptly influence, obstruct, impede, and corruptly influence altering defacing, and did conspire to omitted **four elements;** false statement in Health care Matters**,** wire fraud, mail fraud, and convicted in health care fraud; from **Petit Jury** instructions and Jury verdict. *See, U.S. v. Presse, N.D.Ohio 1960. 187 F.Supp. 64. See,* the court's instruction on March 26, 2007, Trial transcripts Page 138 Docket Entry # 67 Entry Date 11/30/2007, as follow:

The Court: The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proved beyond a reasonable doubt every element of an offense with which the defendant is charged, it is your duty to find him **guilty of that offense**. On the other hand, if you find that the government has failed to prove beyond a reasonable doubt any element of an offense with which the defendant is charged, you must find the **defendant not guilty of that offense**.

But *See,* trial closing instructions March 29, 2007, page 107, and 108 Docket Entry #70 Entry Date 11/30/2007, as follow:

The Court: And right now I'm going to instruct you that, and I just misplace some of this paper, that there's certain counts in the indictment that you need not consider and you need not speculate as to any reason why you shouldn't consider them. And, quite frankly, I have misplaced what I just wrote down. Actually, they're **counts Two, Three, Four** and **Five** and **Seventeen** and **Eighteen**. The reason why I mention that is because you'll see numerical gaps on the verdict form, you won't see those numbers. That's because you don't need to focus on those counts in the indictment. And just for clarity sake, when we send the indictment back, you won't even see reference to those numerical

counts, just so that there's no confusion. So again, there's **counts Two, Three, Four** and **Five** and **counts Seventeen** and **Eighteen** that you need not give further consideration to.

The Government and Court knowingly and intentionally constructively amended the indictment and instructed the **Petit Jury** several times to confuse them and obstruct them from the truth of the **Grand Jury** original indictment.

More recently, in *United States v. Miller, supra,* the **Supreme Court** distinguished between an indictment alleging an offense different or broader from that establish at trial and an indictment means of committing the offense different from those established at trial. The former, it held, constituted an impermissible variance. Miller was charged with defraud his insurer both by consenting to a burglary and by lying to the insurer about the value of his loss. While only the latter allegation was proved at trial, the court held it sufficient to sustain a conviction. In other words, to successfully resist offense proved at trial and fully alleged in the indictment. *See, Miller, supra,* 105 S.Ct. at 1816.8. With regard to amendment which infringe on a constitutional right to **grand jury** indictment, **the Supreme Court has adopted a per se reversal rule.** *See, Ex parte Bain, supra,* 121 *U.S. at 1; Baker v. United States,* 373 A.2d 1215, 1218 (D.C. 1977)."

The indictment was about Healthcare Fraud, Mail Fraud, and Wire Fraud. The Judge knowingly and willfully corruptly endeavored to influence, obstruct and impede the due and proper administration of law in which they provide wrongfully instructions to **Petit Jury**, by making false and misleading instructions about the elements by mention them by numbers not by statutes, was to confuse the **Petit Jury** 18 U.S.C. §1505, and 1518. *See, U.S. v. Hassoum, S.D.Fla.2007, 2007 WL 755272. See,* trial transcripts March 28, 2007, pages: 40-43, 45, 49, 50, 53, and 55.

## Beginning of trial on March 26, 2007

The court: Actually, I have money laundering, false statements related to healthcare, the wire fraud. What we have done is kind of tracking the language of statute for the healthcare fraud and the false statements related to healthcare matters. I don't know if you have something more comprehensive than that or not. I can show you both what we have. There wasn't anything really in the red book or the federal practice book. Mr. Austin: I'll get the court and defense counsel something. **Probably right after the lunch break I'll be able to get something.** *See* TR. March 26, 2007 Docket Entry # 67 Entry Date 11/30/2007 pages 4, and 5.

The question that in re Mr. Ndoromo and public will ask is, what was that something, that was given to Judge and Defense Counsel to allow a fatally defective and empty indictment to be presented before Jury?  The government falsely misleads the jury.

Well, first, you will see the checks going into the defendant's account for the most part, except for when on occasion he decided to buy something for himself, such as a Land Rover, a $40,000 car he paid $35,000 cash for. **And at the end of the day after law enforcement officers seized that money there was still $1.2 million sitting in the defendant's accounts."** *See, U.S. v. Kleinbart, 27 F.3d 586 (D.C. Cir. 1994)* ("causeway and prejudice standard applied when petitioner challenge to improper jury instructions") *See,* trial transcripts March 26, 2007 Docket # 67, page: 149.  See government's indictment as follow:-

1-Health Care Fraud; 18 U.S.C. § 1347
2-Mail Fraud 18 U.S.C. § 1341
3- Wire Fraud 18 U.S.C. § 1343
4- Convicted in Health Care Fraud 18 U.S.C. § 982 (a) (7)
5-False statement in Health Care Matters 18 U.S.C. § 1035 (a) (2)
6-Money Laundry 18 U.S.C. § 1957

And *See,* "Health Care Fraud counts in indictment met the constitutional requirements for specificity particular when consider in light of the bills of particulars provided by the government; health care fraud counts alleged (1) the time frame of the scheme (2) the scheme's victims, (health care providers) (3) the perpetrators of the scheme, (in both side) (4) the place where the scheme was perpetrated from stating location to ending location, (5) the purpose of the scheme, and tracked the language of the statute 18 U.S. C. § 1347" or is insufficient. *See, U.S. v. Mermelstein, E.D.N.Y. 2007, 487 F.Supp.2d 1215. See,* Trial transcripts March 26, 2007, **Docket Entry # 67** Date 11/30/2007 pages **4, 10, 11, and 141**.

The **Grand Jury** Clause of the **Fifth Amendment** reads": No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a **Grand Jury**." And indictment, as charging instrument, offers three protections to the accused.  First, it must appraise the accused of the charges against him so that he may adequately prepare his defense, and second, it must describe the crime with sufficient specificity to enable him to protect against future jeopardy of the same offense. *Gaither v. United States, 134 U.S.App.D.C.154, 159, 413 F.2d 1061, 1071 (1969); United States v. Miller_U.S._, 105 S.Ct. 1811, 1814, 85 L.Ed.2d 99 (1985); see also United States v. Bradford, 482 A.2d 430, 433 (D.C.1984).*  In addition to these notice related concerns, the right of indictment by **Grand Jury** affords a third safeguard.  By guaranteeing the right to be tried only on charges made by the indictment, the clause also protects against oppressive actions of the prosecutor or court, who may alter the charge to fit the proof. *Gaither, Supra, 134 U.S. App.D.C. at 159, 413 F.2d at 1061.*  The prohibition precludes the possibility that the defendant could be convicted on the basis of facts not found by, or

presented to, the **Grand Jury** which indicted him." *See, Russell v. United States, 369 U.S. 749, 770, 82 S.Ct. 1038, 1050, 8 L.Ed.2d 240 (1962).*

"An **amendment** of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the **Grand Jury has last passed upon them**. A **variance** occurs when the charging terms of the indictment are left unaltered, but the **evidence at trial proves facts materially different from those alleged in the indictment**."

The Government: "I can't remember whether it was Mr. Philip or Mr. Rajj whose transmission blew $2,000. Will the defendant pay that for him? No. Absolutely not. The man is sitting on $1.2 million at the end of the day. He doesn't have enough money to pay for the transmission on one of his own vans? That's why it was a mistake for these people to work for him. **That's why we are here today**." *See,* the Indictment Docket Entry # 3 Criminal No. 06-019 (EGS), Entry Date 02/01//2006 *See, also,* Trial transcripts March 29, 2007, Page 76, Docket Entry #70, Entry Date 11/30/2007 Criminal No. 06-019 (EGS).

The Government: "Did people get paid without prior authorization codes? That's in large part probably why we're here. But that doesn't excuse, that does not excuse **stealing, ripping off**, taking from Medicaid." *See,* Trial Transcripts Page 99, Docket Entry 70, Entry Date 11/30/2007 Criminal No. 06-019 (EGS), and *See,* the Indictment Docket Entry # 3 Entry Date 02/01/2006, Criminal No. 06-019 (EGS). The defense counsel took no action because both of them defense Counsel and Court was given something.

The Government: "Yes, the government got up here before you and said **$1.8 million** and repeated **$1.8 million** again and again and again, because that's the amount

of fraud here, that's the evidence here. It's **$1.8 million** minus about **$6,000**." *See,* the

indictment Docket Entry #3 Entry Date 02/01/2006, Criminal No. 06-019 (EGS).

### End of the Trial March 29, 2007

On March 29, 2007, the Government, court, and defense counsel prevented the

jury from looking at the indictment. Because they found out that if the juries see, the

indictment will not believe them. Further,   the court knowingly and intentionally asks

the government and defense counsel if they may change the indictment in the instructions

and verdict form to convict in re Mr. Ndoromo falsely.

The Court: no need to send what back? Mr. Austin: The indictment back. I'll leave it up
to the court. The Court: I think I said I would send the indictment back.  Actually,
everything is in the instruction and the verdict form.  And, again, it is not evidence, but it
is laid out all the counts, as to what the charges are.  So you won't.  The Court: counsel,
we may have to make a change to those two counts that allege interstate commerce.  The
last sentence, if you find beyond a reasonable doubt that Medicaid was a healthcare…
"Mr. Austin: what page?"  "The Court: I'm sorry, 26.  The last sentence.  If you find
beyond a reasonable doubt that Medicaid was a healthcare benefit program effecting
interstate or foreign commerce, then the first element of the crime is satisfied."  "The
Court: and that will be changed with respect to its healthcare fraud and the false
statement.  I'll just change that language to mean then the commerce element of the crime
is satisfied or that portion of the crime is satisfied.  The Court: all right.  If you turn to
page 39, probably 39 of yours, the last sentence, again, it just needs to be consistent."
"Mr. Austin: that sounds right."   "The Court: do you see that?  It's very complicated,
but Christie has been wrestling with these things longer than any of us."

March 29, 2007.  The court has **omitted four** elements wire fraud, mail fraud, and

convicted in health care fraud and false statement Regarding Health care Matters and **two**

**counts** from jury instructions and jury verdict.

The defendant must be acquitted when the Court omits from the jury instructions any
element that the prosecution must prove beyond reasonable doubt." *See, U.S. v. Piere,
974 F.2d 1335, 1356-57 (D.C. Cir. 1992)* ("instructions were not improper for informing
jurors that they had a duty to convict if guilt had been proven beyond a reasonable
doubt"*); See, Sullivan v. La., 508 U.S. 275, 281-82 (1993): See, Gaines v. Kelly, 202
F.3d 598, 606-07 (2d Cir. 2000)* "conviction reversed because trial court define
reasonable doubt 7 different ways which confuse the jury;" *U.S. v. Purvis, 21 F.3d 1128
1129-30 (D.C. Cir. 1994)* "conviction  reversed because instruction equating certainty

beyond reasonable doubt with strong belief constitutionally deficient and not subject to harmless errors.

The Government, Judge and Rita Pendry knows the original evidence were altered and presented to **Petit Jury** in form of **charts.** "So how was he billing? Well, Mary Khangaa talked about this. She talked about it through the agent. This is part of the master list, the master log. This is for the standing authorizations that he did not have. Remember, you'll see that **chart.** One hundred eighty total trips, trips, with prior authorization. That's not people. That's trips. Because you'll see on **chart** he had prior authorization." *See,* trial transcripts March 29, 2007, Page 79, Docket # 70, and Entry Date on 11/30/2007 in Criminal No. 06-019-EGS.

*"See, Gaither v. United States, supra, 134 U.S. App.D.C. at 164, 413 F.2d at 1071* (emphasis in original; footnotes omitted) (quoted in *Giles v. United States, 472 A.2d 881, 883 (D.C. 1984)).* Exemplifying a literal amendment because the trial court struck the name of an involved party when evidence at trial failed to prove his involvement, **Ex parte *Bain*, *121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887),* once returned, cannot be broadened or materially ALTERED EXCEPT BY THE GRAND JURY ITSELF.** *See, Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960),* the **Supreme Court elaborated on this concept by articulating the doctrine of constructive amendment."**

Ms. Pendry: "objection. Pejorative. The Court: "I'm sorry?" Ms. Pendry: "It's pejorative. He's not arguing the evidence." The Court: "I'll allow it. It's argument. It's not evidence, it's argument." (The Court says it is argument it is not evidence, but what is argument that defense counsel mean?) The Government: "He used everybody. Every single person he could to get rich he used them. He used them whether they were alive or dead. He used them because they made him into millionaire. *See,* Trial transcripts March 29, 2007, page 70 Docket # 70 Entry Date 11/30/2007. *See,* the Superseding Indictment Docket Entry #3, Entry Date 02/01/2006, (the indictment is not about getting rich or millionaire).

The government: "And let's talk about why the drivers made a mistake working for this man. Well, they made a mistake working for this man because who just gives up 15% of your income to somebody for what? Did they choose to work for him? Yes, they did. Were they forced to? No, they weren't. But you would expect an employer to treat an employee with some respect." *See,* the Superseding Indictment Docket # 3 Entry date 02/01/2006, and *See,* trial transcripts March 29, 2007, Page 75. It total pejorative and obstruction by Government and allowed by the judge, and the defense counsel took no action.

An information may be **amended**, with leave of **Court,** "at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Super. Ct. Crim. R. 7(e); *District of Columbia v. Van Nuys, 282 A.2d 550, 551 (D.C. 1971).* Eve-of Trial or mid-trial amendments are permissible so long as they do not **deprive the defendant** of adequate notice, or result in the charging of **different offense**. *Dyson v. United States, 485 A.2d 194, 197 (D.C. 1984).*

A **variance** occurs when the facts proved at trial "materially differ from the facts contained in the indictment, but the essential element of the offense are the same." (Olive W.) *Johnson v. United States, 613 A.2d 1381, 1384-85 (D.C. 1992)* (citation omitted). *See,* also *Barker v. United States, 373 A.2d 1215, 1219 (D.C. 1977)* (**variance** is "**proof at trial**… based on a different set of **factual circumstances** than was presented to the **grand jury**"). **Variance** can violate the right to notice, implicate double jeopardy guarantees, or surprise the defense at trial. Prejudice **variance** is reversible error. *Pace v. United States, 705 A.2d 673, 677 (D.C. 1998).*

16

The Government, Court and Defense Counsel would have realized that conduct

which sought to mislead and did mislead was unlawful; therefore, it was necessary for the

Government, Court and Defense Counsel to have been aware of the exact details of this

sections 18 U.S.C. § 1505, and §1518. " *See, U.S. v. Brown, C.A. 10 (Utah) 1980, 630*

*F.2d 694, certiorari denied 101 S.Ct. 2324, 451 U.S. 988, 68 L.ED.2d 846. See,* Trial

transcripts March 26, 2007, **Docket Entry # 67** Date 11/30/2007 pages **4, 10, 11, and**

**141, and 149.**

**Supreme Court** decisions on amendment of the indictment support these principles as
necessary inferences from the guarantee of indictment by a grand jury. In the leading
case of *Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed.849 (1887),* the defendant, and
officer of a banking association, was charged with making a false report with intent to
deceive the Comptroller of the Currency and the agent appointed to examine the affairs of
said association. On motion by the government, the trial court ordered the italicized
words struck out as surplusage. The **Supreme Court** set the conviction aside. In reply to
the trial judge's argument that the **grand jury** would have found the indictment without
this language, the Court stated," * * * **But it is not for the court to say whether they
would or not. The party can only be tried upon the indictment as found by such
grand jury, and especially upon all its language found in the charging part of that
instrument.* * *.'**

How can it be said that, with these words stricken out, it is the indictment, which was
found by the **grand jury**? If it lies within the province of a court to change the charging
part of an indictment to suit its **own notions** of what it ought to have been, or what the
**grand jury** would probably have made it if their attention had been called to suggested
changes, the great importance which the common law attaches to an indictment by a
**grand jury**, as a prerequisite to a prisoner's trial for a crime, and without which the
Constitution says 'no person away until its value is almost destroyed.' The **Supreme
Court has continued to adhere to the *Bain* principle in recent years**." *See, Strirone v.
United States, 361 U.S. 212, 80 S.Ct. 270 (1960).*

Any reasonable Government and  Judicial official would have realize that conduct

which sought to mislead and did mislead was unlawful, but Government, Court, and

Defense Counsel Knowingly, willfully, intentionally, ignore and granted the case to

proceed; crimes of obstruction of proceedings have three essential elements: there must

be proceeding pending before department or agency of the United State; Government,

Court, and Defense Counsel must be aware of pending proceedings; and Government must have intentionally endeavored corruptly to influence, obstruct or impede pending proceeding. In 18 U.S.C. § 1505 and §1518 and *See, U.S. v. Price, C.A.9 (Nev.) 1991, 951 F.2d 1028.*

"The Court: I don't need to resolve it now.  We need to resolve it before the trial. **"I don't really care."**  And I know him by both names.  So that's fine for this hearing. But I don't want to be insensitive about it.  If he has a legal name, even though that's not the name on the indictment, **they're not going to see the indictment anyway"** (March 21, 2007), Motions Hearing Transcripts pages 15, 16, Docket Entry #66, Entry Date 11/30/2007. The Judge had made up his mind to convict Mr. Ndoromo in support of government's robbery.

March 28, 2007, the Court ignores the facts that there were two individuals using VSCA Medicaid Number illegally since 2002-2005 and Court was alerted about it, but the Court ignored the entire evidence in reference to 18 U.S.C. §1505, §1518 and 1001. *See,* trial transcripts March 28, 2007, Docket Entry # 69 Date 11/30/ 2007, pages 16, 17-20, 40, 41, 45, 49, 50, 53, and 55**.**

'**\* \* \* To allow the prosecutor, or the court to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure.  For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.  \* \* \*.**'

The Government and  the Court falsely mislead the **Grand Jury** and **Petit Jury** due to facts that the Government and Court knew that they were conspiring to robbery fund and automobiles not a lawfully action taking place that was why they couldn't tell the truth to **Petit Jury** or **Grand Jury**.  The Government and the Court had no choice,

but to involve the defense counsel into to the deal to convict the petitioner and the

defense counsel will be given something.

## Challenges during Trial-Amendment and Variances

The requirement of indictment in felony cases "precludes the Possibility that the

defendant could be convicted on the basis of facts not found by, or presented to, the

**Grand Jury** which indicted him." *Scutchings v. United States, 509 A.2d 634, 636 (D.C.*

*1986). See Wright v. United States 564 A.2d 734, 738 (D.C. 1989)* ("conviction reversed

because defendant conviction on facts crucially different from facts presented to **Grand**

**Jury**"). This rule, discussed above in the context of challenges to the facial validity of

the indictment, may be violated in one of two related ways during trial amendment of, or

variance from, the indictment.

An **amendment** of the indictment occurs when either prosecutor alters the charging terms
of the indictment, **literally or in effect**, or court after the **grand jury has last passed
upon them**. A **variance occurs** when the charging terms of the indictment are left
unaltered, but the evidence offered at **trial proves facts materially different** from those
alleged in the indictment. *See Gaither v. United States, 413 F.2d 1061, 1071 (D.C. Cir.
1969)* (footnote omitted). **Amendment** is thus a change in the indictment itself, while
**variance** is a different between proof at trial and proof at the **grand jury** stage. **A
constructive amendment is said to occur when variance is substantial from those
alleged in the indictment.** (Exactly like what happened to Mr. Ndoromo**)."**

The health care indictment charges in re Akube Ndoromo with **$1,917** (added).

Akube Ndoromo challenges the indictment before trial on March 21, 2007. The

government respond was that the indictment was charging in re Mr. Ndoromo with

**$600,000**. The government argument was that in year 2004 the average Medicaid

transportation companies made **$60,000**. The VSCA and in re Mr. Ndoromo made

**$600,000.** In 2004, the highest paid in the District of Columbia. The trial started on

March 26, 2007, the government abandoned the original indictment plus government's

illegally amendment at motions' hearing, and claim falsely that the government was

charging the VSCA with **$1.8 Million** in front of the **Petty Jury** to mislead them.

However, the evidence disagrees with the government's evidence of amendment and

variance.

(1) The total amount charged in indictment was **$1,917** (healthcare).

(2) In year 2004, the average Medicaid transportation company made **$200,000**.

(3) In year 2004, the highest paid Medicaid Transportation Company **$3.01** Million.

(4) In year 2004, in re Mr.Ndoromo and VSCA made **$800,000** plus.

These above-mentioned facts proved that there is an amendment of indictment and

variance presented to petty jury (constructive Amendment).  The Federal rules of

criminal procedure Rule 7 (c) (1) requires that an indictment be plain concise definite

written statement of the essential facts the offense charged.  An indictment needs only

those facts and elements of the alleged offense necessary to inform the accused of the

charged so that he will prepare a defense and invoke the Double Jeopardy Clause.

The entire indictment is insufficient because it failed to inform in re Mr. Ndoromo

about the facts.  *See, U.S. v. Omer, 395 F.3d 1089 (9th Cir 2005)* (per Curium)

("indictment failing to recite materiality of false hood insufficient as missing essentials

element of offense" and *See, U.S. v. Puckett, 353 F.3d 62, 67 (D.C. Cir 1994)*

"indictment tracking language of statute insufficient because it failed to track all elements

of the statutory offense."

Ordinarily, it is proper for an indictment to be drawn in the language of the statute, *U.S. v. Thomas, 144 U.S. App. D.C. 44, 444 F.2d 919 (1971),* but following the generic wording of a statute is not necessarily sufficient. *See,* **U.S. v. States Supreme Court has Stated,**" "Where guilt depends so crucially upon a specific identification of facts, our courts have uniformly held that an indictment must do more not simply repeat the language of the criminal statute.  It is an elementary principle of criminal pleading, that

where the definition of an offence, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic as in the definition; but it must state the species, it must descend to particulars." *See, U.S. v. Cruikshank, 92 U.S. 542, 558, 23 L.Ed. 588.*

In an indictment upon a statute, it is not sufficient to set forth the offence in the words of the statute, unless those words of themselves fully, directly and expressly, without any uncertainty ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *See, U.S. v. Carll, 105 U.S. 611, 612, 26 L.Ed.1135.* "Undoubtedly the language of statute may be used in the general description on an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming charged.

*See, U.S. v. Hess, 124 U.S. 483, 487, 8 S.Ct. 571, 573, 31 L.Ed. 516; Pettibone v. United States, 124 U.S. 148 U.S. 197, 202-204, 13 S.Ct. 542, 545, 37 l.Ed.419; Blitz v. United States, 153 U.S. 308, 315, 14 S.Ct. 924, 927, 38 L.Ed.725; Keck v. United States, 172 U.S. 434, 437, 19 S.Ct. 254, 255, 43 L.Ed. 505; Morissette v. united State, 342 U.S. 246, 270, n. 30 72S.Ct. 240, 253, 96 L.Ed. 288. Cf; U.S. v. Petrillo, 332 U.S. 1, 10-11, 67 S.Ct. 1538, 1543, 91 L.Ed.1977.*

That those basic principles of fundamental fairness retain their full vitality under modern concepts of pleading, and specifically under Rule 7 (c) of the Federal Rules of Criminal Procedure, is illustrated by many recent federal decisions.

### Violation of Brady, Bagley, and Jenkins by Government and Court

Government Witness, Mary Khangaa answering questions during motions hearing. The Government refused to disclose video Recording in Mary's place because it will impeach governments' witnesses. Defense counsel Ms. Pendry questions:  Q. "Did you see a video Camera in your apartment the day that the police and agents were there?" Witness Mary Kahngaa Answers, (Ans.) Yes. Q. "what were they doing with it?" Ans. "I think taping me while I was talking." Q. "And what about when you were in the

hallway handcuffed?" Ans. "I can't even remember if there was one in the hallway." *See,* Motions hearing March 21, 2007, transcripts Page 115 Docket Entry # 66 Date Entry 11/30/2007. *See,* in re Akube Ndoromo Motion Hearing transcript March 21, 2007, page 69 Docket Entry #66, Entry Date 11/30/2007, he said. "I say, okay, if it is all this way, why don't you come with a video or the media to show to the world." And *see, United States v. Bailey, 689 F.Supp.1463 (N.D.III. 1987)* (requiring government to turn over tapes of dependant made in another case under Rule 16 (a) (1) (A). and *See, United States v. Lanoue, 71 F.3d 966 (1st Cir 1996)* (tape recording of defendant's conversations in jail after arrest should have produced under Rule 16 (a) (1) (A). *See, United States v. Walker, 922 F.Supp.732 (N.D.N.Y. 1996)* (requiring disclosure of conspirator statements for all persons the government does not intend to call at trial)

Four of Government witnesses are mental retarded and have track criminal records, the government did not provide in re Mr. Ndoromo with psychiatric report or criminal report; second, government hid the only security guard saw in re Mr. Ndoromo naked. Defense counsel Questions;  (Q.) "Do you remember the name of the security person with whom you were dealing?" Government witness Brain Evans answers; (Ans.) "I do not." Q. "Would you have that in your records anywhere?" The Government: "I'll object, your honor, to relevance." Counsel: "your honor, I think he said he –I think he testified that at some point the security, he checked in with the building security." Q. "Would you have in your records anywhere the name of the security person that had the key?" Ans. "I'm not sure." *See,* Motion Hearing March 21, 2007, page 32 Docket Entry # 66, Date Entry 11/30/2007).

Defense counsel Questions: To witness in re Mr. Ndoromo: A. "when I notice there was a security guard, I'm already on the wall, and I was even handcuffed, this thing happened so fast." The court: "You said the security guard. Now, is that the person who works in the apartment?" "The witness: Yes." The Court: "He was there or she, is it a man or a woman?" The witness: "I think he's a man because they say—I think they chase him away." "I heard that." The Court: "they chase him away?" The witness: "they chase him away." *See,* motion hearing transcripts page 56, Docket Entry #66, Entry Date 11/30/2007.

The court was confusing the witness from explaining the government's holding back the security guard that saw in re Mr. Ndoromo put outside naked by the Government on 12/22/2004. *See, United States v. Smith, 77 F.3d 511 (D.C. Cir. 1996)* government failure to disclosure its witness psychiatric history and plea agreement was material under *Brady* and *Kysles*: remanded for new trial. *See, United States v. Pelullo, 105 F.3d 117 (3d Cir. 1997)* ("Brady violation where cumulative effect of nondisclosure of impeaching evidence created verdict unworthy of confidence").

The Government: Q. "How long were your hands kept tied that morning?" Witness Mary Khangaa answers: Ans. "I can't recall." "I guess may be about one hour and a half." Q. "Who else was in the apartment when the agents came?" Ans. "Myself, my mother, my baby and roommate." *See,* motions hearing March 21, 2007, Docket Entry # 66, Date Entry 11/30/2007, all these witness were bar from testified by government and court. *See,* Government answers the questions: Q. "How was Mr. James dressed when he was handcuffed?" Government witness: Ans. "When he answered the door, he was in white underwear. And he was handcuffed and sat down at the table. And

then agents after five minutes received cloths, pants and shirt for him." (Mr. Ndoromo has no white underwear in his life, and there is a witness about that and government has no pictures, video tape, or independent witness to backup their claim).

"All material, which tends to impeach a Government witnesses must be disclosure before the trial or is obstruction of justice." *United States v. Bagley, 473 U.S. 667 (1985); Giglio v. United States, 405 U.S. 150 (1972); Boone v. Paderick, 541 F.2d 44 F.2d 447 (4ᵗʰ Cir 1976), cert denied 430 U.S. 959 (1977).*

"The Court: oh, each defendant. That was a co-defendant case. I agree. We took it from a co-defendant case." "Disclosure of codedefendant statements is discretionary, but refusal to order will not be error unless specific motion was made. Motion *United States v. Rivera, 6 F.3d 431 (7ᵗʰ Cir. 1993) cert, denied 114 S.Ct. 1098 (1994).* The court never informed in re Mr. Ndoromo who was that codefendant. The defense counsel took no action. The defense counsel failed to end the case based on government and court violations of the constitution of the United States of America.

"Sixth Amendment: In all criminal prosecution, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district where the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to be confronted with the witnesses against in his favor, and to have the Assistance of counsel for his defense."

## What Happened on Beginning of this conspiracy?

The government came on December 22, 2004, with search warrants to in re Mr. Ndoromo's Apartment not arrest warrant. The government knocked at the door when in re Mr. Ndoromo was trying to check who was that, the government forces their way in and had in re Akube Ndoromo under handcuffs naked for two hours. The hand Cuffs

taken off, but the agents ask in re Mr. Ndoromo to be interrogated and were not allowed to answer the phone or move.

All these seizure happened to in re Mr. Ndoromo on December 22, 2004. *See, Johnson, v. Cambell, 332 F.3d 199, 206 (3rd Cir. 2003)* seizure found when officer persisted in demanding that person sitting in parked car roll down the window after person initially refused to do so and it became clear that person could not refuse officers request. Also *See, Kampp v. Texas 538 U.S. 626, 630 (2003)* "Seizure found when circumstances surrounding encounter with police lead reasonable person to believe he or she is not free to ignore the police and go about his business." *Kimmelman v. Morrison, 477 U.S. 365, 379 (1986) (quoting Stone v. Powell, 428 U.S. 465, 490 (1976)* (habeas corpus relief available, although basis for ineffective assistance claim at issue was counsel's failure to object to admission of reliable and exculpatory evidence seized in violation of 4th Amendment

In re Mr. Ndoromo has the right to be secure in his Apartment papers and effects, against unreasonable search and seize. No warrants shall issue, but upon probable cause, supported by oath and particularly describing the place to be search, and the person or things to be seized. The government violated the search and seize warrants by seizing the following: (1) VSCA Tax report for 2001 and 2002. (2) In re Mr. Ndoromo's Mother has approved visa to migrant to United States of America. (3) In re Mr. Ndoromo's Fiancé's Approved Visa to migrant to United States of America. (4) In re Mr. Ndoromo's income Tax reports for all these years. (5) In re Mr. Ndoromo's medical records. (6) In re Mr. Ndoromo's old passports. (7) In re Mr. Ndoromo's personal not books and diaries. (8) in re Mr. Ndoromo's cash found in the wallet. (9) And seize all the VSCA record and VSCA non-profit records. (10) The VSCA non-profit solicitation records. (11) Certificates of the VSCA transportations business, and non-profit.

The government generally was not suppose to exceed the terms of the authorizing warrants when making or conducting a search and seize. In addition, the Fourth

Amendment requires that government actions in the execution of warrant be related to the objectives of the authorized intrusion. If executing officers exceed the scope of a search warrant the seize evidence must be suppressed and the entire case must be thrown away. *See, U.S. v. Fuccillo, 808 F.2d 173, 177-78 (1ˢᵗ Cir. 1987)* "evidence suppressed because executing officers exceed scope of already over broad warrant authorizing seizure of women's cloths by seizing 2 racks of men's cloths." Also, *See, U.S. v. Coleman, 805 F.2d 474, 483 (3ʳᵈ Cir. 1986)* "evidence suppressed because officers exceed scope of warrant authorizing seizure of certain financial records by seizing material not included in warrant." Also *See, U.S. v. Schroeder, 129 F.439, 442 (8ᵗʰ Cir. 1997)* evidence suppressed because officers exceed scope of warrant by searching trailer adjacent to property indicated in warrant.

"Even if some documents seize were within the scope of a warrant authorizing seizure of records of defendant's business that tended to evidence health care fraud, the conduct of the agents who executed the warrant was so inappropriate as to warrant the exclusion of all evidence seized"; One agent Brian Evans testimony was unequivocal in his belief that they did not consider themselves to be limited to seizing business items in health care only, or records that tended to show evidence of violation of the health care fraud statute, and in fact indicated that they intended to seize personal financial records, as mention above, and didn't intended to limit the financial records to business records in *U.S. v. Srivastava, D. MD. 2006, 444 F.Supp.2d 385*, reconsideration denied *2007 WL 716799*.

"An unlawful search or seizure neither precludes prosecution nor invalidates a subsequent conviction." Instead, usual remedy for a Fourth Amendment violation is

26

suppression of illegally seized evidence.  The Fourth Amendment also protects against unreasonable government seizures of person and property.  Seizure of a person occurs when, in view of all of the circumstances  surrounding the incident, a person reasonably believes he or she is not free to leave an encounter governmental official, like in the situation of in re Mr. Ndoromo.  The Government, Court and defense counsel conspire to convict the Petitioner and lock him to jail to conceal their robbery.

## Judge's Failure to Acquitted in re Akube Ndoromo

The due process clause requires the government to prove beyond reasonable doubt every element of the crime with which in re Mr. Ndoromo is charged.  "If the Government fails to sustain its burden of proof on any element, the defendant must be acquitted."  Since the government, fails to sustain its burden of prove on four elements Mr. Ndoromo must be acquitted.  *See*, LAFAVE AND SCOTT, CRIMINAL LAW §1.8 (2d ED. 1986); McCormick Evidence § 336-337.  (18 U.S.C. § 983 CFRA 2000 Also *See, U.S. v. Morillo, 158 F. 3d 18, 25, (1st Cir 1989)*.  The judge Emmett G. Sullivan acting with an improper purpose, personally by influencing the government including making false statements and misleading statements to corruptly violate Mr. Ndoromo's proceeding during the criminal case by not acquitting the plaintiff in reference to 18 U.S.C. §1505, §1518, and § 1001.  *See, U.S. v. Kanchanalak, D.D.C. 1999. 37 F.Supp.2d 1.*

## Judge's Failure to Appoint Affective Counsel

On September 5, 2007, the trial judge told Akube Ndoromo that he knew the attorneys he was appointing to represent Mr. Ndoromo have relationships with government prosecutors.  Mr. Ndoromo went to trial represented by ineffective attorney

in violation of 18 U.S.C. § 3006 A (d) (6), and *See, Holloway, 435 U.S. at 484*, "and violation of right to effective assistance of counsel because trial judge failed to investigate claim of possible conflict of interest on part of defendant's attorney."

In addition *See, U.S. v. Greig, 967 F.2d 1018, 1022 (5th Cir. 1992)* "violation of right to effective assistance of counsel because trial court knew of conflict of interest but failed to conduct further inquiry." Also *See, U.S. v. Gallegos, 108 F.3d 1272, 1282 (19th Cir. 1997)* "violation of right to effective assistance of counsel because trial court knew of conflict of interest but failed to obtain either waiver or protect right to conflict free representation." *See, Mann v. Thalacker, 246 F.ed 1092, 1094 (8th Cir 2001)* ("Habeas used to challenge constitutional right to be tried before impartial fact finder when judge failed to recuse himself"), and *See, Johnson v. Zerbst, 304 U.S. 458, 463 (1938)* ("Sixth Amendment right to counsel in criminal proceedings with holds from federal courts the power and authority to deprive an accused of his life or liberty"). *Cody v. U.S. 249 F.3d 47, 52 (1st Cir. 2001)* ("ineffective assistant of counsel claim appropriate under section 2255 without showing of course and prejudice"). *U.S. v. Garth, 188 F.3d 99, 107 n 11 (3d Cir. 1999)* ("ineffective assistance of counsel claim appropriate under section 2255 without showing cause and prejudice").

## The defective indictment

The Jury believed the four elements dropped by the government during trial were not defective:  (a) Mail Fraud (b) Wire Fraud (c) Convicted in Health Care Fraud, and other False Statement in Health Care Matters. The Grand Jury thought the Government never misleads them by informing them that the Government did not seize funds, automobiles, and property when they seek for the indictment, but the government falsely

did **mislead the Grand Jury** in obtaining the **Superseding indictment**. *See, U.S. v. Nance Nos. 75-1755, 75-1865. (1976),* Defendant were convicted in the District Court for the District of Columbia of wire fraud and ten counts of obtaining something of value by false pretenses and intent to defraud and they appealed.

The Court of Appeals held that, absent any allegation whatsoever, in the indictment as to what the false pretenses were, the indictment was defective and should have been dismissed on timely objection. That United States Attorney did not have authority to insert the vital allegations by means of bill of particulars; and that sentence on the wire fraud conviction, which remained standing, would be remanded. *See, U.S. v. Glick, 142 F.3d 520, 523 (2d Cir. 1998)* "defendant can challenge indictment failure to charge with crime because such is a jurisdiction defect that can be raise on appeal despite defendant's failure to preserve it for appeal." *See Bouley v. United States, 523 U.S. 614, 620 (1998)* ("**one of the principle functions of Habeas Corpus is to assure that no man has been incarcerated under a procedure which creates an impermissible large risk that the innocent will be convicted**").

The government may contend that the indictment is in the words of the statute and that timely particulars could have obtained through a timely bill of particulars. *See,* Fed.R.Crim.P. 7(f) of course, they could, but absent any allegation whatsoever in the indictment as to what the false pretenses were, the United States Attorney would have a free hand to insert the vital part of the indictment without reference to the grand jury. The law does not vest him with such authority. Since the indictment is returned by the **Grand Jury** fails to charge an offense under the false pretense statute, such counts should have been dismissed when the objection was timely raised at motions hearing on

March 21, 2007.  Fed.R.Crim.P. 12 (b) (2).  A bill of particulars will not cure a fatally defective indictment in *Russell v. united States, 369 U.S. 749, 770-71, 82 S.Ct. 1038, 1050-51, 8 L.Ed.2d 240, 254-55 (1962)*.

An indictment is not framed to apprise the petitioner "with reasonable certainty, of the nature of the accusation against him is defective although it may follow the language of the statute," in *U.S. v. Simmons, 96 U.S. 360, 362, 24 L.Ed. 819*.  "Absent any allegation whatsoever in indictment, which charged the obtaining of value by false pretenses with intent to defraud, as to what the false pretenses were, the indictment was fatally defective and should have been dismissed upon timely objection;" the "United States Attorney was not vested with authority to insert allegations as to the bill of particulars."  Fed. Rules Crim.Pro.  Rules 7(f), 12 (b) (2), and 18 U.S.C. A. E. § 22-1301 (a).

For government's abuse of discretion standard, the petitioner a prisoner will challenge the condition of his confinement base on civil rights under title 42 U.S.C. A. § 1983 or 28 U.S.C.§ 2241-§ 2255.  *See, Preiser v. Rodriguiz, 411 U.S. 475, 494, 499 (1973)*.  Also, *See, Spencer v. Kenma, 523 U.S. 1, 5 (1998)* "in Custody satisfied as long as petitioner was incarcerated at the time the petition was file Writ of Habeas Corpus for immediate release."

## Dismiss Indictment based on prosecutor's misconduct

### Questions to witnesses

(1) Did the petitioner tell you that he is making $1.8 million dollars?
(2) Did the petitioner is really helping you whenever you have personal problems? (3)
(3) Did the petitioner give back the money that he deducted from your paychecks every month?
(4) Did the petitioner give you in the end of the year a tax return for the money he deducted?

(5) Did the petitioner loan to you some money when you ask?

(6) The Government raised questions that were not in Superseding indictment.

All these question were been asked or raise by the prosecutor to prejudice the jury and to produce a guilty verdict. *See, U.S. v. Flaharty 295 F.3d 182, 202 (2d Cir. 2002)* Court consider whether prosecutors remarks were improper and whether remarks infected trial with unfairness thereby violating defendant's due process. Also, *See, Marshall v. Hendricks, 307 F.3d 36, 63-64 (3d Cir. 2002)* "Court consider whether prosecutor's remarks were improper and then whether defendant due process rights were violated." *See, U.S. v. Higgs, 353 F.3d 281, 330 (4th Cir. 2003) (same). See, U.S. v. Berverly, 369 F.3d 516, 543 (6th Cir. 2003)* (same) *See, U.S. v. Williams, 343 F.3d 423, 437 (5th Cir. 2003)* (same) *See, U.S. v. Mabrook, 301 F.3d 503, 509 (7th Cir. 2004) (same). See, U.S. v. Conrad, 320 F.3 mains 8.*

In re Akube Wuromoni Ndoromo is a citizen of the United Sates of America. The Government knew in re Mr. Ndoromo is a U.S. Citizen. The Government had asked the court to hold in re Mr. Ndoromo's U.S. Passport after the indictment on Feb. 06, 2006. The petitioner turns in his U.S. Passport on Feb. 09, 2006.

On March 26, 2007, the government's opening statement was to assassinate the characters of the petitioner before the Jury can hear or see the evidence in above quotations from the transcripts. Government's claim was that in re Akube Ndoromo is making all his money to take to Sudan (new allegation that was not raised by the indictment). The governments intend was to cause a mistrial. The prosecutor was telling the jury to know that the petitioner have $1.8 million and let the **Petit Jury** not make a mistake of finding in re Akube Ndoromo not guilty because he will take his money to his country. *See, U.S. v. Sherrill, 388 F.3d 535, 538 (6th Cir. 2004)* ("Prosecutor's statement

that, that man is guilty was improper because taken in context, it was prefaced with the government submits"). *See, U.S. v. Smith, 982 F.2d 681, 684 (1st Cir 1993)* ("prosecutor's statement that defendant was guilty was improper because it implied personal belief rather than simply governments position"). *See, Floyd v. Meachum, 907 F.2d 347, 354-55 (2d Cir. 1990)* Prosecutor's request that jury consider prosecutor's own integrity and ethics before deliberating on evidence was improper because credibility "vouch" invited jury to view verdict. *O'Neal v. McAninch, 513 U.S. 432, 442 (1995). Lonchar v. Thomas, 517 U.S. 314, 324 (1996) quoting Ex parte Yerge, 75 U.S. (8 wall.) 85. 95 (1869) 0. See, also **Bousley v. United States, 523 U.S. 614, 620(1998)*** ("**among principle function of habeas corpus is to assure that no man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted.**")

A criminal conviction is not to be lightly overturned on basis of prosecutor's comments alone. The petitioner wants statement must be viewed in context of entire proceedings to determine whether conduct affected fairness of trial or whether there was a case in the first place or if there is any thing in United States Constitution which says the robbed victim like in re Akube Ndoromo must be prosecuted by the robbery. *See, U.S. v. Young 470 U.S. 1, 11-12 (1985).* The prosecutorial misconduct leveling Mr. Ndoromo that he doesn't help his own employees which means he is not good in the community in grand jury and petit jury proceedings was so egregious that it rendered Grand Jury and petit jury proceedings fundamentally unfair in *U.S. v. Nelsonrodriguiz, 319 F.3d 12, 30 (1st Cir. 2003).*

32

The prosecutor's comments about in re Mr. Ndoromo from Sudan, save all his money to bank to take to Sudan, and rift off American's Tax payers money gives rise to constitutional violations; 5th Amendment, and 14th Amendment because in re Mr. Ndoromo is a U.S. Citizen. The prosecutor's comments that the defendant save all his money to bank to take to Sudan is discriminatory and violation of 4th, 5th and 14th Amendments and warrant acquittal. The prosecutor's acts constitute egregious misconduct in violation of defendant's constitutional rights of having a fair trial in *Miranda v. Bennett 322 F.3d 171, 180 (2d Cir. 2003)* and quoting; *Marshall v. Hendricks, 307 F. 3d, 64 (3d Cir. 2002)* ("the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial"). The prosecutorial misconduct bringing Tax report of VSCA 2002 for trial and comments about defendant's former girl friend prejudicially affects in re Mr. Ndoromo's substantive rights in front of jury in *U.S. v. Kennedy, 372 F.3d 686, 696 (4th Cir. 2004).*

The prosecutor's misconduct was so pronounced and persistent that permeates the entire atmosphere of the trial and prejudice the defendant in *Mason v. Mitchel, 320 F.3d 604, 635 (6th Cir. 2003).* Also *See, Simpson v. Jones, 238 F.3d 399, 409 (6th Cir. 2002).* Any prosecutorial misconduct or improper remarks or comments warrant mistrial since the remarks are improper and denies petitioner the right to fair trial in *U.S. v. Mabrook, 301 F.3d 503, 509 (7th Cir. 2002).* "A prosecutor's misconduct will require reversal of court conviction only where the remarks sufficiently infected the trial so as to make it fundamentally unfair, and therefore a denial of due process" in *Cargle v. Mullin, 317 F. 1196, 1220 (10th Cir. 2003).*

The prosecutor's duty in criminal prosecution is to seek justice. As such, the prosecutor should prosecute with earnestness and vigor. But may not use improper

methods calculated to produce a wrongful conviction, if the use of such methods so infects the trial with unfairness as to make the resulting conviction a denial to due process it must justify a mistrial or reversal of conviction. Appellate review of prosecutorial misconduct therefore consist of a two parts test: First, was the prosecutor's conduct actually improper; Second; Did the misconduct, taken in the context of the trial as a whole, violate the defendant's due process rights. Since the prosecutor's misconduct is intended to cause a mistrial then the Double Jeopardy clause must bar further prosecution.

*See, Galarza v. Keane, 252 F.3d 630, 632 (2d Cir 2001)* ("Habeas used to challenge prosecutor's use of peremptory challenge to strike Hispanic individual as due process and equal protection rights violation"). In addition, *See, Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560.*

### In Conclusion

The Government robbed $1.2 million from Mr. Ndoromo, and Government illegally intercepted $375,000 from Mr. Ndoromo and government illegally shut down VSCA business and government allowed Doctor and Nurse to use VSCA Medicaid number illegally for Three years. The Government false misleads the **Grand jury** to obtain the Superseding Indictment and Government mislead the Grand Jury that they never seized cars and the Government falsely misleads the **Petit Jury** to obtain conviction, and the government mislead the Petit Jury that the Government seized one car only. The District Court influences the government to mislead the **Petit Jury**.

The District Court also misleads the **petit jury**. The Government and District Court mislead the private citizens into understanding that there was crime committed by the victim, but it was the government who committed the crime and cover up by the District Court. That is why absent justice from United States Court of Appeals for the District of Columbia Circuit it will be a miscarriage of the constitution.

However, *See,* Rule 33 at 131 ALR 187, Power of trial Court to Dismiss Defendant in Criminal Case for Insufficiency of Evidence after submitting case to Jury or after Verdict of guilty.  At 17 ALR 910, Power, and Duty of Court to Direct or Advise Acquittal in Criminal case for Insufficiency of Evidence.  At 10 ALR 982, Sufficiency of indictment as affected by bill of Particulars the Court's Duty to dismiss the indictment, but the District Judge for the District of Columbia didn't used his jurisdiction.  In addition, the District Judge have no Jurisdiction to hold in re Mr. Ndoromo unconstitutionally for 15 months.

**Wherefore**, the prosecutor's duty in criminal prosecution is to seek justice.  As such, the prosecutor should prosecute with earnestness and vigor.  However, may not use improper methods calculated to produce a wrongful conviction.  The functions of the Courts, at all levels, are to interpret the laws of their jurisdictions and to conduct or review trial proceedings to ensure fairness, equal protection, and due process of law. A defense lawyer is a representative of clients, an office of the legal system and a public citizen having special responsibility for the quality of Justice.  In re Akube Ndoromo is a VICTIM of his success.  This is why this PETITION WILL BE GRANTED AND THIS CASE WILL BE DISMISSED.

*Pro se*

Date 06/24/2008

**Akube W. Ndoromo**
DC #309364
CCA/CTF Prison
1901 E Street SE
Washington, DC 20003

35

*Shame'Ka C. Bivens*

SHAME'KA C. BIVENS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 30, 2011

**NOTARY PUBLIC:**

**I hereby, satisfy under penalty of perjury that on going Complaint is true to the best of my knowledge.**

36