## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 06-019 (EGS) |
| | : | |
| v. | : | |
| | : | |
| AKIUBER NDORMOMO JAMES, | : | |
| | : | |
| Defendant. | : | |

### ORDER OF FORFEITURE AS TO VEHICLES

WHEREAS, on April 2, 2007, a jury found the defendant guilty of twenty counts of a 26-count Superceding Indictment, specifically: Count One (health care fraud), in violation of Title 18, United States Code, Section 1347; Counts Six through Sixteen (false statements relating to health care matters), in violation of Title 18, United States Code, Section 1035(a)(2); and Counts Nineteen through Twenty-Six (money laundering), in violation of Title 18 U.S.C. § 1957.

WHEREAS, the Superseding Indictment also alleged the forfeiture of certain property, one dark blue/green 2004 Land Rover Discovery II, VIN: SALTR19434A829815, and one blue 2001 Chevrolet 3500 Express van, VIN: 1GAHG39R211120100 ("Subject Property"), which property is subject to forfeiture, pursuant to Title 18, United States Code, Section 982(a)(7), as property constituting, derived from, directly or indirectly, from gross proceeds traceable to the commission of a health care fraud scheme.

WHEREAS, the Superseding Indictment also alleged the forfeiture of the Subject Property pursuant to Title 18, United States Code, Section 982(a)(1), as property involved in or traceable to such property involved in money laundering.

WHEREAS, pursuant to Fed.R.Crim.P. 32.2(b)(4), the jury determined that based on the evidence set forth during the defendant's trial, that the government established that the Subject

Property was forfeitable pursuant to Title 18, United States Code, Sections 982(a)(7) and 982(a)(1), and that the Government has established the requisite connection between the Subject Property and the violations of Title 18, United States Code, Sections 1347 and 1957;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the following Subject Property is declared forfeited to the United States, pursuant to Title 18, United States Code, Sections 982(a)(7) and 982(a)(1):

**PERSONAL PROPERTY**

**One dark blue/green 2004 Land Rover Discovery II, VIN: SALTR19434A829815; and**

**One blue 2001 Chevrolet 3500 Express van, VIN: 1GAHG39R211120100,**

which represent property constituting, or derived from, gross proceeds obtained, directly or indirectly, as a result of health care fraud scheme, in violation of Title 18, United States Code, Section 1347; and which represent property involved in money laundering, in violation of Title 18, United States Code, Section 1957.

2. The United States may publish notice of the Order and its intent to dispose of the Subject Property in such a manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to allege an interest in the Subject Property. Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of this Consent Order of Forfeiture, pursuant to 18 U.S.C. § 982 (incorporating 21 U.S.C. § 853).

3. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

4. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

5. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853 for the filing of third party petitions.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8.  The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Ellen Chubin Epstein, United States Attorney's Office, 555 Fourth Street, NW, Washington, D.C.  20530.

Dated this _____ day of _____, 2008.


_____
EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE